UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

BERLINER, CORCORAN & ROWE, L.L.P.,
1101 17th Street, N.W.
Suite 1100
Washington, D.C. 20036-4798,

      Plaintiff,

   - against -

MORDECHAI ORIAN and
GLOBAL HORIZONS, INC.,
11111 Santa Monica Boulevard, Suite 1440
Los Angeles, California 90025-3348

      Defendant.

Case No.

---

## VERIFIED COMPLAINT FOR DAMAGES

  Plaintiff Berliner, Corcoran & Rowe, L.L.P. ("BCR"), *pro se*, as and for its verified complaint for damages against Mordechai Orian and Global Horizons, Inc., jointly and severally, alleges:

### PARTIES

  1. Plaintiff BCR is a limited liability law partnership organized under the laws of, and having its principal place of business in, the District of Columbia.

  2. Defendant Mordechai Orian ("Orian") is a natural person who is, and at all times relevant to these causes of action was, a citizen of Israel living as a permanent resident of the United States in the State of California.

3. Defendant Global Horizons, Inc., is a for-profit corporation organized and incorporated under the laws of the State of California, and maintains its principal place of business in Los Angeles, California. Orian is President and part owner of Global.

## JURISDICTION

4. As averred in detail below, the matter in controversy between the parties substantially exceeds $75,000, exclusive of interest and costs.

5. BCR is a citizen of the District of Columbia, and Orian and Global are both citizens of California. There is therefore complete diversity of citizenship between the parties to this action.

6. By virtue of the foregoing facts, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1).

## VENUE

7. As averred in detail below, the events or omissions giving rise to BCR's claims asserted herein involve Orian's and Global's failure to pay BCR for the legal services performed for them and for the reimbursable expenses incurred on their behalf, all at their request, in the District of Columbia.

8. BCR's claims for relief arise out of Orian's and Global's transaction of business with BCR in the District of Columbia, *to wit*, Orian's and Global's engagement of BCR to perform legal services performed for them and incur reimbursable expenses on their behalf in the District of Columbia.

9. Orian and Global are therefore subject to personal jurisdiction in the District of Columbia pursuant to D.C. Code Ann. § 13-423(a)(1) (Lexis Nexis 2001).

10. By virtue of the foregoing facts, venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391(a).

## ALLEGATIONS COMMON TO ALL COUNTS

11. On or about April 14, 2005, Orian and Global engaged BCR, through attorneys in its offices in Washington, D.C., to render legal services to Orian and Global. In connection with such engagement, Orian and Global paid BCR and initial retainer amount of $5,000.

12. In early November 2005, Orian and Global returned to BCR and requested that BCR render legal services to Orian and Global by taking over as counsel of record their defense against administrative proceedings commenced against each of them on or about March 11 and March 29, 2005, respectively, in the United States Department of Labor, Office of Administrative Law Judges, San Francisco District Office, to wit, *In the Matter of Global Horizons, Inc., and Mordechai Orian*, Case Nos. 2005-TLC-00006 and 2005-TAE-00001 (the "Administrative Proceedings").

13. After making a preliminary evaluation of the Administrative Proceedings, BCR concluded that the defense of Orian and Global would require significant legal resources which might engender an average cost to Orian and Global of $70,000 per month. Orian assured BCR that he possessed considerable personal wealth (including ownership of substantial real estate holdings in the United States and abroad), and that Global was a highly profitable

3

corporation which commanded annual revenues in excess of $30 million. Orian further assured BCR that Orian and Global could manage legal bills at the level predicted by BCR, and that Orian and Global would pay BCR's invoices currently.

14. Orian's and Global's new engagement of BCR to assume responsibility for the defense of the Administrative Proceedings was memorialized in a written engagement agreement, dated November 14, 2005, a copy of which is attached hereto and incorporated by reference herein as Exhibit 1 ("Engagement Agreement"). Orian executed the Engagement Agreement both in his capacity as President of Global and in his individual capacity, that is, "personally." In accordance with the understandings memorialized in the Engagement Agreement, Orian and Global supplemented the initial $5,000 retainer amount by $15,000, which brought the total retainer amount paid by Orian and Global to $20,000.

15. All of Orian's and Global's communications with BCR (other than face-to-face meetings, all of which, except an initial April 2005 introductory meeting, occurred in Orian's and Global's offices in Los Angeles, California), were made by regular mail, overnight deliveries, telephone calls and electronic mail messages sent by Orian and Global to BCR's offices in Washington, D.C., between approximately April 14, 2005 through August 22, 2006.

16. Orian's and Global's engagement of BCR, as memorialized in the Engagement Agreement, was a contract pursuant to which Orian and Global agreed to pay for BCR's legal services at the hourly rates of the attorneys who performed legal services for them and to reimburse BCR for expenses incurred in their behalf in connection with the representation.

17. In furtherance of Orian's and Global's engagement of BCR which began in earnest in November 2005, BCR performed legal services for Orian and Global and incurred

reimbursable expenses in his and its behalf beginning on or about November 7, 2005, and continuing through June 20, 2006.

18.  Once each month beginning December 6, 2005, and continuing through July 7, 2006, BCR rendered an account to Orian and Global for the legal services it performed for each of them and for the reimbursable expenses it incurred on Orian's and Global's behalf during the previous month.

19.  BCR rendered each of these accounts by sending them to Orian and Global by first-class mail, postage prepaid, at the Los Angeles, California, address they had given BCR.

20.  Orian and Global received each of BCR's accounts rendered to them.

21.  On December 6, 2005, when BCR rendered its first account to Orian and Global following the execution of the Engagement Agreement, Orian and Global owed BCR $23,961.02 (over and above the initial aggregate retainer amount of $20,000) for legal services performed for each of them and reimbursable expenses incurred on their behalf through November 30, 2005.

22.  When BCR rendered an account to Orian and Global on June 14, 2006, Orian and Global owed BCR $163,376.11 for legal services performed for each of them and reimbursable expenses incurred on their behalf through May 31, 2006.

23.  Between June 6 and June 20, 2006, inclusive, BCR consulted with Orian and Global numerous times about the status of the Administrative Proceedings and their continuing failure to pay their significantly unpaid and overdue account with BCR in full. As a result of these discussions, and with Orian's and Global's informed consent, on June 21, 2006, BCR withdrew as counsel of record for Orian and Global in the Administrative Proceedings.

24. On or about July 7, 2006, BCR rendered a final account to Orian and Global (copy attached hereto as Exhibit 2), which states that they owe BCR $177,138.36 for legal services performed for each of them and reimbursable expenses incurred on their behalf through June 30, 2006.

25. All of the $177,138.36 due and owing by Orian and Global to BCR reflected in the July 7, 2006, final account is more than 30 days overdue.

26. Besides the $20,000 retainer payment, since November 14, 2005, Orian and Global have made four payments totaling $133,961.02 to reduce their aggregate indebtedness to BCR of $331,099.38. Thus, to date, Orian and Global have paid BCR a total of $153,961.02, leaving an unpaid balance as of July 7, 2006 of $177,138.36.

27. Orian and Global have each failed to object to any of the statements of their account with BCR.

28. Early in the representation, Orian and Global began falling behind on their payment obligations to BCR under the Engagement Agreement. BCR repeatedly expressed concern to Orian and Global about the worsening payment situation. Orian and Global induced BCR to continue working by providing BCR with unqualified assurances that they would pay all BCR invoices in full as soon as possible. Such unqualified assurances were provided by Orian and Global at numerous times, including on the following dates: February 23, 2006; March 7, 23 and 29, 2006; May 3, 10, 22 and 24, 2006; July 7 and 17, 2006; and, August 16, 2006.

29. To date, Orian and Global have failed to pay any portion of their account as stated in July 7, 2006, statement, despite BCR's repeated demands for payment.

30. The Engagement Agreement permits BCR to charge Orian and Global interest at a rate of 1.5 percent per each month that the balance due on a given account is more than 30 days overdue.

31. As per the Engagement Agreement, Orian and Global owe BCR $14,822.32 in aggregate interest on the principal balances of attorneys' fees and reimbursable expenses stated for the previous month in each of the eight accounts rendered to Orian and Global that remained at any time more than 30 days overdue. The methodology employed for calculating the foregoing aggregate interest amount is contained in the Declaration of Antonia Browning Smiley, CPA, which is attached hereto as Exhibit 3.

32. As per the Engagement Agreement, Orian and Global owe BCR in fees, reimbursable expenses and interest through August 31, 2006 $191,960.68.

## COUNT I
### (Breach of Contract)

33. Plaintiff repeats each and every allegation contained in paragraphs 1 through 32 as if set forth herein.

34. BCR fully performed its obligations under the Engagement Agreement.

35. Orian and Global breached the Engagement Agreement by failing to pay BCR $177,138.36 due and owing for legal services performed for Orian and Global and for reimbursable expenses incurred in their behalf through June 30, 2006, despite BCR's repeated demands for payment.

36. By reason of the foregoing BCR has suffered damages in the amount of $177,138.36 plus interest.

## COUNT II
### (Failure to Pay Accounts Stated)

37. Plaintiff repeats each and every allegation contained in paragraphs 1 through 36 as if set forth herein.

38. Since at least December 6, 2005, BCR, on the one hand, and Orian and Global jointly and severally, on the other hand, have stood in relation to each other as creditor and joint debtors.

39. Orian's and Global's retention of the accounts rendered by BCR from December 2005 through July 2006 for a reasonable time without objection transformed them into accounts stated.

40. By reason of Orian's and Global's failure to pay the accounts stated, BCR has suffered damages in the amount of $177,138.36 plus interest.

## COUNT III
### (*Quantum Meruit*)

41. Plaintiff repeats each and every allegation contained in paragraphs 1 through 40 as if set forth herein.

42. Through June 30, 2006, and at Orian's and Global's request, BCR performed for Orian and Global valuable legal services having a fair and reasonable value of $177,138.36.

43.   Orian and Global accepted, used, and enjoyed BCR's legal services under circumstances giving them reasonable notice that BCR expected to be paid by them for performing such services.

44.   To date, despite BCR's repeated demands, Orian and Global have failed to pay BCR for the fair and reasonable value of its legal services.

45.   By Orian's and Global's acceptance, use, and enjoyment of BCR's legal services without paying for them, BCR has suffered damages in the amount of $177,138.36 plus interest.

WHEREFORE BCR demands judgment against Orian and Global, jointly and severally, in the amount of $191,960.68 together with pre-judgment interest thereon through the date of entry of judgment and post-judgment interest on the judgment amount as allowed by law and the Engagement Agreement, the costs of this action, and such other and further relief as to the Court seems just and proper.

Dated: Washington, D.C.
       August 31, 2006

                                            BERLINER, CORCORAN & ROWE, L.L.P.

                                            *Pro se*

By: /s/ Thomas Wilson
                                            Thomas E. Wilson
                                                D.C. Bar No. 132704
                                            Jason A. McClurg
                                                D.C. Bar No. 491172

                                            1101 17th Street, N.W.
                                            Suite 1100

Washington, D.C. 20036-4798
Telephone: (202) 293-5555
Fax: (202) 293-9035
E-mail: twilson@bcr-dc.com
jam@bcr-dc.com

# VERIFICATION

**DISTRICT OF COLUMBIA**          :          ss.:

        THOMAS E. WILSON, being duly sworn on oath, deposes and says that he is of counsel to Berliner, Corcoran & Rowe, L.L.P., the law firm named as plaintiff in the foregoing Verified Complaint for Damages; that he has read the same and knows the contents thereof; and that it is a true and correct statement of the amount owing by defendants, jointly and severally, to plaintiff, exclusive of all setoffs and just grounds of defense.

/s/ _____
Thomas E. Wilson

Sworn to before me this 31st day of August 2006.

/s/ _____
Bonnie V. Jones
Notary Public

My Commission Expires:   May 14, 2007