UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| _____ ) | |
| BERLINER, CORCORAN & ROWE, L.L.P., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| MORDECHAI ORIAN ) | Case No. 1:06-CV-01543(CKK) |
| ) | |
| 23458 W. Moon Shadows Dr. ) | |
| Malibu, CA 90265 ) | |
| ) | |
| *and* ) | |
| ) | |
| GLOBAL HORIZONS, INC. ) | |
| ) | |
| 1111 Santa Monica Blvd. ) | |
| Suite 1440 ) | |
| Los Angeles, CA 90025-3348, ) | |
| ) | |
| *Defendants*. ) | |
| _____) | |

## DEFENDANTS' ANSWER, COUNTERCLAIMS, AND JURY DEMAND

Defendants Mordechai Orian ("Mr. Orian") and Global Horizons, Inc. ("Global Horizons") (collectively, "Defendants"), through their undersigned attorneys, hereby answer the Verified Complaint ("Complaint") filed by Plaintiff Berliner, Corcoran & Rowes ("BCR" or "Plaintiff") as follows:

## PARTIES

1.      Answering Paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

2.      Answering Paragraph 2 of the Complaint, Defendants admit that Mr. Orian is a natural person and is a citizen of Israel.  Defendants deny each and every other allegation contained therein.

3.      Answering Paragraph 3 of the Complaint, Defendants admit that Global Horizons is a for-profit corporation organized and incorporated under the laws of the State of California, that Global Horizons maintains its principal place of business in Los Angeles, California, and that Mr. Orian is a part owner of Global Horizons.  Defendants deny each and every other allegation contained therein.

## JURISDICTION

4.      Answering Paragraph 4 of the Complaint, Defendants admit that Plaintiff's Complaint avers a matter in controversy in excess of $75,000.  Defendants deny each and every other allegation contained therein.

5.      Answering Paragraph 5 of the Complaint, Defendants admit that Mr. Orian and Global Horizons are citizens of California.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in said paragraph, and on that basis, deny each and every other allegation contained therein.

6.      Answering Paragraph 6 of the Complaint, Paragraph 6 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

**VENUE**

7.      Answering Paragraph 7 of the Complaint, Defendants deny each and every allegation contained therein.

8.      Answering Paragraph 8 of the Complaint, Defendants admit that Plaintiff was engaged to perform legal services on behalf of Global Horizons.  Defendants deny each and every other allegation contained therein.

9.      Answering Paragraph 9 of the Complaint, Paragraph 9 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

10.      Answering Paragraph 10 of the Complaint, Paragraph 10 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

**ALLEGATIONS COMMON TO ALL COUNTS**

11.      Answering Paragraph 11 of the Complaint, Defendants admit that Global Horizons retained Plaintiff to render legal services to Global Horizons and that Global Horizons paid a $5,000.00 retainer to Plaintiff.  Defendants deny each and every other allegation contained therein.

12.      Answering Paragraph 12 of the Complaint, Defendants admit that Global Horizons requested that Plaintiff represent Defendants in an administrative proceeding brought

by the United States Department of Labor (the "Department of Labor") against Defendants. Defendants deny each and every other allegation contained therein.

13.    Answering Paragraph 13 of the Complaint, Defendants deny each and every allegation contained therein.

14.    Answering Paragraph 14 of the Complaint, Defendants admit that a letter dated November 14, 2005, is attached as Exhibit 1 to the Complaint, that the letter speaks for itself, and that Global Horizons paid Plaintiff an additional $15,000.  Defendants deny each and every other allegation contained therein.

15.    Answering Paragraph 15 of the Complaint, admit that Mr. Orian communicated with at least one attorney from BCR by telephone, email, and mail, and that Mr. Orian met with at least one attorney from BCR in person on more than one occasion in Los Angeles, California. Defendants deny each and every other allegation contained therein.

16.    Answering Paragraph 16 of the Complaint, Defendants admit that the letter attached as Exhibit 1 to the Complaint speaks for itself.  Defendants deny each and every other allegation contained therein.

17.    Answering Paragraph 17 of the Complaint, Defendants deny each and every allegation contained therein.

18.    Answering Paragraph 18 of the Complaint, Defendants admit that Global Horizons received bills from Plaintiff for purported legal services and expenses.  Defendants deny each and every other allegation contained therein.

19.    Answering Paragraph 19 of the Complaint, Defendants admit that Global Horizon received bills from Plaintiff.  Defendants deny each and every other allegation contained therein.

20.     Answering Paragraph 20 of the Complaint, Defendants admit that Global Horizon received bills from Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in said paragraph, and on that basis, deny each and every other allegation contained therein.

21.     Answering Paragraph 21 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

22.     Answering Paragraph 22 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

23.     Answering Paragraph 23 of the Complaint, Defendants admit that Plaintiff withdrew as counsel of record in the administrative proceeding brought by the Department of Labor.  Defendants deny each and every other allegation contained therein.

24.     Answering Paragraph 24 of the Complaint, Defendants admit that Global Horizons received a bill that is attached as Exhibit 2 to the Complaint, and that Exhibit 2 is a document that speaks for itself.  Defendants deny each and every allegation contained therein.

25.     Answering Paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

26.     Answering Paragraph 26 of the Complaint, Defendants admit that Global Horizons has paid Plaintiff payments totaling approximately $153,961.02.  Defendants deny each and every other allegation contained therein.

27.    Answering Paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

28.    Answering Paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein.

29.    Answering Paragraph 29 of the Complaint, Defendants deny each and every allegation contained therein.

30.    Answering Paragraph 30 of the Complaint, Defendants admit that the letter attached as Exhibit 1 to the Complaint is a document that speaks for itself.  Defendants deny each and every other allegation contained therein.

31.    Answering Paragraph 31 of the Complaint, Defendants admit that a Declaration of Antonia Browning Smiley is attached as Exhibit 3 to the Complaint and that the document speaks for itself.  Defendants deny each and every other allegation contained therein.

32.    Answering Paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein.

### COUNT I
### (Breach of Contract)

33.    Answering Paragraph 33 of the Complaint, Defendants incorporate their responses to paragraphs 1 though 32 as if fully set forth herein.

34.    Answering Paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

35.    Answering Paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein.

36.    Answering Paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT II
### (Failure to Pay Accounts Stated)

37.    Answering Paragraph 37 of the Complaint, Defendants incorporate their responses to paragraphs 1 though 36 as if fully set forth herein.

38.    Answering Paragraph 38 of the Complaint, Defendants deny each and every allegation contained therein.

39.    Answering Paragraph 39 of the Complaint, Defendants deny each and every allegation contained therein.

40.    Answering Paragraph 40 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT III
### (Quantum Meruit)

41.    Answering Paragraph 41 of the Complaint, Defendants deny each and every allegation contained therein.

42.    Answering Paragraph 42 of the Complaint, Defendants deny each and every allegation contained therein.

43.    Answering Paragraph 43 of the Complaint, Defendants deny each and every allegation contained therein.

44.    Answering Paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein.

45.    Answering Paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

WHEREFOR CLAUSE

The WHEREFOR Clause contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in that clause.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses to the Complaint and reserve the right to supplement, alter, and amend their Answer and affirmative defenses upon the revelation of more definite facts by Plaintiff or upon the discovery of and/or investigation into the matter at issue.

FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff has failed to state claims upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE
(Lack of Jurisdiction)

This Court does not have personal jurisdiction over Defendants.

THIRD AFFIRMATIVE DEFENSE
(Improper Venue)

This Court is an improper venue for this action.

FOURTH AFFIRMATIVE DEFENSE
(Insufficiency of Service of Process)

The service of process on Defendants was insufficient, legally inadequate, and improper.

### FIFTH AFFIRMATIVE DEFENSE
#### (Accord and Satisfaction)

To the extent any agreement arose between Plaintiff and Global Horizons, Global

Horizons' final payment to Plaintiff represents an accord and satisfaction of any amount of

money owed under that agreement or otherwise.

### SIXTH AFFIRMATIVE DEFENSE
#### (Fraud and Misrepresentation)

To the extent any agreement formed, it was the product of fraud and misrepresentation

and therefore unenforceable.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Lack of Consideration)

No agreement was formed because of a lack of consideration by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Statute of Frauds)

To the extent that Plaintiff relied on an alleged oral contract, such contract violates the

statute of frauds and therefore is not cognizable.

### NINTH AFFIRMATIVE DEFENSE
#### (Unclean Hands)

Plaintiff is guilty of unclean hands and, in equity, cannot recover against Defendants.

## COUNTERCLAIMS AND JURY DEMAND

Defendants Morechai Orian ("Mr. Orian") and Global Horizons, Inc. ("Global Horizons") (collectively, "Defendants"), based on information and belief, hereby allege:

### Mr. Orian's Retention of Mr. Wilson's Services

1.      Global Horizons is in the business of hiring foreign workers to perform essential agricultural services for U.S. employers who need temporary and immediate workers.

2.      In or about 2004, the Department of Labor filed an administrative proceeding against Global Horizons and Mr. Orian alleging that Defendants had violated certain labor laws in its hiring and/or transfer of certain employees and seeking to revoke the license that enabled Global Horizons to conduct its business (the "DOL Proceeding").

3.      Defendants retained a law firm to represent them in the DOL Proceeding.  After some months, Defendants and the law firm amicably decided that the law firm would withdraw from representing Defendants in the DOL Proceeding.  One of the individuals involved in the case recommended that Defendants retain the services of Thomas Wilson ("Mr. Wilson"), an "Of Counsel" attorney at BCR.

4.      Shortly thereafter, Mr. Wilson contacted Mr. Orian and invited him to meet Mr. Wilson in Washington, D.C.

5.      On or about April 15, 2005, Mr. Orian met with Mr. Wilson at Mr. Wilson's office in Washington, D.C.  Mr. Wilson asked Mr. Orian how much he had been paying on a monthly basis for legal representation in the DOL Proceeding.  Mr. Orian stated that Global Horizons had been paying between $15,000 to $20,000 each month for a legal defense in the DOL Proceeding, and that Global Horizons could afford to continue paying that amount.

6.      In response, Mr. Wilson stated that if that he would represent Defendants in the DOL Proceeding for an amount that would not exceed $15,000 to $20,000 each month, but that the total cost of Mr. Wilson's services in bringing the case to a resolution would not exceed $200,000 to $250,000.

7.      Mr. Orian and Mr. Wilson did not discuss at any time whether Mr. Orian would accept personal responsibility for the costs of legal fees and/or expenses.  Mr. Orian has never agreed to accept personal responsibility for the costs of legal fees and/or expenses.

8.      On or about April 15, 2005, Global Horizons made a first payment to BCR of $5,000.

9.      In November 2005, Mr. Wilson sent Global Horizons a letter purporting to set forth the terms of Mr. Wilson's engagement.  Mr. Orian countersigned the letter on or about November 18, 2005.  A copy of that letter is attached to the Complaint as Exhibit 1.

10.     The letter states that BCR required a retainer of $20,000 each month.  Defendants reasonably believed that the retainer amount reflected the maximum monthly rate that Mr. Orian had agreed that Global Horizons would pay.  The letter states that the retainer must be replenished monthly, but that "[i]f any portion of the retainer amount remains unexpended at the end of our work, we will return the balance promptly."  The letter does not state that Global Horizons would be expected to pay more than $20,000 each month.

11.     Global Horizons paid BCR the additional amount of $15,000 that was requested in the letter to provide a monthly total retainer amount of $20,000.

12.     Mr. Orian never entered into any personal agreement with Plaintiff.  The only agreement that Mr. Orian made was on behalf of Global Horizons.

**Objections to Excessive Fees**

13.    Global Horizons received the first bill from Plaintiff in or about December 2005. Mr. Orian was shocked that the amount of the bill exceeded the $20,000 cap that he had discussed and agreed to with Mr. Wilson.

14.    Mr. Orian immediately contacted Mr. Wilson and expressed his concern over the excessive monthly bill.  Mr. Wilson directed Mr. Orian to make a partial payment and assured him that the rest would be worked out later.

15.    As the fees continued to increase over the next couple of months, Mr. Orian continued to object to the amount.  Mr. Orian identified matters listed on the bills that he believed were excessive and informed Mr. Wilson of Global Horizon's unwillingness to pay. Mr. Wilson again directed Mr. Orian to continue to make partial payments and made assurances that the matter would be worked out at a later time.

16.    Ultimately, Plaintiff issued bills to Global Horizons that exceeded $300,000.

**Inadequate Performance in General**

17.    During the course of his representation, Mr. Wilson failed to display competent lawyering skills.

18.    When Mr. Orian first retained BCR, he asked Mr. Wilson to seek the dismissal of Mr. Orian in his personal capacity from the DOL Proceeding.  Mr. Wilson assured Mr. Orian that he would do so.

19.    Mr. Wilson never sought the dismissal of Mr. Orian in his personal capacity and never informed Mr. Orian of the reason for his inaction.

20.    The factual and legal background of the DOL Proceeding was complex. Nonetheless, at hearings and depositions, Mr. Wilson appeared unprepared and lacking a basic understanding of the facts of the case.

21.    Mr. Wilson never pursued a strong legal defense that Mr. Orian urged him to pursue from the beginning of the case.  The Department of Labor accused Defendants of engaging in conduct that violated certain labor laws.  Mr. Orian explained to Mr. Wilson that the alleged conduct was done in compliance with a specific federal statute.  Mr. Wilson did not pursue this legal defense and did not advise Mr. Orian why he failed to do so.

22.    Mr. Wilson failed to keep Defendants apprised of the legal developments in the DOL Proceeding.

23.    Plaintiff charged excessive fees for his services, including for incidents such as travel and meals, for exaggerated time spent in meetings and conversations with other lawyers who reported spending less time in such meetings and conversations, and for services that Mr. Wilson failed to provide competently.

### Inadequate Performance in Responding to a Settlement Offer

24.    In the spring of 2006, Mr. Wilson pressured Mr. Orian to accept a settlement offer from the Department of Labor.   As part of the proffered settlement agreement, Global Horizons would be put out of business.

25.    In good conscience, Mr. Orian believed that the settlement agreement was neither fair nor appropriate because  Mr. Wilson had not adequately presented the entire facts and legal defenses.  Mr. Orian informed Mr. Wilson that Global Horizons wanted to reject the settlement.

26.     Mr. Wilson was upset by Mr. Orian's decision.  Mr. Wilson stated that Mr. Orian's decision would result in criminal liability and that large fines would be assessed against Mr. Orian and Global Horizons.  Mr. Wilson did not communicate this information as advice. Rather, Mr. Wilson placed enormous pressure on Mr. Orian to accept the terms of the settlement agreement and informed Mr. Orian that no alternatives existed.

27.     While Mr. Orian was considering the settlement offer but before he had made any decision, on or about May 22, 2006, the Department of Labor issued a press release falsely announcing that the administrative judge had found Defendants liable for numerous labor and immigration violations.

28.     This press release contained numerous factual errors, yet was published in newspapers across the nation.  Mr. Orian asked Mr. Wilson to seek a retraction from the Department of Labor of its erroneous press release.  Mr. Wilson refused to help Mr. Orian, and instead informed Mr. Orian that he must go forward with the settlement.

29.     As a result of the false press release, Global Horizons has lost existing and potential business.  For example, a consulate officer who read the article in Hawaii relied on the false press release to refuse to process Global Horizons' applications to obtain immigration visas for foreign workers who are seeking lawful employment.  Similarly, an opposing party in an unrelated litigation action in the Central District of California submitted the press release to the court as evidence that Global Horizons engaged in labor violations.

30.     Mr. Orian informed Mr. Wilson that Global Horizons disapproved of and was unhappy with Mr. Wilson's inability or unwillingness to assist Global Horizons with the crisis caused by the false press release.

31.    Shortly thereafter, Global Horizons and Mr. Wilson terminated their business relationship.  Mr. Orian and Mr. Wilson continued to discuss their disagreement with the fees that Mr. Wilson had charged to Global Horizons.

32.    Mr. Orian hired a different law firm to represent him in the ongoing DOL Proceeding.

## FIRST COUNTERCLAIM
### (Breach of Contract)

33.    Defendants reallege and incorporate by reference the preceding paragraphs.

34.    On or about April 15, 2005, Global Horizons and Plaintiff entered into an agreement by which Plaintiff agreed to provide Defendants with legal services that would not exceed more than $15,000 to $20,000 per month, and totaling no more than $200,000 to $250,000, to competently represent Defendants in the DOL Proceeding and bring the proceeding to a resolution.

35.    Global Horizons performed all conditions of the contract.

36.    Plaintiff breached this agreement by failing to provide reasonably competent representation to Defendants.  Plaintiff failed to pursue legal defenses, adequate prepare the case, and competently advocate Defendants' position.  Plaintiff also failed to respond to the false press release that announced that Defendants were found liable for an action that had not been resolved.

37.    Plaintiff also breached this agreement by knowingly and willingly charging fees in excess of the agreed upon maximum monthly rate of $15,000 to $20,000 and knowingly and

willingly charging fees in excess of the agreed upon total rate of $200,000 to $250,000 for resolving the case.

38.    As a result of Plaintiff's breaches, Defendants have suffered and will continue to suffer damages, including but not limited to the costs of retaining other counsel to properly present a defense in the DOL Proceeding.  In addition, Defendants have suffered and will continue to suffer damage to its business relationships, reputation, good will, lost business opportunities and lost profits arising from Plaintiff's failure to properly represent them in the DOL Proceeding.  Defendants also have suffered and will continue to suffer damage to their business relationships, reputation, good will, and lost business opportunities arising from Plaintiff's false allegation that Defendants did not fulfill its contractual obligations to Plaintiff.

<u>SECOND COUNTERCLAIM</u>
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

39.    Defendants reallege and incorporate by reference the preceding paragraphs.

40.    On or about April 15, 2005, Global Horizon and Plaintiff entered into an agreement under which Plaintiff agreed to provide Defendants with legal services.

41.    This agreement gave rise to Plaintiff's duty to act fairly and in good faith with respect to meeting its obligations under such agreement.  Implied in the agreement is Plaintiff's obligation to act fairly and in good faith with Defendants and to refrain from depriving Defendants of the benefit of the agreement.

42.    Plaintiff has breached the implied covenant of good faith and fair dealing by, among other things:

a.  Failing to provide competent legal services to Defendants, including but not
limited to failing to present proper and good faith legal defenses, failing to
become adequately familiarized with the facts of the case before representing
Defendants at hearings and deposition, and failing to properly advise Defendants
of legal developments and consequences in their case;

b.  Failing to charge fair compensation for BCR's services, including but not limited
to charging excessive fees for incidents such as travel and meals, exaggerating
time spent in meetings and conversations with other lawyers who reported
spending less time in such meetings and conversations, and charging fees for
services that Plaintiff failed to provide competently;

c.  Charging Global Horizons an amount exceeding $15,000 to $20,000 per month
after Plaintiff represented that $20,000 would be the maximum monthly amount
charged to Global Horizons; and

d.  Charging Global Horizons a total amount for his services exceeding $200,000 to
$250,000 after Plaintiff represented that $200,000 to $250,000 would be the
maximum total amount charged to Global Horizons for bringing the case to a
resolution.

43.  As a result of Plaintiff's breaches, Defendants have been damaged and will
continue to suffer damage to its business reputation, good will, and the loss of business
opportunities and profits they would have made but for Plaintiff's acts, in an amount to be
proven at trial.

## THIRD COUNTERCLAIM
### (Promissory Estoppel)

44.     Defendants reallege and incorporate by reference the preceding paragraphs.

45.     On or about April 15, 2005 Global Horizons and Plaintiff entered into agreement by which Plaintiff agreed to provide Defendants with legal services.

46.     Plaintiff promised Defendants that Plaintiff would not charge Global Horizon more than the monthly amount of $15,000 to $20,000 that Defendants currently paid to its existing lawyers.  Plaintiff also represented that Defendants will not pay more than $200,000 and $250,000 for the entire case to be resolved.

47.     In doing so, Plaintiff knew or should have known that Defendants would be reasonably induced to rely on these assurances and promises that the monthly charges for Plaintiff's services would not exceed $15,000 to $20,000 and that the total cost of representing Defendants would not exceed the amount of $200,000 to $250,000.

48.     Defendants reasonably relied on Plaintiff's promises and assurances, which induced Defendants to hire Plaintiff and not seek alternative representation.

49.     Despite Defendants' repeated demands that Global Horizons not pay more than $15,000 to $20,000 each month and a total amount of nor more than $200,000 to $250,000 to resolve the case, Plaintiff charged Global Horizons more than $20,000 per month and in excess of $250,000 in total without bringing the case to a resolution.

50.     As a result of Plaintiff's refusal to keep its monthly and total costs to the levels it promised, Defendants have suffered, in an amount subject to proof at trial, among other things, damages in the amount of retaining new attorneys to handle the case properly, damages to their business reputation and good will, and damages from the loss of business opportunities and

profits they would have made but for Plaintiff's failure to resolve the DOL Proceedings in an expeditious, competent, and cost-effective manner.

51.    Injustice can be avoided only be enforcing Plaintiff's promises and assurances to charge Global Horizons no more than $20,000 per month for competent legal services.

### FOURTH COUNTERCLAIM
**(Fraud and Misrepresentation)**

52.    Defendants reallege and incorporate by reference the preceding paragraphs.

53.    On or about April 15, 2005, Global Horizons and Plaintiff entered into agreement by which Plaintiff agreed to provide Defendants with legal services.

54.    Plaintiff represented at the time that such agreement was executed by the parties that Plaintiff would provide competent legal services and that Plaintiff would not charge more than $15,000 to $20,000 per month and in total for no more than $200,0000 to $250,000 to resolve the case.

55.    Plaintiff knew at the time it made those representations that those representations were false and misleading.  Plaintiff concealed the facts that it could not provide competent representation in the DOL Proceeding, and that it would charge more than $20,000 per month and more than $200,000 to $250,000 in total for its services.

56.    Plaintiff knew that Global Horizons would rely on those false representations in entering the agreement.  Plaintiff intended to bind Global Horizons to the agreement to the harm and detriment of Defendants.

57.    Defendants reasonably relied on Plaintiff's representations that it would provide competent representation for certain monthly and total amounts.  But for such

misrepresentations, Global Horizons would not have entered into an agreement with Plaintiff to retain its services.

58.    Global Horizons was harmed by Plaintiff's misrepresentations in that Global Horizons has been issued bills for legal fees and costs that exceeded promised amounts and for services that were not reasonably competent.  Defendants also were harmed by Plaintiff's misrepresentations in that, in reliance on those misrepresentations, Defendants did not seek other counsel that would have provided competent legal representation at rates that would not exceed $20,000 per month and $200,000 to $250,000 for the entire case.

59.    Wherefore, Defendants pray that this Court award Defendants damages for their losses for performing under the agreement and for their losses for being unable to retain other lawyers to represent them at a fair market rate and such other relief as this Court may find just.

### FIFTH COUNTERCLAIM
**(Unjust Enrichment)**

60.    Defendants reallege and incorporate by reference the preceding paragraphs.

61.    As a result of the actions of Plaintiff described above, Plaintiff has received and retained money for competent representation that Plaintiff in fact failed to provide to Defendants. Plaintiff has benefited from retaining the principal, interest, and profits that Global Horizons otherwise would have retained but for Plaintiff's misrepresentations that it was providing Global Horizons with competent legal services at a fair market value.

62.    Plaintiff was not entitled to the money, interest, and profits it received from Global Horizons because Plaintiff did not provide competent legal counsel or stay within the promised budget of $20,000 per month or $200,000 to $250,000 in total.

63.    Plaintiff knew, or reasonably should have known, that it received and retained money, interest, and profits rightfully belonging to Global Horizons to which Plaintiff was not entitled.  Plaintiff  acted intentionally, willfully, deliberately, maliciously, and in bad faith to injure Defendants.  Defendants have no adequate remedy at law for many of these injuries.

64.    It would be unjust for Plaintiff to retain the benefits conferred upon it as a result of its failure to provide competent legal services, charging of excessive legal fees, deceptive acts to bind Global Horizons to financial obligations that were not owed, and its continuance of these practices while knowing of the harm it causes Global Horizons.  Global Horizons therefore is entitled to the imposition of a constructive trust of Plaintiff's business, assets, and profits, in an amount determined at trial.

## SIXTH COUNTERCLAIM
### (Legal Malpractice)

65.    Defendants reallege and incorporate by reference the preceding paragraphs.

66.    Global Horizons retained Plaintiff as counsel for Defendants to provide legal services in representing Defendants in an administrative action initiated by the U.S. Department of Labor.  Plaintiff agreed to provide legal representation, and thereafter provided legal representation on behalf of Defendants.

67.    Arising from this client-attorney relationship, Plaintiff had the duty to defend vigorously the rights of Defendants, the duty to protect the client from harm, the duty to provide effective assistance of counsel, and the  duty to charge reasonable fees.

68.    Plaintiff breached its duty to defend by failing to present meritorious defenses, failing to be adequately prepared for each hearing and deposition, failing to advocate for

Defendants' interests, and advising Defendants to accept a settlement offer that would cause the collapse of Global Horizons.

69.    Plaintiff breached the duty to protect the client from harm by failing to present a cognizable legal defense, failing to negotiate a more favorable settlement offer, and failing to redress the harm arising from opposing party's premature and false press release that was published in newspapers across the world.

70.    Plaintiff breached the duty to charge reasonable fees by overcharging the client for services rendered, charging the client for services never performed, and failing to provide the value of the services for which payment was received.

71.    Plaintiff breached its duties to Defendants by failing to provide effective assistance of counsel and competent representation.

72.    But for Plaintiff's acts and omissions, Defendants would have paid for competent representation to present a cognizable and meritorious defense in administrative proceeding that, more likely than not, would have established Defendants' lack of liability for the alleged labor violations.

73.    Defendants have suffered and continue to suffer damages in an amount to be determined at trial arising from Plaintiff's acts and omissions.  Specifically, Defendants have incurred substantial costs in retaining competent counsel to present the defenses that Plaintiff failed to present in the administrative proceedings and to undo the damage arising from Plaintiff's failure to represent Defendants' interests.  Defendants have incurred untold damage to its reputation, good will, lost business opportunities, and lost profits arising from individuals,

who relying on the press release published in newspapers, have refused to continue or enter into business dealings with Defendants.

WHEREFORE, Defendants request that the Court enter judgment in their favor and against Plaintiff on all counterclaims as follows:

A.    An order adjudging and decreeing that Plaintiff has either

      i.    breached the express contract as set forth herein; or

      ii.    committed acts that intended to and in fact induced reasonable reliance for Global Horizons to enter an agreement with Plaintiff as set forth herein;

B.    For profits, compensatory damages, and restitution for Plaintiff's breach of contract and other unlawful acts as alleged herein;

C.    For an accounting and disgorgement to Global Horizons by Plaintiff of all gains realized by it for reason of its unlawful acts as alleged herein;

D.    For exemplary or punitive damages for an amount to be determined at trial;

E.    For reasonable attorneys' fees, costs, and expenses;

F.    For prejudgment interest; and

G.    For all other relief that the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Defendants demand a trial by jury of all issues so triable.

Dated: October 6, 2006                          Respectfully submitted,


                                                /s/ Alyson A. Foster

                                                Alyson A. Foster (D.C. Bar No. 478091)
                                                GILBERT HEINTZ & RANDOLPH LLP
                                                1100 New York Avenue, NW
                                                Suite 700
                                                Washington, DC 20005
                                                Tel: (202) 772-2200
                                                Fax: (202) 772-3333

                                                Kari E. Hong
                                                  (*pro hac application to be filed*)
                                                LAW OFFICES OF KARI E. HONG
                                                320 Southwest Stark Street
                                                Suite 518
                                                Portland, OR 97204
                                                Tel: (503) 242-3500
                                                Fax: (503) 242-3505

                                                *Attorneys for Defendants Mordechai Orian
                                                and Global Horizons, Inc.*