UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERLINER, CORCORAN & ROWE, LLP | : |
| | : |
| *Plaintiff-* | : |
| *Counterclaim Defendant,* | : |
| | : |
| v. | :  Case No.: 1:06-CV-01543(CKK) |
| | : |
| MORDECHAI ORIAN, et al. | : |
| | : |
| *Defendants -* | : |
| *Counterclaimants.* | : |

PLAINTIFF'S INTERROGATORIES
PROPOUNDED TO MORDECHAI ORIAN

  The following Interrogatories are propounded to you in accordance with the Federal Rules of Civil Procedure by Berliner Corcoran & Rowe, LLP. Each Interrogatory must be answered separately, fully, in writing, under oath, and a copy served upon all counsel within thirty (30) days from the date of receipt of these Interrogatories. These discovery requests are continuing in nature, so as to require you to file Supplemental Answers if you obtain further or different information before trial.

  Where the name or identity of a person is requested, please state the full name, current or last known home and business addresses, and current or last known home and business telephone numbers. Unless otherwise indicated, these Interrogatories refer to the incident complained of in the pleadings.

  Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agent, representative, and, unless privileged, counsel for that

party.

As used herein, the term "document" means any written, recorded, or graphic matter of any nature, however produced or reproduced, whether transcribed by hand or by some mechanical, electronic, photographic or other means, and regardless of whether the original is now in existence, and includes the original and all copies or drafts prepared in connection with such document, regardless of the manner in which the copies or drafts were prepared or whether they were ever used, and further includes, but is not limited to: papers; books; records; letters; correspondence; notebooks; bulletins; forms; deposition transcripts; contracts; agreements; certificates; minutes; reports; studies; charts; graphs; maps; analyses; statistical records; ledgers; journals; receipts; canceled checks; statements; videotapes; sound and/or tape recordings; computer disks or tapes; memoranda; photostats; microfilm; microfiche; inter-office or intra-office communications; diaries; calendars; stenographer's notebooks; appointment books; and other papers or matters similar to any of the foregoing, whether received by you or prepared by you for your own use or transmittal. If a document has been prepared in several copies, or additional copies have been made, and the copies are not or are no longer identical, each non-identical copy is a separate "document."

Where you are requested to identify a document, please set forth the type of document (letter, photograph, etc.), the identity of the author, originator or creator, the date authored or created, the identity of each person to whom the original or a copy was addressed or delivered, the identity of each person known or reasonably believed by you to have possession, custody or control of the original, and a brief description of the subject matter of the document, all with sufficient particularity to request its production under Rule 34 of the Federal Rules of Civil

Procedure.

The word "you" shall be construed to mean yourself, your agents, employees, attorneys and all other persons acting on your behalf or on behalf of your agents, employees and attorneys.

The term "BCR" shall be construed to mean Berliner, Corcoran & Rowe, L.L.C., and all of its officers, directors, agents and employees, as well as Thomas Wilson, Esquire.

The term "Administrative Proceedings" shall have the meaning given for that term in paragraph 12 of the Complaint.

Unless otherwise indicated, these discovery requests cover the period from January 1, 2002, through the date of filing the responses thereto.

If you do not answer any discovery request because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support your claim of privilege, and identify all documents for which such privilege is claimed.

As used herein, words of one gender shall include the comparable, appropriate words of each other gender when required to avoid an ambiguity.

\* \* \*

## INTERROGATORIES

1. State your full name, date of birth, Social Security number, marital status; if married, give the name and present address of your spouse. If you have ever used any other names, please list them.

2. With respect to your employment history for the last ten years to date, describe each job you have held, including the name of the employer, the dates the job was held and your job description.

3. If you have ever been indicted or convicted of a felony, crime, offense, or misdemeanor, describe in full each such indictment or conviction.

4. Set forth the total amount that you claim as damages against BCR in the Complaint and your calculations justifying each claim for past, present or future losses or expenses that you contend you will incur as a result of the alleged acts or omissions of BCR. Identify all documents disclosing, relating or referring to such claims or calculations.

5. If you have been a party to any other lawsuit, arbitration or administrative proceeding as a plaintiff, petitioner, claimant, defendant, respondent, appellant or appellee, or in any other capacity, either before or after this lawsuit commenced, please identify the venue where such action, arbitration or proceeding was filed, the docket number, the name of the opposing party, the subject matter of the lawsuit or administrative proceeding, the date of the initial filing and the ultimate resolution.

6. Identify each person who provided information or otherwise consulted or assisted you in connection with providing answers to these Interrogatories, including an identification of the specific Interrogatories for which each such person supplied information or consulted or assisted, the nature of any such consultation or assistance and whether the information supplied was based upon personal knowledge.

7. Identify every person who has personal knowledge of any facts relevant to your claims and/or defenses to this action or lawsuit, and describe briefly the substance of each person's knowledge.

8. Identify all persons who have investigated any of the events described in the Counterclaim or any of the events related to the Administrative Proceedings. Describe the nature

of their investigations and whether or not such persons obtained any signed or recorded statements concerning this occurrence. Identify each such statement, stating particularly from whom it was obtained, when it was obtained and who has custody of it at this time.

9. Identify each and every admission made by BCR and each and every declaration against BCR's interests concerning or relating to the matters set forth in the pleadings in this case. Identify all documents disclosing, relating or referring to such statements.

10. Identify each person, including parties to this lawsuit, whom you expect to call to provide expert testimony at trial, and as to each such person, provide the information specified in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

11. If any interrogatory asks for information that could at some time have been answered by producing, consulting or referring to documents that are no longer in existence, or any document request asks for the production of documents that are no longer in existence, describe each missing document, state the circumstances under which the document ceased to exist, and identify all persons who have knowledge or had knowledge of the document and the contents thereof.

12. Set forth each and every alleged negligent act or omission by BCR that you contend caused you injury. As to each such act or omission specify:

    (a) the injury that allegedly resulted;

    (b) how you contend the act or omission caused the specified injury; and

    (c) identify all documents that discuss, concern or relate to the information provided by you in response to this Interrogatory.

13. With respect to the allegations in paragraph 20 of the Counterclaim, identify each

deposition and hearing at which Mr. Wilson appeared unprepared and/or lacking a basic understanding of the facts of the case. Provide the date and location of the deposition or hearing, the persons present, the facts that support your contention that Mr. Wilson appeared to be unprepared and/or lacking a basic understanding of the facts of the case, and identify all documents that discuss, concern or relate to the information provided by you in response to this Interrogatory.

14. With respect to the allegations in paragraphs 20 of the Counterclaim, identify the "strong legal defense" that Mr. Orian urged Mr. Wilson to pursue. Your answer should include a citation to any statutory provisions or major court opinions that support such defense and a description of all facts that supported the defense. Identify all documents that discuss, concern or relate to the information provided by you in response to this Interrogatory.

15. Describe in detail each and every "legal development" referred to in paragraph 22 of the Counterclaim. Identify all documents that discuss, concern or relate to the information provided by you in response to this Interrogatory.

16. Identify each time entry and/or expense item that you contend was excessive or exaggerated, as alleged in paragraph 23 of the Counterclaim. Identify all documents that discuss, concern or relate to the information provided by you in response to this Interrogatory.

17. Set forth verbatim each sentence in the press release described in paragraphs 27 and 28 of the Counterclaim that contained false statements or factual errors and all facts supporting your contention that the sentence was false or erroneous.

18. Identify the persons referred to in paragraph 29 of the Counterclaim.

19. Identify the law firm described in paragraph 32 of the Counterclaim and describe

the current status of the Administrative Proceedings.

20.    As to paragraph 36 of the Counterclaim, identify the legal defenses that BCR filed to pursue and the Defendants' positions that BCR failed to competently advocate. Identify all documents that discuss, concern or relate to the information provided by you in response to this Interrogatory.

Respectfully submitted,

BERLINER, CORCORAN & ROWE, L.L.P.

By: /s/ Thomas E. Wilson
   Thomas E. Wilson #132704
   Jason A. McClurg #491172
   1101 17th Street, N.W., Suite 1100
   Washington, DC 20036-4798
   (202) 293-5555 – (202) 293-9035 (fax)
   twilson@bcr-dc.com
   Plaintiff, *Pro Se*

JORDAN COYNE & SAVITS, L.L.P.

By: /s/ John Tremain May
   John Tremain May #294199
   1100 Connecticut Ave., N.W., Suite 600
   Washington, D.C. 20036
   (202) 496-2805 – (202) 496-2800 (fax)
   jmay@jocs-law.com
   Attorneys for Berliner, Corcoran & Rowe,
   L.L.P. in defense of the Counterclaim