UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BERLINER, CORCORAN & ROWE, L.L.P.,  )
                                    )
    *Plaintiff and Counter-Defendant,* )
                                    )
    v.                              )
                                    )
MORDECHAI ORIAN et al.,             ) Case No. 1:06-CV-01543(CKK)
                                    )
    *Defendants and Counter-Plaintiffs.* )
_____ )

### DEFENDANTS' RULE 26(a) INITIAL DISCLOSURES

Defendants and Counter-Claim Plaintiffs Global Horizons, Inc. ("Global Horizons") and Mordechai Orian ("Mr. Orian") (collectively, "Defendants"), by and through their undersigned counsel, hereby provide the following information pursuant to Federal Rule of Civil Procedure 26(a)(1) (the "Initial Disclosures")[1]:

### GENERAL STATEMENT

Defendants have made a good faith effort to comply with their initial disclosure obligations under Rule 26(a)(1), and the Initial Disclosures contained herein are based on the best information available to Defendants as of the date of the filing of this document. Defendants do not represent that these Initial Disclosures identify each and every individual, document, electronically stored information, or tangible thing that may support Defendants' claims or defenses. Because the investigation of this matter is ongoing, Defendants reserve the right to modify, amend, alter, or supplement these disclosures pursuant to Rule 26(e) as appropriate. Defendants' disclosure of information

---

[1] All references in this filing to rules are to the Federal Rules of Civil Procedure unless otherwise designated.

pursuant to the requirements set forth by Rule 26(a) shall not constitute an admission that the information is properly discoverable or admissible at trial, shall not constitute a waiver of any objection that might otherwise by made to the disclosure of such information, and shall not constitute a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing, Global Horizons and Mr. Orian make the following disclosures:

## INITIAL DISCLOSURES

**(A)  The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

1.   Thomas E. Wilson, Esq.
     Berliner, Corcoran & Rowe LLP
     1101 Seventeenth Street NW
     Washington, DC 20036-4798

Mr. Wilson has knowledge regarding the allegations in the Complaint and Counter-Complaint, including but not limited to Berliner, Corcoran & Rowe LLP's ("BCR's") representation of Defendants in the administrative proceedings underlying the Complaint and Counter-Complaint (the "Administrative Proceedings").

2.   Jason A. McClurg, Esq.
     Berliner, Corcoran & Rowe LLP
     1101 Seventeenth Street NW
     Washington, DC 20036-4798

Mr. McClurg is an attorney who worked with Mr. Wilson in relation to the Administrative Proceedings and has knowledge regarding the allegations in the Complaint and Counter-Complaint, including but not limited to BCR's representation of Defendants in the Administrative Proceedings and the performance of Mr. Wilson during the course of BCR's representation of Defendants.

3.   Alex Vincent, Esq.
     c/o Jordan Coyne & Savits, LLP
     1100 Connecticut Ave NW, Suite 600

      Washington, DC 20036

Mr. Vincent is an attorney who worked with Mr. Wilson in relation to the Administrative Proceedings and has knowledge regarding the allegations in the Complaint and Counter-Complaint, including but not limited to BCR's representation of Defendants in the Administrative Proceedings and the performance of Mr. Wilson during the course of BCR's representation of Defendants.

4.     Mordechai Orian
      c/o Gilbert Heintz & Randolph LLP
      1100 New York Avenue, NW, Suite 700
      Washington, DC 20005

Mr. Orian is the President and Chief Strategic Officer for Global Horizons and has knowledge regarding the allegations in the Complaint and Counter-Complaint, including but not limited to BCR's representation of Defendants in the Administrative Proceedings and the performance of Mr. Wilson during the course of BCR's representation of Defendants.

5.     Arik Ben-Ezra, Esq.
      c/o Gilbert Heintz & Randolph LLP
      1100 New York Avenue, NW, Suite 700
      Washington, DC 20005

Mr. Ben-Ezra is an attorney employed by Global Horizons and has knowledge regarding the allegations in the Complaint and Counter-Complaint, including but not limited to BCR's representation of Defendants in the Administrative Proceedings and the performance of Mr. Wilson during the course of BCR's representation of Defendants.

6.     Tanya Padilla
      c/o Gilbert Heintz & Randolph LLP
      1100 New York Avenue, NW, Suite 700
      Washington, DC 20005

Ms. Padilla is employed by Global Horizons and has knowledge regarding allegations in the Complaint and Counter-Complaint, including but not limited to the invoices submitted on behalf of BCR and Global Horizon's payment of such invoices.

7.     Jennifer Adle
      c/o Gilbert Heintz & Randolph LLP
      1100 New York Avenue, NW, Suite 700
      Washington, DC 20005

Ms. Adle is employed by Global Horizons and has knowledge regarding allegations in the Complaint and Counter-Complaint, including but not limited to the performance of Mr. Wilson during the course of BCR's representation of Defendants.

8.  Rob Rutt
    c/o Gilbert Heintz & Randolph LLP
    1100 New York Avenue, NW, Suite 700
    Washington, DC 20005

Mr. Rutt is employed by Global Horizons and has knowledge regarding allegations in the Complaint and Counter-Complaint, including but not limited to the performance of Mr. Wilson during the course of BCR's representation of Defendants.

9.  Mindy Novick, Esq.
    Jackson Lewis LLP
    725 South Figueroa Street, Suite 2500
    Los Angeles, California 90017

Ms. Novick is an attorney currently representing Global Horizons and Mr. Orian in the Administrative Proceedings and has knowledge of the nature of those proceedings and Mr. Wilson's performance during the course of BCR's representation of Defendants.

10. Dean Rocco, Esq.
    Jackson Lewis LLP
    725 South Figueroa Street, Suite 2500
    Los Angeles, California 90017

Mr. Rocco is an attorney currently representing Global Horizons and Mr. Orian in the Administrative Proceedings and has knowledge of the nature of those proceedings and Mr. Wilson's performance during the course of BCR's representation of Defendants.

11. Jim Stanton, Esq.
    Stanton Law Group
    Topa Financial Center, Bishop Street Tower
    700 Bishop Street, Suite 2100
    Honolulu, HI 96813

Mr. Stanton is an attorney who had represented Defendants in the Administrative Proceedings prior to BCR's retention and has knowledge of the nature of those proceedings and Mr. Wilson's performance during the course of BCR's representation of Defendants.

12. Natalie Brauwer, Esq.
    McGuiness Norris & Williams LLP
    1015 15th Street NW, Suite 1200
    Washington, DC 20005

Ms. Brauwer is an attorney who had represented Defendants in the Administrative Proceedings prior to BCR's retention and has knowledge of the nature of those

proceedings and Mr. Wilson's performance during the course of BCR's representation of Defendants.

13.   James Holt
       c/o Gilbert Heintz & Randolph
       1100 New York Avenue, NW, Suite 700
       Washington, DC 20005

Mr. Holt is an expert whom Global Horizons consulted on the Administrative Proceedings prior to BCR's retention and has knowledge of the nature of those proceedings and Mr. Wilson's performance during the course of BCR's representation of Defendants.

14.   Dr. Amnon Gonenne
       c/o Gilbert Heintz & Randolph
       1100 New York Avenue, NW, Suite 700
       Washington, DC 20005

Dr. Gonenne has knowledge of the impact of a false press release on the approval of visa petitions filed on behalf of Global Horizons.

Because the investigation of this matter is ongoing, Defendants reserve the right to modify, amend, alter, or supplement this list pursuant to Rule 26(e) as appropriate.

**(B)   A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

To support their claims and defenses, Defendants may use the following categories of documents:

- the case file in administrative proceeding No. 2005-TLC-00006, No. 2005-TAE-00001;

- e-mail correspondence between Mr. Wilson, Mr. McClurg, and Mr. Vincent and Mr. Orian and Mr. Ben-Ezra regarding the handling of the case;

5

- e-mail correspondence between Mr. Wilson, Mr. McClurg, and Mr. Vincent and Mr. Orian regarding billing matters;

- invoices submitted by Mr. Wilson to Global Horizons;

- proof of payment sent by Global Horizons to Mr. Wilson;

- newspaper articles reporting the false order of liability in the administrative proceedings;

- newspaper articles reporting that the earlier newspaper reports contained incorrect information and no court had entered an order of liability against Global Horizons and Mr. Orian; and

- other documents, electronically stored information, or tangible objects that may be uncovered in Defendants' ongoing investigation of this matter.

Without waiving any applicable attorney-client privileges, work product protections or other applicable protections or privileges, Defendants will make non-privileged and unprotected items available for inspection and copying at a time and place mutually convenient to the parties.

Because the investigation of this matter is ongoing, Defendants reserve the right to modify, amend, alter, or supplement this list pursuant to Rule 26(e) as appropriate.

**(C)     A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendants seek the following damages:

(1)     Compensatory damages as follows:

      a.      The costs of retaining competent counsel to provide the effective assistance of counsel that Mr. Wilson failed to provide in the Administrative Proceedings, which constitutes an on-going expense currently valued at approximately $50,000.

      b.      The amount of revenue lost as a direct result of Mr. Wilson's consent to and failure to cure the release of a false press release reporting that Global Horizons and Mr. Orian had been found liable in the Administrative Proceedings. The false press release was viewed by tens of thousands, if not hundreds of thousands, and has damaged the reputation and good will of Mr. Orian and Global Horizons.

- For example, on information and belief, a United States consulate officer has denied all of Global Horizons' petitions for H2-A visas because that officer believed, based on the false information contained the press release, that Global Horizons conducts business unethically. For each one hundred such petitions denied, Global Horizons loses approximately $300,000 in lost revenue per month; on average, between 200 and 400 visas are presented to the consulate per month. To date, this loss of business has resulted conservatively in approximately $2.1 million dollars in lost revenue, which amount is accumulating at an additional $300,000 per month.

- For example, on information and believe, at least six to ten existing and/or prospective customers have discontinued or forfeited business opportunities with Global Horizons because of their belief, based solely on the false press release, that Global Horizons has engaged in unethical and illegal business practices. To date, the loss of business has resulted in approximately $5.4 million dollars in lost revenue.

(2)    Punitive damages to the extent allowable by law to deter similar wrongful conduct.

(3)    The recovery of Defendants' litigation costs and expenses, including reasonable attorney's fees and expert fees to the extent allowable by law.

(4)    Any additional relief deemed by the Court to be necessary or proper.

Because the investigation of this matter is ongoing, Defendants reserve the right to modify, amend, alter, or supplement this list pursuant to Rule 26(e) as appropriate.

**(D)** **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

None.

/s/ Alyson A. Foster

Alyson A. Foster (DC Bar No. 478091)
GILBERT HEINTZ & RANDOLPH LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Tel: (202) 772-2200
Fax: (202) 772-3333

/s/ Kari E. Hong

Kari E. Hong (admitted *pro hac vice*)
LAW OFFICES OF KARI E. HONG
320 SW Stark Street, Suite 518
Portland, OR 97204
Tel: (503) 242-3500
Fax: (503) 242-3505

*Attorney for Defendants Mordechai Orian
and Global Horizons, Inc.*