UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BERLINER CORCORAN & ROWE, LLP,** : | |
| : | |
| *Plaintiff,* : | |
| : | Civil Action No. 06-01543(CKK) |
| v. : | |
| : | Next Event:  June 1, 2007 |
| **MORDECHAI ORIAN, et al.,** : | (Settlement conference |
| : | before Judge Kay) |
| *Defendants.* : | |
| : | |

**JOINT REQUEST FOR DISCOVERY STATUS CONFERENCE**

Plaintiff/Counter-Defendant Berliner Corcoran & Rowe LLP ("Plaintiff") and Defendants/Counter-Plaintiffs Mordechai Orian ("Mr. Orian") and Global Horizons, Inc. (f/k/a Global Horizons Manpower, Inc.) ("Global Horizons") (together, "Defendants") hereby request a status conference before the Court to resolve an issue of waiver of privilege that has forestalled the discovery process.

Background

This case arises out of Plaintiff's representation of Defendants in consolidated administrative proceedings before Administrative Law Judge William R. Dorsey, *In re Global Horizons Manpower, Inc. & Mordechai Orian*, Nos. 2005-TLC-0006, 2005-TAE-0001 (the "administrative proceedings").  In those proceedings, the Department of Labor ("DOL") seeks to strip Global Horizons of its ability to conduct business under Section H-2A of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(h)(H)(a).  The bulk of Global Horizons' business – providing foreign workers for temporary and urgent employment at United States companies – is

conducted under Section H-2A.

Plaintiff withdrew as counsel from those proceedings in June 2006. Defendants retained new counsel in August 2006 and those proceedings are ongoing.

On or about August 31, 2006, Plaintiff filed a one-count complaint in this Case seeking payment of legal bills for its representation of Defendants in the administrative proceedings. Defendants responded that those bills are too high and/or based on inadequate performance and filed counterclaims, including a claim of malpractice.

This Court entered a Scheduling and Procedures Order on January 18, 2007. Under that Order, discovery ends on July 31, 2007.

<u>Hindrance To Discovery In This Case</u>:
<u>Potential Waiver of Privilege In The Administrative Proceedings</u>

Because the adequacy of Plaintiff's representation of Defendants in the administrative proceedings is squarely at issue, Plaintiff served discovery requests on Defendants seeking documents and information relating to that representation. Most, if not all, of the documents and information normally would be protected by the attorney-client privilege and the work product doctrine. Because of the obvious relevance of those documents and information to the claims and defenses in this case, and in recognition of the implicit waiver of such privilege in the context of a malpractice claim, Defendants agreed to produce responsive documents and information subject to a confidentiality agreement.

Under the law of this Circuit, however, Defendants submit that even a production made pursuant to confidentiality agreement effectuates a total waiver of the attorney-client privilege and work product doctrine in *other* proceedings. *See Najavo Nation v. Peabody Holding Cos.,*

*Inc.*, 209 F. Supp. 2d 269, 283-86 (D.C.C. 2002) (noting that "[t]he D.C. Circuit has consistently rejected the validity of "limited waiver" agreements" and holding that otherwise privileged documents produced in one litigation pursuant to a confidentiality order effectuated a total waiver and thus were discoverable in a separate litigation). The waiver is broad, and reaches both specific documents produced and any other communications regarding the same subject matter. *In re Sealed Case*, 877 F.2d 976, 980-81 (D.C. Cir. 1989).

Most, if not all, of the documents and information requested by Plaintiff in this case reveal Defendants' strategies and decisions in the administrative proceedings. Such information thus far has remained immune from discovery by the DOL as protected by the attorney-client privilege and/or work product doctrine. Under this Circuit's law of waiver, however, if Defendants produce such documents and information in this case – even pursuant to a confidentiality agreement – then Global Horizons and Mr. Orian stand to lose any privilege that protects those (and other) documents and information from discovery in the administrative proceedings.

The status of the administrative proceedings is yet to be resolved. Discovery formally closed in those proceedings in February 2006. The DOL, however, has continued to serve discovery requests on Global Horizons and to file motions to compel. Global Horizons and Mr. Orian have objected strenuously to the DOL's discovery requests and moved for a protective order that would close any further discovery in those proceedings. Last week, on January 24, 2007, the DOL filed a request for presiding Judge William R. Dorsey to rule on the pending discovery motions and to set a discovery schedule.

Until the administrative proceedings ultimately are resolved – and Global Horizons is taking every step to move those proceedings toward their conclusion – Defendants submit that the DOL may be able to seek additional discovery from Global Horizons and Mr. Orian. If Global Horizons and Mr. Orian must produce otherwise protected information in this case, they no longer would be able to withhold sensitive strategic information in the administrative proceedings. Production of such information to the DOL would severely compromise Defendants' position in the administrative proceedings, in which Global Horizons' very ability to continue its business is at stake. Because of this situation, Defendants have not yet produced most of the information and documents that Plaintiff has requested.

Except for this significant roadblock, the parties are proceeding apace. Under this Court's Scheduling and Procedures Order, discovery closes on July 31, 2007. Plaintiff served its first written discovery requests on Defendants in December 2006. Defendants served their written responses on January 23, 2007, although many of those responses stated that the requested information would be provided pursuant to a confidentiality agreement. As described above, Defendants now believe that even such an agreement would not provide sufficient protection. Once this issue is resolved, Defendants are prepared to propound written discovery requests on Plaintiff immediately. The parties have exchanged lists of deponents. Each party is prepared to identify dates and/or periods of time in February and March in which depositions can be taken.

In sum, each party is prepared and willing to pursue the discovery process in an expeditious manner and adhere to this Court's Scheduling and Procedures Order. Until the

underlying administrative proceedings are finally resolved, however, a more complete production by Defendants in this case would severely threaten their position in those proceedings. Because all parties wish to proceed in this case, but discovery has been forestalled by Defendants' concerns about the potential negative impact on the underlying administrative proceeding, the parties respectfully request a status hearing before this Court to revisit the issues addressed in the Scheduling and Procedures Order.[1]

Respectfully submitted,

**FOR PLAINTIFF:**

/s/   Thomas E. Wilson
Thomas E. Wilson #132704
Jason A. McClurg #491172
BERLINER, CORCORAN & ROWE, L.L.P.
1101 17th Street, N.W., Suite 1100
Washington, DC 20036
(202) 293-5555 – (202) 293-9035 (fax)
twilson@bcr-dc.com
*Plaintiff, Pro Se*

/s/   John T. May
John Tremain May #294199
JORDAN COYNE & SAVITS, L.L.P.
1100 Connecticut Ave., N.W., Suite 600
Washington, DC 20036
(202) 496-2805 – (202) 496-2800 (fax)
jmay@jocs-law.com

*Attorneys for Berliner, Corcoran & Rowe, L.L.P. in defense of the Counterclaims*

**FOR DEFENDANTS:**

/s/ Alyson A. Foster
Alyson A. Foster (DC Bar No. 478091)
GILBERT HEINTZ & RANDOLPH LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Tel: (202) 772-2200
Fax: (202) 772-3333
fostera@ghrdc.com

/s/ Kari E. Hong
Kari E. Hong (admitted *pro hac vice*)
LAW OFFICES OF KARI E. HONG
320 SW Stark Street, Suite 518
Portland, OR 97204
Tel: (503) 242-3500
Fax: (503) 242-3505
kari_hong@yahoo.com

*Attorneys for Defendants Mordechai Orian and Global Horizons, Inc.*

---

[1] Should the Court desire a comprehensive written explanation of these issues, Defendants are willing to prepare and file a supplemental brief or, if appropriate, a Motion to Stay. Rather than forestall this case further with a briefing schedule, however, Defendants prefer to resolve this issue directly before the Court.