UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BERLINER, CORCORAN & ROWE, L.L.P.,  )
                                    )
             *Plaintiff,*           )
                                    )
     v.                             )
                                    )
MORDECHAI ORIAN, et al.,            )   Case No. 1:06-CV-01543(CKK)
                                    )
             *Defendants*.          )
_____)

## DEFENDANTS' MOTION TO AMEND ANSWER AND COUNTERCLAIMS

Defendants Mordechai Orian ("Mr. Orian") and Global Horizons, Inc. ("Global Horizons") (collectively, "Defendants"), through their undersigned counsel, hereby request leave to amend their Answer, Counterclaims, and Jury Demand. In sum, Defendants seek to file their Proposed First Amended Answer, Counterclaims, and Jury Demand (attached hereto as Exhibit 1) in order to correct certain factual allegations as a result of Defendants' ongoing investigation of this action. Because the proposed amendments are not the result of undue delay or bad faith, and will not cause any prejudice to the Plaintiff, Defendants submit that leave should be "freely granted" to file their Proposed First Amended Answer, Counterclaims, and Jury Demand.

### BACKGROUND

On or about August 31, 2006, the plaintiff Berliner, Corcoran & Rowe, LLP ("BCR" or "Plaintiff") filed a three-count complaint against Defendants seeking payment of bills for legal

fees and expenses in connection with BCR's representation of Defendants in 2005 and 2006 in administrative proceedings before the United States Department of Labor (the "DOL Proceeding").

On or about October 6, 2006, Defendants filed an answer, counterclaims, and jury demand. In that pleading, Defendants admit that they paid $153,961.02 of the bills issued by BCR and did not pay $153,961.02 of the bills issued by BCR. Defendants further dispute that they now owe BCR anything, for at least two reasons. First, the agreement between BCR and Defendants was for services and expenses not to exceed $20,000 per month and, at the conclusion of the DOL Proceeding, BCR's bills would not exceed an amount between $200,000 and $250,000. The monthly bills, however, consistently exceeded $20,000, the aggregate bills exceeded $330,000, and the DOL Proceeding was not concluded. Second, BCR failed to provide reasonably competent representation, thereby excusing Defendants from any payment obligations.

Based on BCR's breach of its agreement and failure to render reasonably competent counsel, Defendants filed six counterclaims against Plaintiff: Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Promissory Estoppel, Fraud and Misrepresentation, Unjust Enrichment, and Legal Malpractice.

On January 18, 2007, this Court entered a Scheduling and Procedures Order, under which motions to amend pleadings must be filed by March 19, 2007.

In the course of its investigation of this case and in preparing responses to Plaintiff's discovery requests, Defendants' counsel has interviewed potential witnesses and reviewed

hundreds of relevant documents. Through this investigation, Defendants' counsel has identified allegations contained in the Answer and Counterclaims that are inaccurate, as well as uncovered facts that were not alleged.

Thus, to conform the pleadings to the facts uncovered in its ongoing investigation and review, and to correct a very important allegation regarding Mr. Orian's citizenship, Defendants seek to amend Defendants' Answer and Counterclaims in the following relevant ways:

- First and foremost, paragraph 5 of Defendants' Answer currently admits that the allegation in the Complaint's "Jurisdiction" section that Mr. Orian is a citizen of California. In fact, however, Mr. Orian is not a "citizen of California" as that term is defined under federal law. Mr. Orian is a *resident* of California but a *citizen* of Israel. Defendants thus wish to amend the Answer to reflect the proper citizenship status of Mr. Orian.

- Investigation has revealed the exact allegations and relief sought in the DOL Proceeding. The factual allegations in Defendants' counterclaims have been amended to reflect this better understanding of the facts.

- Investigation of BCR's representation of Defendants in the DOL Proceeding has revealed that, in addition to the allegations currently set forth in the Counterclaims, BCR failed to competently defend against overbroad discovery requests from the DOL and failed to seek necessary discovery from the DOL. The factual allegations of Defendants' counterclaims and the First, Second, and Sixth Cause of Action have been amended to reflect this better understanding of the facts.

- Investigation has revealed that BCR not only failed to respond competently to the DOL's proposed settlement agreement, but also failed to competently negotiate the agreement in the first place. The factual allegations of Defendants' counterclaims and the First, Second, and Sixth Cause of Action have been amended to reflect this better understanding of the facts.

- Investigation has revealed that BCR did not charge excessive fees for meals. The factual allegations of Defendants' counterclaims and the causes of actions have been amended to delete such references.

- Investigation has revealed that BCR's inadequate performance did not include preparation for or appearances at deposition, or a failure to advise Defendants of legal developments in the DOL proceedings. The factual allegations of Defendants' counterclaims and the causes of actions have been amended to delete such references.

- Finally, some stylistic changes were made that do not change any facts, theories, or allegations.

A document reflecting these proposed changes is attached as Exhibit 2.

### ARGUMENT

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading "shall be freely given when justice so requires." In deciding whether to grant leave to amend a pleading, a court should take into account whether there has been bad faith, undue delay, or prejudice to the defendant, and should reject a proposed amendment that would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1083-84 (D.C. Cir. 1998). If none of these factors is present, leave to amend "should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

None of those factors is present here.

Defendants do not seek to amend the pleadings to add new theories of liability, new defenses, or new parties. Rather, Defendants seek to amend their Answer and Counterclaim solely to correct certain key factual allegations. The allegations Defendants wish to correct involve (i) the citizenship status of Mr. Orian, and (ii) the representation provided by BCR to Defendants in the DOL Proceeding. With respect to Mr. Orian's citizenship status, Mr. Orian is a citizen of Israel and a resident of California. In this regard, the current admission in paragraph

5 of Defendants' Answer is false.[1] With respect to the allegations regarding BCR's representation of Defendants in the DOL Proceeding, Defendants' investigation has uncovered that certain current allegations of inadequate representation are false, and that additional allegations of inadequate representation should be added. These alterations do not alter the legal theories for Defendants' defenses or claims, and do not significantly expand upon the factual predicate for those defenses and claims.

Thus, the proposed amendments can only help, and not hurt, this case. By seeking to correct factual errors and omissions, the amendments will help clarify the scope of Defendants' factual allegations and defenses and therefore the issues in this case. Moreover, the proposed amendments will ensure that Mr. Orian's correct citizenship status is reflected in this public document.

None of the factors that weighs against allowing an amended pleading is present here. Plaintiff will not be prejudiced in any way by Defendants' proposed amendments. The amendments do not change the scope of discovery, do not add new theories of liability or defenses, and do not add any parties to the case. Thus, Plaintiff will not be called upon to conduct any research or factual investigation that was not presented by Defendants' original Answer and Counterclaims. Finally, by seeking to amend its Answer and Counterclaims within the timeline set by the Court, Defendants have not engaged in delay or bad faith. In these circumstances, courts do not hesitate to allow a party to amend its pleadings. *See, e.g., Vann v.*

---

[1] Because Plaintiff alleges that it is a citizen of the District of Columbia (and not of Israel or California), Defendants do not contend that this Court's jurisdiction is lacking as a result of the factual correction to Mr. Orian's citizenship.

5

*Kempthorne*, 467 F. Supp. 2d 56, 72 (D.D.C. 2006) (granting leave to amend a complaint to add new defendants in absence of any evidence showing undue delay, bad faith, or prejudice to defendants); *Boyd v. District of Columbia*, 465 F. Supp. 2d 1, 3-4 (D.D.C. 2006) (granting leave to amend a complaint to add new claims where no prejudice is shown because amended claims were raised four months before the close of discovery).

For these reasons, Defendants submit that this Court should grant leave for Defendants to file the First Amended Answer, Counterclaims, and Jury Demand.

## CONCLUSION

For all the reasons stated herein, this Court should grant leave for Defendants to file the proposed Defendants' Proposed First Amended Answer, Counterclaims, and Jury Demand.

Dated: March 19, 2007                                     Respectfully submitted,


/s/ Alyson A. Foster

Alyson A. Foster (D.C. Bar No. 478091)
GILBERT RANDOLPH LLP
1100 New York Avenue, NW
Suite 700
Washington, D.C. 20005
Tel: (202) 772-2200
Fax: (202) 772-3333

/s/ Kari E. Hong

Kari E. Hong (*Admitted Pro Hac Vice*)
LAW OFFICES OF KARI E. HONG
320 SW Stark Street
Suite 518
Portland, OR 97204
Tel: (503) 242-3500
Fax: (503) 242-3505


*Attorneys for Defendants Mordechai Orian and Global Horizons, Inc.*

Case 1:06-cv-01543-CKK    Document 27    Filed 03/19/2007    Page 8 of 8