UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BERLINER, CORCORAN & ROWE, LLP :
:
*Plaintiff-* :
*Counterclaim Defendant*, :
:
v. : Case No.: 1:06-CV-01543(CKK)
:
MORDECHAI ORIAN, et al. :
:
*Defendants -* :
*Counterclaimants.* :

OPPOSITION OF BERLINER, CORCORAN & ROWE, L.L.P. TO
DEFENDANTS' MOTION TO AMEND ANSWER AND COUNTERCLAIM

Plaintiff-Counterclaim Defendant, Berliner, Corcoran & Rowe, L.L.P. [hereinafter "Plaintff"], hereby opposes the Motion to Amend the Answer and Counterclaim filed by Mordechai Orian and Global Horizons, Inc. [hereinafter "Defendants"]. The Motion is defective because Defendants did not comply with Local Civil Rule 7(m). This Rule requires counsel to discuss any non-dispositive Motion in a civil action with opposing counsel in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. This is not a mere technical requirement with respect to this Motion.

Although Plaintiff recognizes that, typically, leave to amend shall be freely given, and that this case is still in the early stages of the litigation, the requested amendments will distinctly prejudice Plaintiff in its ongoing efforts to obtain discovery. If Defendants had complied with the requirements of L. Cv. R. 7(m), the parties might have been able to eliminate the prejudice caused by the requested amendments. Of course, undue prejudice to the opposing party by virtue

of allowance of the requested amendment is a basis for denying a Motion to Amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

The Motion to Amend includes critical changes to the Counterclaim that delete certain factual allegations that Plaintiffs contend are completely unfounded. For example, Paragraph 20 of the original Counterclaim included an allegation that Mr. Wilson appeared unprepared at depositions in the underlying DOL proceedings. In fact, Mr. Wilson did not attend any depositions in the DOL proceedings, a fact recognized by Defendants in their Amended Counterclaim at paragraph 23. As soon as the Federal Rules allowed it, Plaintiff propounded Interrogatories upon Global Horizons and Mr. Orian that requested the factual basis for the allegation that Mr. Wilson appeared unprepared at depositions. Specific information was requested as to the date and location of the depositions, the persons present and the facts that support the contention that Mr. Wilson appeared to be unprepared.

Neither Mr. Orian nor Global Horizons ever satisfactorily answered this Interrogatory. Instead, they merely stated that they would respond to the Interrogatory pursuant to an appropriate confidentiality agreement. As the Court now knows, the issue of a confidentiality agreement has fallen by the wayside as a result of assertions by Global and Orian that such an agreement would not protect them from an argument that any privilege as to information disclosed pursuant to a confidentiality agreement would nevertheless be waived by the disclosure.

In the Amended Counterclaim, this baseless allegation has been dropped in favor of a new allegation that Mr. Wilson appeared unprepared at client meetings and a settlement conference. Plaintiff is limited to 25 Interrogatories, including parts and sub-parts, as to each

Defendant.  In the first round of discovery, Plaintiff used up all but five of these Interrogatories in its Interrogatories to Mr. Orian and all but six in its Interrogatories to Global Horizons.  In a meet and confer session, the parties could have perhaps reached an agreement to relax this requirement to allow Plaintiff to seek information as to these new allegations after wasting an Interrogatory on a factual allegation that will apparently never be proven, thus alleviating the prejudice caused by this Amendment.

The same is true as to allegations in paragraph 22 of the original Counterclaim that Mr. Wilson failed to keep Defendants apprised of the legal developments in the DOL proceedings.  Again, an Interrogatory was wasted by Plaintiff in an attempt to obtain information from both Global and Orian as to the legal developments that were not communicated to these parties.  Given the extensive correspondence between Plaintiff and Defendants, Plaintiff was surprised, to say the least, to see this allegation made against it.  It now appears that this allegation also has been abandoned.  Instead, Defendants have replaced the allegation with a failure to reasonably defend the Defendants against discovery requests and to reasonably conduct offensive discovery.

These new allegations are wide ranging and will require a number of Interrogatories to try and pin down precisely what it is that Mr. Wilson did and did not do and the consequences of these alleged acts and failures to act.  Again an opportunity to meet and confer to address these new allegations and the limited amount of discovery remaining to the Plaintiff could have resolved the difficulties presented by this Motion to Amend.  In addition, several other amendments, while not replacing factual allegations that have been abandoned, do inject new factual issues in this case that will require additional discovery, for example paragraphs 26, 32

and 39 (old ¶ 36).  At some point, the Plaintiff's ability to obtain written discovery on these new issues will be cut off by the limitations placed on this discovery.

Plaintiff has already encountered significant difficulties in obtaining discovery from Defendants based upon Defendants' assertion of a need to protect confidential information.  This problem is now exacerbated by the need to begin discovery anew on wholly new allegations that go to the heart of Defendants' Counterclaim.  While the parties have, to date, been able to reach compromises with the aid of the Court in attempting to resolve these problems, it is imperative that the Rules requiring the parties' counsel to communicate in an attempt to resolve such problems be enforced.

For these reasons, Plaintiff respectfully requests that the Motion to Amend be denied without prejudice to renewal following good faith compliance with L. Cv. R. 7(m).

      Respectfully submitted,

      BERLINER, CORCORAN & ROWE, L.L.P.

      By:  /s/ Thomas E. Wilson
          Thomas E. Wilson #132704
          Jason A. McClurg #491172
          1101 17th Street, N.W., Suite 1100
          Washington, DC 20036-4798
          (202) 293-5555
          Plaintiff, *Pro Se*

JORDAN COYNE & SAVITS, L.L.P.

By:   /s/ John Tremain  May
    John Tremain May #294199
    1100 Connecticut Ave., N.W., Suite 600
    Washington, D.C.  20036
    (202) 496-2805 –  (202) 496-2800 (fax)
    jmay@jocs-law.com
    Attorneys for Berliner, Corcoran & Rowe,
    L.L.P. in defense of the Counterclaim