UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BERLINER, CORCORAN & ROWE, L.L.P.,  )
                                    )
            *Plaintiff,*            )
    v.                              )   Case No. 1:06-CV-01543(CKK)
                                    )
MORDECHAI ORIAN, et al.             )   Next Event:  Joint Status Report
                                    )                June 22, 2007
            *Defendants*.           )
_____ )

### MOTION TO WITHDRAW AS COUNSEL TO DEFENDANTS
### MORDECHAI ORIAN AND GLOBAL HORIZONS, INC.

Pursuant to Rule 83.6 of the Local Civil Rules of the United States District Court of the District of Columbia ("Local Civil Rules"), Kari E. Hong of the Law Offices of Kari E. Hong and Alyson A. Foster of Gilbert Randolph LLP, with the permission of their clients, hereby move to withdraw as counsel for defendants Mordechai Orian ("Mr. Orian") and Global Horizons, Inc. ("Global Horizons") (collectively, "Defendants") in this matter.

### BACKGROUND

This action was filed against Defendants on or about August 31, 2006.  Defendants retained Ms. Hong as primary counsel and Ms. Foster as local counsel in or about September 2006.  Since being retained, Ms. Hong and Ms. Foster have actively represented Defendants in this matter.

Irreconcilable differences have arisen between Defendants' counsel and their clients that require counsel to withdraw their appearance in this action.  The circumstances surrounding counsel's withdrawal meet the requirements of Rule 1.16 of the D.C. Rules of Professional

Conduct ("Declining or Terminating Representation").  Under Rule 1.6 of those Rules, counsel ethically are barred from revealing the specifics of these circumstances.

Mr. Orian and Global Horizons have granted permission for Ms. Hong and Ms. Foster to withdraw as counsel in this matter.  Because Mr. Orian and Global Horizons have not yet obtained new counsel, counsel for Defendants present this motion pursuant to Rule 83.6(c) (requiring withdrawal through motion when the party is not yet represented by another attorney) rather than a notice pursuant to Rule 83.6(b) (providing for withdrawal through notice when the party is represented by another attorney).

## ARGUMENT

Pursuant to Local Civil Rule 83.6(d), this motion to withdraw will not unduly delay trial, is not unfairly prejudicial to any party, and is in the interest of justice.

First, no trial date has been set for this matter and there are no motions pending at this time.  The proceedings currently are stayed until June 15, 2007, to allow the parties to attempt to settle the matter.  If the parties are unable to reach a settlement, the next deadlines are the filing of a Joint Case Report on June 22, 2007; the filing of Proponent's Rule 26(a)(2)(B) statement on June 29, 2007; the closing of discovery on October 15, 2007; the referral to mediation on October 16, 2007; and a status conference before this Court on January 11, 2008.

The motion is being filed in a timely manner to allow Defendants to continue settlement discussions and, if a settlement is not reached, to have ample time for new counsel to prepare for the upcoming deadlines.  Counsel has taken steps to ensure that Defendants will be able to file a timely Rule 26(a)(2)(B) report by securing an expert witness who, if retained by Defendants, would be able to provide an expert report by the deadline of June 29, 2007.  Defendants also will

2

have ample time to complete discovery by the October 15, 2007 deadline.[1] Counsel served comprehensive document requests and interrogatories on the plaintiff, reviewed thousands of responsive documents made available by the plaintiff, identified which of those documents are pertinent to Defendants' defenses and counterclaims, and obtained an electronic copy of those chosen documents. Counsel served written responses to plaintiff's document requests and interrogatories (including supplemental interrogatory responses), produced in electronic format thousands of responsive documents, and completed several detailed privilege logs. Counsel therefore anticipate that, if the parties are unable to reach settlement, very little discovery remains, if any, and all discovery can be completed by October 15, 2007.

Thus, this motion is being sought at a time when there will be minimal impact to the proceedings and on Defendants' rights. This case has been pending for less then a year, no dispositive motions have been filed or are pending, and there is no pending schedule for the preparation or filing of dispositive motions. *See Laster v. District of Columbia*, 460 F. Supp. 2d 111, 113 (D.D.C. 2006) ("the court also may consider factors such as the length of time the case and dispositive motions have been pending, the time it would take for the unrepresented party to search for and secure new legal representation, and the degree of financial burden that counsel would suffer if the court required him to remain in the case").

---

[1] Currently, Defendants have not produced certain documents and information that plaintiff has requested because those documents and that information reflect Defendants' strategies or positions in the underlying Department of Labor ("DOL") proceeding. If the DOL action is not resolved prior to October 15 and the requested documents and information are not made available, then discovery may not be completed by October 15. Counsel's withdrawal from this action, however, will have no effect on the DOL proceeding or on the parties' ability to meet the October 15 deadline.

Moreover, Defendants have given their permission for counsel to withdraw. Counsel gave formal notice to Defendants of their intention to withdraw on May 23, 2007 – seven days before the filing of this motion and weeks after Defendants were aware of the differences leading to this motion – and Defendants immediately agreed to the withdrawal. *See* Rule 83.6 Certificate of Kari E. Hong, May 25, 2007 (filed herewith), ¶¶ 3-4. Defendants have ample time to secure new counsel prior to the close of discovery on October 15, 2007, and there is ample time for that counsel to become familiar with the case before the parties enter mediation on October 16, 2007. *See Lancaster*, 460 F. Supp. 2d at 113 (court may consider time it would take for unrepresented party to search for and secure new legal representation). Counsel further certifies that this motion is being made for good cause and is not being filed for an improper purpose or to seek delay.

Pursuant to Local Civil Rule 7(m), counsel for Defendants have conferred with counsel for Plaintiff regarding this motion in a good-faith effort to determine whether there is any opposition to the relief sought. Counsel for Plaintiff indicated that Plaintiff does not consent to this motion and may file an opposition to it.

WHEREFORE, Counsel pray that this Court enter an order allowing them to withdraw as counsel to Defendants Mordechai Orian and Global Horizons, Inc.

Dated: May 25, 2007               Respectfully submitted,


/s/ Alyson A. Foster
Alyson A. Foster (D.C. Bar No. 478091)
GILBERT RANDOLPH LLP
1100 New York Avenue, NW
Suite 700
Washington, D.C. 20005
Tel: (202) 772-2200
Fax: (202) 772-3333

/s/ Kari E. Hong
Kari E. Hong (Admitted Pro Hac Vice)
LAW OFFICES OF KARI E. HONG
320 SW Stark Street, Suite 518
Portland, OR 97204
Tel: (503) 242-3500
Fax: (503) 242-3505

*Attorneys for Defendants Mordechai Orian and Global Horizons, Inc.*