## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BERLINER, CORCORAN & ROWE, LLP    :
                                     :

             *Plaintiff-*            :
             *Counterclaim Defendant*,   :

                                       :

v.                                   :     Case No.: 1:06-CV-01543(CKK)

                                       :

MORDECHAI ORIAN, et al.        :

                                       :

             *Defendants -*        :
             *Counterclaimants.*    :

## OPPOSITION TO MOTION BY COUNSEL FOR DEFENDANTS TO WITHDRAW

      Plaintiff, *pro se* and by counsel, hereby opposes the Motion to Withdraw filed by counsel for Defendants Mordechai Orian and Global Horizons, Inc. ("Global").

      Plaintiff understands all too well the desire of Defendants' counsel to be relieved of the responsibility of providing further representation to Mr. Orian and Global. Plaintiff is especially sympathetic to counsel where it is reasonable to assume that Defendants are not paying their counsel in accordance with the terms of their engagement agreements. Accordingly, Plaintiff does not oppose the request by counsel to withdraw from this case, but objects strongly to allowing such departure to happen without a specific, enforceable timetable for Mr. Orian and Global to secure new counsel.

      The contention by Defendants' counsel that a decision by this Court to grant their Motion will not unduly delay the progress of this litigation is simply not supportable. When new counsel appears - indeed, if that ever happens -- they will almost certainly request additional time to confer with their clients, digest and understand the thousands of documents that have already been produced in this case, and gear up for discovery yet to be taken. Such discovery could

include seeking information regarding Defendants' pattern of hiring lawyers, getting them committed to cases, and then refusing to make payments to them in accordance with their engagement agreements.

The only way this Court can allow Defendants' current counsel to withdraw and forestall further significant delays in the progress of this case is to impose on Defendants strict and enforceable deadlines for the appearance of new counsel to represent Mr. Orian and Global. This is no ordinary situation. This Court should be aware that the public litigation record is littered with instances of lawyers representing Mr. Orian and Global seeking to withdraw from the cases in which they are involved. Without the strict deadlines Plaintiff is advocating, we are concerned that Mr. Orian and Global will hold this Court and Plaintiff hostage indefinitely while Defendants search for new counsel under circumstances where new counsel may very well never be found.

Plaintiff recommends in the strongest possible terms that, at the hearing on counsel's Motion to Withdraw, this Court order Mr. Orian to appear personally. Such a hearing would permit this Court to question Mr. Orian closely about (1) the steps he proposes to take in light of the prevailing circumstances to secure new counsel for himself and for Global, and (2) how long he expects that search for new counsel to take. Mr. Orian and Global have surely thought about these issues already at some length. After all, in the Motion to Withdraw, Mr. Orian's current counsel makes clear that, "Counsel gave formal notice to Defendants of their intention to withdraw on May 23, 2007 -- seven days before the filing of this Motion and weeks after Defendants were aware of the differences leading to this Motion . . .." Memorandum of Point & Authorities at 4.

I.     PLAINTIFF'S CLAIM FOR FEES ARISES OUT OF ONLY ONE INSTANCE IN
       WHICH DEFENDANTS HAVE FAILED TO PAY THEIR ATTORNEYS

In their Motion, Defendants' counsel raise confidentiality concerns which Defendants
have not waived.  In such instances, it is typical before deciding a motion to withdraw for a court
to hold an *in camera* hearing to inquire into the reasons for the requested withdrawal.  Since
Plaintiff may well not be permitted to participate in such discussions, Plaintiff can only make
certain assumptions about the reasons Defendants' counsel will advance to justify their desire to
quit this litigation.  If the "irreconcilable differences" between counsel and Defendants is a
failure by Defendants to pay their legal fees, this Court should take into account other instances
where this same problem has occurred.[1]

In the instant case, Plaintiff will prove at trial that Defendants requested Plaintiff to take
over from Defendants' prior counsel the defense of a Department of Labor ("DOL" )
Administrative Proceeding which had previously been handled by another law firm.  The terms
of Plaintiff's engagement were memorialized in an engagement letter dated November 14, 2005.
Complaint ¶ 14.  Beginning on December 6, 2005, and continuing until July 7, 2006, Plaintiff

---

[1]  It is possible that other reasons might be proffered in support of the Motion to
Withdraw.  In that regard, this Court should note that D.C. Rules of Professional Conduct 1.6
was amended, effective February 2, 2007.  The new Rule allows disclosure of client fraud,
including fraud on this Court.  This change is significant because, although 1.6 does not require
disclosure, Rule 3.3 of the D.C. Rules states, "A lawyer who receives information clearly
establishing that a fraud has been perpetrated upon the tribunal should properly take reasonable
remedial measures, including disclosure to the tribunal to the extent disclosure is permitted by
Rule 1.6(d)."  Now that disclosure is allowed under Rule 1.6, we submit that a reasonable
reading of Rules 1.6 and 3.3 together is that the Rules require disclosure of such fraud, including
a fraud on this Court.  We bring this Rule change to the attention of this Court in this instance so
that this Court may probe with particular thoroughness into the reasons for counsel's desire to
withdraw in any *in camera* inquiry this Court may undertake.

rendered to Defendants monthly invoices accounting to Defendants for the legal services Plaintiff

had performed during the preceding month and for the reimbursable expenses Plaintiff had

incurred during the same period on Defendants' behalf.  Complaint ¶ 21-26.

Early in the representation, Orian and Global began falling behind on their payment

obligations to Plaintiff under the engagement agreement.  Plaintiff repeatedly expressed concern

to Orian and Global about the worsening payment situation.  Orian and Global induced Plaintiff

to continue working despite their mounting delinquency by providing Plaintiff with unqualified

assurances that they would pay all Plaintiff's invoices in full as soon as possible.  At trial,

Plaintiff will prove that such unqualified assurances were provided by Orian and Global at

numerous times, including on the following dates:  February 23, 2006; March 7, 23, and 29,

2006; May 3, 10, 22, and 24, 2006; July 7 and 17, 2006; and, August 16, 2006.  Complaint ¶ 28.

With Defendants' acquiescence, Plaintiff withdrew from the DOL Proceedings on June

21, 2006, and thereafter parted company with Defendants.  Complaint ¶ 23.  By July 7, 2006,

Orian and Global had accumulated unpaid bills of $177,138.36, none of which Defendants have

ever paid, thereby forcing Plaintiff to file this action on August 31, 2006.   Complaint ¶ 24.

Plaintiff is by no means the first law firm to be abused by Mr. Orian and Global.  In

February 2006, the United States District Court for the Eastern District of Washington granted

the motion to withdraw of the Washington firm of Davis Wright Tremaine, L.L.P. as counsel for

Global in a class action lawsuit.  See Order Granting Motion to Withdraw as Attorney of Record,

*Perez-Farias v. Global Horizons, Inc.*, Civil Action No. CV-05-3061 (E. D. WA.)[attached as

Exhibit A].  In that case, Global accumulated fees of approximately $169,000.00, against which

the firm held only $40,000.00 in its trust account as an initial retainer.  As in the instant case,

- 4 -

Global initially provided Davis Wright some payments, but eventually ceased paying altogether, thereby occasioning the law firm's Motion to Withdraw.  In that case, the court allowed the firm to withdraw despite the fact that Global at the time had no replacement counsel.  Nevertheless, the court ruled as follows: "Accordingly, upon withdrawal, Global must expeditiously secure substitute counsel.  If Global fails to secure substitute counsel, Global faces the risk of having default judgment entered against it in this action, pursuant to LR 83.6."  Exhibit A, at 5-6.[2]

Additionally, Plaintiff notes that counsel for Global in other jurisdictions are also currently filing Motions to Withdraw.  In the Perez-Farias case, referred to previously, Global's local counsel recently filed a Motion to Withdraw, which the court denied.[3]  In another Global case, *Global Horizons, Inc. v. Del Monte Fresh Produce N.A., Inc.*, Case No. 06-22315 (S. D. Fl.), counsel in the case at bar, Kari Hong, and her co-counsel, Steven Koslowski, have moved to withdraw as counsel for Global in that case, again, as here, citing "irreconcilable differences."

---

[2]  It appears that LR 83.6 in the Eastern District of Washington prohibits a corporation from appearing *pro se*.  Although this Court's local Civil Rules do not appear to have such a requirement, it is well established that a corporation must be represented by counsel.  *Rowland v. Cal.Men's Colony*, 506 U.S. 194, 201-02, 121 L. Ed. 2d 656, 113 S. Ct. 716 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel")(citing *Osborn v. President, Directors & Co. of Bank*, 22 U.S. 738, 9 Wheat. 738, 829, 6 L. Ed. 204 (1824)); *Simbraw v. United States*, 367 F.2d 373, 373-74 (3d Cir. 1966).

[3]  The Court has also ordered daily sanctions against Global Horizons and Mr. Orian in that case for discovery failures.  *Perez-Farias v. Global Horizons, Inc.*, Civil Action No. CV-05-3061 (E. D. WA.), Docket No. 458 (May 18, 2007).  Mr. Orian has responded that Global Horizons cannot pay $15,000 in sanctions because of financial difficulties.  Declaration of Mordechai Orian in Regard to Payment of Sanctions Under Court Order of May 18, 2007, *Id.* at Docket No. 491 (June 1, 2007).  The Declaration makes no mention of Mr. Orian's own finances, although he is also a subject of the Sanctions Order.

In light of the foregoing, whatever the reason may be for the attorneys representing Global and Mr. Orian in various jurisdictions to move to withdraw as counsel, the fact that the counsel for Mr. Orian and Global in the instant case desire to do the same thing must be considered in its full context.   The critical issue here is whether Plaintiff will be prejudiced by Defendants' counsel's disappearance from this case.   Given that Defendants are becoming notorious for having difficult relationships with their lawyers, a fact exacerbated by their disturbing pattern of leaving their lawyers with significant uncollected receivables, it is reasonable to anticipate that Defendants in this case are likely to find it very difficult to persuade lawyers to replace their current counsel in this matter, thereby precipitating a potentially indefinite delay in the current proceedings.

II.     PLAINTIFF WILL BE PREJUDICED IF NEW COUNSEL DO NOT MAKE A
        PROMPT APPEARANCE IN THIS CASE

In support of the Motion to Withdraw, Defendants' counsel assert, among other things, that there are no motions pending "at this time."  Memorandum at 2.  That is  incorrect.  On or about March 19, 2007, Defendants filed a Motion to Amend Answer and Counterclaims. Plaintiff opposed that Motion on March 30, 2007.  That Motion remains pending.

Defendants' counsel also contend that: "[T]his motion is being sought at a time where there will be minimal impact to the proceedings and on Defendants' rights."  Memorandum at 3. Since Defendants have apparently consented to their counsel's departure from this case, the principal concern of this Court should not be the interests of Defendants, but rather the interests of Plaintiff.  In addition, Defendants' counsel's assurance that their disappearance from this matter will not engender significant delay makes no sense unless substitute counsel enters this

case immediately and is ready to go forward on the schedule already established by this Court.
Given the challenges which Defendants are likely to encounter in identifying and engaging
substitute counsel, it seems highly unlikely that Defendants will secure new counsel within a
time frame which will permit this litigation to proceed on this Court's current schedule.

Under this Court's current scheduling order, on June 22, 2007, the parties are required to
submit to this Court a Status Report as to current and future discovery issues.  On June 29, 2007,
proponent's expert witness reports are due to be exchanged.  The latter requirement includes
reports by experts engaged by Defendants to support Defendants' claims for legal malpractice.  In
their Motion, Defendants' counsel assert that they have identified for Defendants an expert
witness "who, if retained by Defendants, would be able to provide an expert report [required
under Rule 26(a)(2)(B)] by the deadline of June 29, 2007." Memorandum at 2.

The reality is that, under the prevailing circumstances, there is no way of knowing
whether Defendants' will be willing to expend the  resources necessary to "retain" the expert
witness counsel claim they have identified.  In addition, when new counsel enters this case, such
new counsel will undoubtedly desire to make their own, independent assessment of whether
Defendants' expert witness is appropriately qualified and willing to render all the opinions
Defendants will require in order adequately to support Defendants' Counterclaim.

In addition, on April 24, 2007, the parties jointly moved to extend the deadlines in the
current discovery schedule to allow them time to engage in settlement discussions.  Now,
suddenly, in the middle of the period set aside for settlement discussions, Defendants' counsel
has asked this Court to be allowed to withdraw from this case, thereby making difficult
settlement discussions all the more so.

In the event that this litigation is not resolved by settlement, the parties will soon return to the thick of litigation. On the one hand, it makes no sense to force Defendants' current counsel to continue to litigate this matter on Defendants' behalf for a time, only to have them exit the case at a later date. On the other hand, it is also plainly prejudicial to Plaintiff to allow Defendants to delay the further progress of this case indefinitely while they search for new counsel.

By the time this Motion is ripe for decision, Defendants will have been on notice of their counsel's intention to withdraw for more than a month. From their prior experience in the *Perez-Farias* case in Washington State, where Davis Wright Tremaine was allowed to withdraw as counsel for Global, Orian and Global are aware that Global cannot proceed in this case without counsel. As a result, Orian and Global have already had ample time to prepare for this development.

Accordingly, Defendants should be given no more than 30 days from the May 27, 2007, filing of the Motion to Withdraw to secure new counsel. Such time period would end on June 26, 2007. If Defendants are in fact able to secure new counsel by that date, such new counsel will almost certainly seek additional time to get themselves in a position to move this litigation forward. Should Defendants object to the thirty-day limitation on the time to secure new counsel, this Court should order Mr. Orian to attend the hearing on counsel's Motion personally to explain to this Court what steps he and Global intend to take to secure new counsel and to make representations to this Court concerning how long he and Global expect that process to take. Having Mr. Orian in the courtroom personally is critical in that it would permit this Court

to explain to Mr. Orian the seriousness of this situation and the implications of the Defendants' failure to comply with this Court's orders.

III.     CONCLUSION

For the foregoing reasons, Plaintiff opposes Defendant counsel's Motion as presented. Nevertheless, Plaintiff consents to the current counsel's immediate withdrawal as long as this Court also imposes a thirty-day deadline (to expire on June 26, 2007) for Mr. Orian and Global to secure new counsel.  Failing compliance with that deadline, this Court should enter a default judgment against Global on the Complaint and dismiss Global's Counterclaim against Plaintiff, and this Court should require Mr. Orian to proceed with this litigation forthwith *pro se*.

Respectfully submitted,

BERLINER, CORCORAN & ROWE, L.L.P.


By:   /s/ Thomas E. Wilson
       Thomas E. Wilson #132704
       1101 17th Street, N.W., Suite 1100
       Washington, DC 20036-4798
       (202) 293-5555 – (202) 293-9035 (fax)
       twilson@bcr-dc.com
       Plaintiff, *Pro Se*


JORDAN COYNE & SAVITS, L.L.P.


By:    /s/ John Tremain  May
       John Tremain May #294199
       1100 Connecticut Ave., N.W., Suite 600
       Washington, D.C.  20036
       (202) 496-2805 –  (202) 496-2800 (fax)
       jmay@jocs-law.com
       Attorneys for Berliner, Corcoran & Rowe,
       L.L.P. in defense of the Counterclaim

- 9 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| JOSE GUADALUPE PEREZ-FARIAS, et al., | ) ) ) | NO. CV-05-3061-MWL |
| Plaintiffs, | ) ) | ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD |
| vs. | ) ) ) | |
| GLOBAL HORIZONS, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

Before the Court is a motion for leave to withdraw by counsel of record for defendants Global Horizons, Inc. and Platte River Insurance Company. (Ct. Rec. 51). The law firm of Davis Wright Tremaine LLP (the "Firm") seeks to withdraw as counsel for Defendants ("Global") in this possible class action which seeks damages and injunctive relief against Global for allegedly denying or terminating Plaintiffs from agricultural employment in 2004, because Defendants allegedly systematically and intentionally preferred H-2A laborers from Thailand, in violation of federal and state law. (Ct. Rec. 1).

///

///

-1-

Exhibit A

Plaintiffs filed a response and objection to the Firm's
Motion to Withdraw on January 12, 2006. (Ct. Rec. 53). This
matter came on for hearing, without oral argument, on February 10,
2006. For the reasons discussed below, this Court GRANTS the
Firm's motion to withdraw.

### BACKGROUND

### The Firm's Representation of Global

On or about August 8, 2005, the Firm entered into an
agreement to represent Global. (Ct. Rec. 59). The terms of the
agreement required Global to submit a $40,000.00 retainer with the
understanding that the Firm may require that the retainer be
increased to an amount reasonably necessary to cover fees and
costs in excess of the retainer that would likely be incurred in
the course of trial preparation and trial. *Id.*

### Break Down Of Attorney-Client Relationship

The Firm indicated that it has become necessary for it to
withdraw as counsel of record for Global due to Global's failure
to fulfill its obligations to the Firm regarding timely payment of
fees and adequate assurances and security for such payment in the
future. (Ct. Rec. 51, p. 2). The Firm related that Global has
failed to pay agreed upon attorney fees, thus not abiding the
terms of the retainer agreement, and the Firm currently has
outstanding unpaid bills to Global in the total amount of
$169,006.02, against which it holds only $40,000.00 in its trust
account as an initial retainer. (Ct. Rec. 59, p. 2).

According to attorney Marvin Gray's Declaration, Global
initially paid none of its monthly bills for the Firm's services,
and, by early December, Global did not return telephone calls from

the Firm's accounting department seeking information on when payment would be made. (Ct. Rec. 59, p. 3). As a result, the Firm advised Global on December 8, 2005 that it would suspend work unless it was brought current and satisfactory arrangements were made to prevent future payment delays. (*Id.*) On December 12, 2005, Global sent checks in payment for the Firm's initial invoices for work performed, but Global erroneously stopped payment on one of the checks. (Ct. Rec. 59, p. 3). On December 16, 2005, Global indicated that a replacement check would be sent by Federal Express that day. (*Id.*) On December 20, 2005, when no check had been received by the Firm, Global was advised that the Firm was suspending work and would move for leave to withdraw unless it was brought current and satisfactory arrangements were made to secure future payment. (Ct. Rec. 59, p. 3). Global was warned that if the Firm was forced to withdraw, and Global did not secure substitute counsel, judgment would likely be entered against it by default. (*Id.*) The replacement check was received shortly thereafter (and apparently had been sent before the December 20, 2005 message). (*Id.*) However, Global still owed the Firm approximately $170,000.00 for outstanding invoices and unbilled work in process (exclusive of the retainer). (Ct. Rec. 59, pp. 3-4).

Attorney Gray repeatedly attempted to get Global to provide funds to secure its obligation, without success, and again warned Global of the danger of default should the Firm be forced to withdraw. (Ct. Rec. 59, p. 4). Attorney Gray declared that Global has not paid what the Firm is owed and has not made arrangements for future payments. (*Id.*) He further declared that

1  Global has "in a general way" stated it is seeking substitute

2  counsel. (*Id*.)  Attorney Gray indicated that the Firm's

3  relationship with Global is strained, communications are difficult

4  at best, and he foresees serious difficulties in connection with

5  tactical decisions that will need to be made in connection with

6  Plaintiffs' motion for class certification. (Ct. Rec. 59, pp. 4-

7  5).

8  **Plaintiffs' Response**

9  Plaintiffs submitted a response and objection to the Firm's

10 motion to withdraw on January 12, 2006. (Ct. Rec. 53).

11 Plaintiffs indicated that they actively oppose the withdrawal of

12 Attorney Gray and the Firm from representation of Global. (*Id*.)

13 Plaintiffs assert that, according to Local Rule 83.6, a

14 corporation may not appear pro se; therefore, a motion to withdraw

15 without substituted counsel is inappropriate.  Plaintiffs claim

16 that the motion to withdraw should be denied pending the filing of

17 a notice of appearance from a substituting counsel on behalf of

18 Global. (*Id*.)

19 **DISCUSSION**

20 A motion for leave to withdraw must demonstrate good cause

21 for the withdrawal.  LR 83.2(d)(5).  This Court's Local Rule

22 83.2(d) addresses attorney withdrawal and provides, in pertinent

23 part, that the authority and duty of the attorney of record shall

24 continue until withdrawal is approved by the Court or there is a

25 substitution of counsel, and no attorney shall withdraw his or her

26 appearance in any cause without leave of the Court, and only after

27 notice is served on his client and opposing counsel.  LR

28 83.2(d)(4) & (5).  Moreover, when an attorney having appeared in a

-4-

1  cause withdraws a party for whom he or she was acting as attorney
2  must, before any further proceedings are had in the action on that
3  party's behalf, appoint another attorney.  LR 83.2(d)(3).

4      Here, attorney Gray contends good cause exits to withdraw
5  because the relationship between the Firm and Global is strained
6  and productive communication is difficult at best.  (Ct. Rec. 59).
7  Attorney Gray argues that Global has failed to cooperate with the
8  Firm's requests to pay the agreed upon legal expenses.  (*Id.*)
9  Therefore, the Firm alleges it can no longer effectively represent
10  Global.  According to attorney Gray's declaration, the Firm has
11  taken reasonable steps to avoid foreseeable prejudice to the
12  rights of Global, including giving notice to Global that the Firm
13  was seeking withdrawal, notifying Global of the need to obtain new
14  counsel, and warning Global of the danger of default should Global
15  fail to find substitute counsel.

16      This Court finds that Global's failure to cooperate with
17  counsel and pay the accrued legal expenses warrants withdrawal
18  under LR 83.2(d).  There is no compelling reason to burden the
19  Firm with the task of continued representation of Global without
20  payment of its fees and costs.  The Court further finds that the
21  Firm must provide Global with all papers and property pertaining
22  to this action to which Global is entitled and must comply with
23  all other applicable laws and rules.  The Firm must also serve on
24  Global a copy of this order granting its motion to withdraw and
25  file a proof of such service with this Court.

26      However, Local Rule 83.6 holds that a corporation may not
27  appear in any action or proceeding pro se.  LR 83.6.  Accordingly,
28  upon withdrawal, Global must expeditiously secure substitute

1  counsel.  If Global fails to secure substitute counsel, Global

2  faces the risk of having default judgment entered against it in

3  this action, pursuant to LR 83.6.

### CONCLUSION AND ORDER

5      For the reasons discussed above, this Court:

6      1.  **GRANTS** the Firm's motion to withdraw (**Ct. Rec. 51**);

7      2.  **ORDERS** the Firm to provide Global all papers and

8  property pertaining to this action to which Global is entitled and

9  to comply with all other applicable laws and rules;

10      3.  **ORDERS** the Firm, no later than **ten (10)** days following

11  the service of this order, to serve a copy of this order upon

12  Global and to file a proof of such service with the Court;

13      4.  **DIRECTS** the District Court Executive to serve a copy of

14  this order on Mr. Mordechai Orian, President and Chief Strategic

15  Officer of Global, at 11111 Santa Monica Blvd., Suite 1440, Los

16  Angeles, California 90025-3348;

17      5.  **INFORMS** Global that it must retain substitute counsel

18  and file a substitution of attorney form with this Court within

19  **thirty (30)** days from the date of this order;

20      6.  **FURTHER INFORMS** Global that, as a corporation, Global

21  may participate in the action only through an attorney, and its

22  failure to retain an attorney within thirty days from the date of

23  this order may lead to the entry of default judgment against it

24  pursuant to LR 83.6; and

25      7.  **STAYS** all pending motions until the current issue

26  regarding Global's retention of new counsel is resolved.

27  ///

28  ///

Within **forty-five (45)** days from the date of this order, this Court shall set a telephonic scheduling conference to address the status of this case and to set new dates.

IT IS SO ORDERED.

**DATED** this ___17^(th)___ day of February, 2006.

                              s/Michael W. Leavitt
                          MICHAEL W. LEAVITT
                          UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BERLINER, CORCORAN & ROWE, LLP    :
                                        :

        *Plaintiff-*    :
        *Counterclaim Defendant*,    :

                                          :

v.    :    Case No.: 1:06-CV-01543(CKK)

                                          :

MORDECHAI ORIAN, et al.    :

                                          :

        *Defendants -*    :
        *Counterclaimants*.    :

## **O R D E R**

       Upon consideration of the Motion to Withdraw of Defendants' Counsel and the

Opposition thereto, it is this _____ day of _____, 2007,

       ORDERED, that all counsel, Mordechai Orian, and a representative of Global Horizons,

Inc. shall personally appear on the _____ day of June, 2007 at ___:____ a.m./p.m. at which time

the Court will hear oral argument on the Motion.  Mr. Orian and the representative of Global

Horizons shall be prepared at that time to advise the Court of efforts they have made to secure

new counsel and of their estimate of the time it will require them to secure new counsel.

                                          _____

                                          United States Judge

copies electronically served on:

Thomas E. Wilson, Esquire
John Tremain May, Esquire
Alyson A. Foster, Esquire
Kari E. Hong, Esquire