UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BERLINER, CORCORAN & ROWE, L.L.P., ) | |
| *Plaintiff*, ) | |
| v. ) | |
| MORDECHAI ORIAN, ) | Case No. 1:06-CV-01543 |
| GLOBAL HORIZONS, INC., ) | The Honorable Colleen Kollar-Kotelly |
| *Defendants*. ) | |

**MOTION TO EXTEND TIME TO FILE PROPONENT'S RULE 26(a)(2)(B)
STATEMENT AND FOR A STAY**

Defendants, Mordechai Orian and Global Horizons, Inc., by counsel, respectfully move the Court to extend the time to file Proponent's Rule 26(a)(2)(B) statement as they are unable to submit the statement at this time without substantially jeopardizing the underlying administrative proceedings. Furthermore, Defendants move the Court to stay the proceedings in this case until the underlying administrative proceedings are concluded.

**I.   PROCEDURAL BACKGROUND**

In or around 2005 and 2006, Plaintiff provided legal services to Defendants in an administrative proceeding brought by the United States Department of Labor (the "DOL Proceeding"). Plaintiff and Defendants ("Parties") dispute the adequacy and competence of Plaintiff's representation of Defendants, which representation ended in or around June of 2006. In 2005 and 2006, Plaintiff issued bills for legal services to Global Horizons that totaled

1

approximately $330,000. Global Horizons objected to the amounts of some or all of those bills, and ultimately paid Plaintiff approximately $153,961.02. Defendants obtained different counsel in or around the summer of 2006. The DOL Proceeding is ongoing.

On February 1, 2007, the Parties filed a Joint Request for Discovery Status Conference (Dkt. No. 24). The Parties stated that because the adequacy of Plaintiff's representation of Defendants in the administrative proceedings is squarely at issue, most, if not all, of the applicable documents and information would be protected by the attorney-client privilege and the work product doctrine. They further agreed that because of the relevance of those documents and information to the claims and defenses in this case, and in recognition of the implicit waiver of such privilege in the context of a malpractice claim, Defendants shall produce responsive documents and information subject to a confidentiality agreement. *Id.* at 2.

On February 14, 2007, the Court ordered the Parties to submit a discovery plan on or before March 2, 2007, to include, *inter alia*, proposed dates by which the parties would exchange any written discovery *that does not raise the privilege issues* and propose a date by which they would submit to the Court a Status Report regarding the foregoing discovery *and whether they believe a stay would be required in light of the ongoing administrative proceeding*. (Dkt. No. 25). "If the parties believe a stay will be necessary, they shall indicate to the Court in their Status Report whether the stay would apply to the case as a whole or a piece thereof, and whether they anticipate lifting the stay as the administrative proceeding progresses." *Id.*

In accordance with the Court's Order, the Parties submitted a Joint Discovery Plan on March 2, 2007, in which they proposed to submit a Status Report on or about April 17, 2007

regarding discovery and whether a stay would be required in light of the ongoing administrative proceeding. (Dkt. No. 26).

On April 16, 2007 and April 24, 2007, the Parties jointly moved the Court to extend the deadlines to submit the Joint Statement Report. (Dkt. No. 31, 32). The Court granted both motions and in the April 25, 2007 Order, further scheduled a status hearing for January 11, 2008.

On June 21, 2007, the Parties filed the Joint Status Report. (Dkt. No. 35). The Parties informed the Court that they have engaged in an exchange of documents, except for one category of documents. *Id.* at 1. The Parties explained that the production was made pursuant to an agreement between the Parties under which Plaintiff agreed not to disclose the documents produced to third parties without first providing Defendants with notice and ten days in which to file for a protective order. *Id.* The Parties further stated that the DOL proceedings were ongoing and that the Parties were not certain when they would be closed. The Parties concluded that due to the uncertainty created by the withdrawal of Defendants' counsel, it was difficult to address the possible need for a stay. *Id.* at 2.

The current deadline for filing the Proponent's Rule 26(a)(2)(B) statement is August 24, 2007. Defendants have contacted the Plaintiff to discuss the motion pursuant to Local Rule LCvR 7(m) and have been informed Plaintiff opposes the motion.

## II.     DEFENDANTS ARE UNABLE TO FILE AN EXPERT REPORT AT THIS TIME WITHOUT SUBSTANTIALLY JEOPARDIZING THE UNDERLYING ADMINISTRATIVE PROCEEDING

Under Rule 26(a)(2)(B) an expert report must be conducted in a certain way and must contain certain information. At this stage, producing a report that complies with these requirements is not possible for Defendants.

Rule 26(a)(2)(B) stipulates, *inter alia*, that the "report shall contain a complete statement of all opinions to be expressed and the basis and reasons thereof; the data or other information considered by the witness in forming the opinion; any exhibits to be used as a summary of or support for the opinions…"

First, as the underlying DOL proceeding is still pending, it will be impossible for the expert to properly ascertain the damages in this case – the matter is still ongoing. Therefore, the expert will not be able to produce a report that "shall contain a complete statement of all opinions to be expressed and the basis and reasons thereof."

Second, in order for the expert to form her opinion all "the data or other information" must first be provided to her. As stated above, most, if not all, of the documents and information in this case are protected by the attorney-client privilege and the work product doctrine. The documents reveal Defendants' strategies and decisions in the administrative proceedings. Indeed providing these documents and information to an expert would de facto waive the Defendant's right to the privilege, as any third party including the DOL, could and probably would subpoena said expert and thereafter have access to all the documents and information to which the expert was privy. To date, this information has remained immune from discovery by the DOL as protected by the attorney-client privilege and/or work product doctrine.

As the Parties explained in the June 21, 2007 Joint Status Report, the production to Plaintiff was made only pursuant to a confidentiality agreement between the Parties that provided the Defendants with some basic safeguards. This was an absolute necessity for Defendants who have worked tirelessly to try and produce as many responsive documents to Plaintiff, while remaining diligent about the privilege they stand to lose. Indeed, under the law

of this Circuit, even a production made pursuant to such confidentiality agreement effectuates a total waiver of the attorney-client privilege and work product doctrine in *other* proceedings. *See Najavo Nation v. Peabody Holding Cos., Inc.,* 209 F. Supp. 2d 269, 283-86 (D.C.C. 2002) (noting that "[t]he D.C. Circuit has consistently rejected the validity of "limited waiver" agreements " and holding that otherwise privileged documents produced in one litigation pursuant to a confidentiality order effectuated a total waiver and thus were discoverable in a separate litigation). The waiver is broad, and reaches both specific documents produced and any other communications regarding the same subject matter. *In re Sealed Case,* 877 F.2d 976, 980-81 (D.C. Cir. 1989).

At this stage, allowing the exposure of all of these documents by an expert to potential third parties, including the DOL, would eradicate all of the time and effort spent to protect Defendants' rights and, would irrevocably unfairly prejudice the Defendants' position in the DOL matter.

### III.   THERE HAS BEEN PROGRESS IN THE ADMINISTRATIVE PROCEEDINGS THAT POTENTIALLY CAN BRINGING THE CONCLUSION OF SAID PROCEEDING

The status of the administrative proceedings is yet to be resolved. Discovery formally closed in those proceedings in February 2006. The DOL, however, has continued to serve discovery requests on Global Horizons and to file motions to compel. Global Horizons and Mr. Orian have objected strenuously to the DOL's discovery requests and moved for a protective order that would close any further discovery in those proceedings.

As was previously reported, on January 24, 2007 the DOL filed a request for presiding Judge William R. Dorsey ("Judge Dorsey") to rule on the pending discovery motions and set a discovery schedule. (Dkt. No. 24, at 4).

On July 19, 2007, Judge Dorsey ruled on the pending discovery motions. The Judge granted the DOL's motion to compel and denied Defendants' motion for a protective order. *See* Order attached hereto. The Judge gave specific orders for the remaining discovery matters. *Id.*

Although no trial date has been set at this time, final discovery efforts are taking place and Defendants expect a trial date to be set shortly.

**IV. THE CURRENT SITUATION REQUIRES A STAY UNTIL THE RESOLUTION OF THE ADMINISTRATIVE DOL PROCEEDING**

All responsive documents and information that could have been produced under the current circumstances have been produced. Any further production would entail waiving Defendants' privileges and, at this juncture, would substantially jeopardize the underlying administrative proceeding. At this point, therefore, the parties are unable to move forward and a stay of proceeding is appropriate.

The administrative proceeding ultimately will be resolved and Global Horizons is taking every step to move the proceeding toward its conclusion. Until such time, Defendants submit that the DOL may be able to seek additional discovery from Global Horizons and Mr. Orian. If Global Horizons and Mr. Orian must produce otherwise protected information in this case, they no longer would be able to withhold sensitive strategic information in the administrative proceedings. Indeed, the Court had not scheduled any further hearings in this case for the next several months, but for the status hearing the Court scheduled for January 11, 2008.

## V.    CONCLUSION

In sum, each party is prepared and willing to pursue the discovery process in an expeditious manner and adhere to this Court's Scheduling and Procedures Order. Until the underlying administrative proceedings are finally resolved, however, a more complete production by Defendants in this case would severely threaten their position in those proceedings. Because all parties wish to proceed in this case, but discovery has been forestalled by Defendants' concerns about the potential negative impact on the underlying administrative proceeding, Defendants respectfully request the Court to extend time to file the expert report and stay the proceedings in this case until the underlying administrative proceeding is concluded.

Dated:  August 24, 2007                                    Respectfully submitted,

                                                           MESIROW & STRAVITZ, PLLC


                                                   By:    /s/ Eric N. Stravitz
                                                          Eric N. Stravitz  (D.C. Bar #438093)
                                                          1307 New Hampshire Avenue, NW
                                                          Suite 400
                                                          Washington, DC 20036
                                                          P:  (202) 463-0303
                                                          F:  (202) 861-8858
                                                          Eric@metroDClaw.com

                                                          *Counsel for Defendants Mordechai Orian and*
                                                          *Global Horizons, Inc.*

OF COUNSEL:
Chrystal L. Bobbitt, Esq.
11111 Santa Monica Blvd. Suite 1440
Los Angeles, CA. 90025
P: 310.234.8475 x106
F: 310.234.0786
chrystal@gmpusa.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                            )
BERLINER, CORCORAN & ROWE, L.L.P.,   )
                                                            )
              *Plaintiff,*               )
                                                            )
      v.                                              )
                                                            )
MORDECHAI ORIAN,                        ) Case No. 1:06-CV-01543
GLOBAL HORIZONS, INC.,                ) The Honorable Colleen Kollar-Kotelly
                                                            )
              *Defendants.*           )
_____)

## ORDER

Upon considering Defendants' Motion to Extend Time to File Proponent's Rule 26(a)(2)(B) Statement and for a Stay, and any opposition thereto, and with good cause being shown, it is this _____ day of _____, 2007,

**ORDERED**, that this case is hereby stayed, and further,

**ORDERED**, that once the underlying United States Department of Labor Proceeding has concluded, the Defendants must report to this Court within **one week** of such conclusion, so that this case may proceed.

                                                                  _____
                                                                    Colleen Kollar-Kotelly
                                                                    United States District Judge

Copies (via electronic filing) to all counsel