UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BERLINER, CORCORAN & ROWE, LLP :
:
*Plaintiff-* :
*Counterclaim Defendant*, :
:
v. : Case No.: 1:06-CV-01543(CKK)
:
MORDECHAI ORIAN, et al. :
:
*Defendants -* :
*Counterclaimants*. :

PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO
DEFENDANTS' MOTION FOR EXTENSION OF TIME AND FOR STAY

Plaintiff, by counsel, hereby supplements its Opposition to Defendants' Motion for Extension of Time to File Rule 26(a)(2)(b) Statement and for a Stay. This supplement responds to the "Response to Order of The Court" of November 6, 2007, filed by Defendants on November 16, 2007. That response addresses two issues: First, Defendants appear to have decided to withdraw their Motion to Amend and intend to submit a new Motion. Plaintiff will address that Motion when and if it is filed.

Second, and more important, Defendants have advised the Court that they have decided to ignore the Court's Order requiring them to submit a draft Protective Order concerning the information in dispute in this case to the ALJ in the DOL matter.[1] At both the hearing, held on

---

[1] This revelation appeared as an "additional issue" raised as part of Defendants' Response to an Order to Show Cause concerning Defendants' failure to update the Court as to status of their Motion to Amend their Counterclaim. Although Defendants request to be relieved from the Court's Order to file a Motion for a Protective Order, they cite neither Rule nor law that would allow them to make such a request 10 days after the expiration of the Order.

October 16, 2007, and in a subsequent Minute Order, the Court ordered Defendants to submit the draft Order to the ALJ on or before November 6, 2007.

This Order was entered at the conclusion of a hearing on Defendants' contested Motion to continue the date for identifying expert witnesses and to impose a stay of unlimited duration on these proceedings pending a resolution of the DOL proceedings. Plaintiff opposed this Motion, citing, among other things, the significant prejudice to Plaintiff's efforts to recover its unpaid legal fees. At the hearing, the Court proposed two suggestions as an attempt to resolve the conflict between the relief requested by the Defendants and the prejudice to Plaintiff from granting such relief. One suggestion was for the Defendants to seek a Protective Order in the DOL proceedings that would address Defendants' concern that disclosure of confidential material to Plaintiff would, in turn, render such material discoverable by the DOL.

Although the Court's recollection of the hearing will control, Plaintiff recalls that counsel resisted the suggestion that a Protective Order be obtained in the DOL matter and specifically referenced Defendants' involvement in other lawsuits around the country. Nevertheless, it was Plaintiff's impression that the Court ultimately ordered Defendants to attempt to obtain a Protective Order. This step would not have foreclosed Defendants from subsequently arguing that any Protective Order actually obtained in the DOL matter would be insufficient to protect Defendants' attorney-client privilege. Defendants' refusal to take even this preliminary step eliminates any possibility of successfully resolving the waiver problem by the method proposed by the Court. Instead, Defendants unilaterally determined to ignore the Court's Order and then waited 10 days to advise the Court of its decision. Plaintiff is thus left in the same position it was at the status conference in mid-October.

At the hearing on the Motion to Stay, the Court suggested that another solution to the problem posed by Defendants' request for an unlimited stay would be to require the Defendants to pay into the Court registry the unpaid legal fees that are the subject of the fee dispute. The amount demanded in the Complaint for Legal Fees was $191,960.68, although with interest, that amount had grown to $223,668.44, as of August 24, 2007. In response to that suggestion, counsel pleaded poverty on behalf of Global Horizons, but said nothing about Mr. Orian's ability to comply with such an Order. In response to Plaintiff's request that Mr. Orian be required to pay the disputed fees into the Court, Orian's counsel suggested that she was unaware that Mr. Orian had also been a client of the Plaintiff in the underlying proceedings.

On that same day, Plaintiff provided Orian's counsel with a copy of the November 14, 2005, engagement letter in which Mr. Orian engaged Plaintiff to represent him personally in the DOL proceedings. A copy of that correspondence is attached hereto. This issue remains unresolved, and in light of Defendants' obstinance with respect to the other proposal suggested by the Court, Plaintiff would respectfully request that the Court order Mr. Orian to pay that money into Court.

Finally, at the same hearing, the Court ordered the Defendants to provide all pleadings and Orders from the DOL matter not under seal to Plaintiff on a going forward basis. To date, Plaintiff has received nothing from Defendants in that regard. In light of Defendants' track record so far, it is especially critical that Defendants be required to provide regular status reports relating to that matter (attaching pleadings and orders) on an ongoing basis until the DOL proceedings are concluded.

It is hoped that the Court will take some action in advance of the status conference set for January 11, 2008. Otherwise, Plaintiff will be in no different position than it was in at the last status conference in mid-October. Defendants filed their Motion for Stay in late August. Almost three months have passed, and they have effectively obtained what they wanted. Nothing has happened, and Plaintiff is no further towards it goal of recovering its unpaid legal fees.

      Respectfully submitted,

      BERLINER, CORCORAN & ROWE, L.L.P.

      By: /s/ Thomas E. Wilson
         Thomas E. Wilson #132704
         Jason A. McClurg #491172
         1101 17th Street, N.W., Suite 1100
         Washington, DC 20036-4798
         (202) 293-5555
         Plaintiff, *Pro Se*

      JORDAN COYNE & SAVITS, L.L.P.

      By: /s/ John Tremain May
         John Tremain May #294199
         1100 Connecticut Ave., N.W., Suite 600
         Washington, D.C. 20036
         (202) 496-2805 – (202) 496-2800 (fax)
         jmay@jocs-law.com
         Attorneys for Berliner, Corcoran & Rowe,
         L.L.P. in defense of the Counterclaim