**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERLINER, CORCORAN & ROWE, L.L.P., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| MORDECHAI ORIAN, ) | Case No. 1:06-CV-01543 |
| GLOBAL HORIZONS, INC., ) | The Honorable Colleen Kollar-Kotelly |
| ) | |
| *Defendants.* ) | |

### DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER COUNTERCLAIMS AND JURY DEMAND

Defendants, Mordechai Orian and Global Horizons, Inc. ("Defendants"), respectfully move the Court for leave to file a First Amended Answer Counterclaims and Jury Demand in this matter, pursuant to F.R.Civ.P. 15. The proposed First Amended Answer Counterclaims and Jury Demand is submitted herewith with additions and deletions clearly marked in blue and red respectively.

### INTRODUCTION

On or about August 31, 2006, the plaintiff Berliner, Corcoran & Rowe, LLP ("BCR" or "Plaintiff') filed a three-count complaint against Defendants seeking payment of bills for legal fees and expenses in connection with BCR's representation of Defendants in 2005 and 2006 in administrative proceedings before the United States Department of Labor (the "DOL Proceeding") .

On or about October 6, 2006, Defendants filed an answer, counterclaims, and jury demand. In that pleading, Defendants admit that they paid $153,961.02 of the bills issued by BCR and did not pay $153,961.02 of the bills issued by BCR. Defendants further dispute that they now owe BCR anything, for at least two reasons. First, the agreement between BCR and Defendants was for services and expenses not to exceed $20,000 per month and, at the conclusion of the DOL Proceeding, BCR's bills would not exceed an amount between $200,000 and $250,000. The monthly bills, however, consistently exceeded $20,000, the aggregate bills exceeded $330,000, and the DOL Proceeding was not concluded. Second, BCR failed to provide reasonably competent representation, thereby excusing Defendants from any payment obligations.

Based on BCR's breach of its agreement and failure to render reasonably competent counsel, Defendants filed six counterclaims against Plaintiff: Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Promissory Estoppel, Fraud and Misrepresentation, Unjust Enrichment, and Legal Malpractice.

In the course of its investigation of this case and in preparing responses to Plaintiff's discovery requests, Defendants' counsel has interviewed potential witnesses and reviewed hundreds of relevant documents. Through this investigation, Defendants' counsel has identified allegations contained in the Answer and Counterclaims that are inaccurate, as well as additional uncovered evidence.

Thus, to conform the pleadings to the facts uncovered in its ongoing investigation Defendants seek leave to file First Amended Answer Counterclaims and Jury Demand which amends the original Answer Counterclaims and Jury Demand in the following relevant ways:

First and foremost, paragraph 5 of Defendants' Answer currently admits that the allegation in the Complaint's "Jurisdiction" section that Mr. Orian is a citizen of California. In fact, however, Mr. Orian is not a "citizen of California" as that term is defined under federal law. Mr. Orian is a resident of California but a citizen of Israel. Defendants thus wish to amend the Answer to reflect the proper citizenship status of Mr. Orian.

Investigation has revealed the exact allegations and relief sought in the DOL Proceeding. The factual allegations in Defendants' counterclaims have been amended to reflect this better understanding of the facts.

Investigation of BCR's representation of Defendants in the DOL Proceeding has revealed that, in addition to the allegations currently set forth in the Counterclaims, BCR failed to competently defend against overbroad discovery requests from the DOL and failed to seek necessary discovery from the DOL. The factual allegations of Defendants' counterclaims and the First, Second, and Sixth Cause of Action have been amended to reflect this better understanding of the facts.

Investigation has revealed that BCR not only failed to respond competently to the DOL's proposed settlement agreement, but also failed to competently negotiate the agreement in the first place. The factual allegations of Defendants' counterclaims and the First, Second, and Sixth Cause of Action have been amended to reflect this better understanding of the facts.

Investigation has revealed that BCR did not charge excessive fees for meals. The factual allegations of Defendants' counterclaims and the causes of actions have been amended to delete such references.

Investigation has revealed that BCR's inadequate performance did not include preparation for or appearances at deposition, or a failure to advise Defendants of legal developments in the DOL proceedings. The factual allegations of Defendants' counterclaims and the causes of actions have been amended to delete such references.

Some stylistic changes were made that do not change any facts, theories, or allegations.

Finally, Defendant seeks to add an additional cause of action based on recently expressed theories of liability asserted by the plaintiff. At the last Status Conference on 10/29/07, plaintiff raised the issue that Mr. Orian should be required to post a bond for the entire amount of a potential judgment, arguing that Mr. Orian was personally liable for any sums due under the

retainer agreement. It was not clear at the time that the CounterClaim was drafted, that plaintiff intended to pursue a theory that would make Mr. Orian a guarantor of the debts of Global, rather than being liable to the extent of services rendered to Mr. Orian. It appeared, based on the complaint, that plaintiff purported to have rendered services to both Mr. Orian and Global as two distinct clients, as Mr. Orian and Global were named as codefendants in the underlying matter wherein plaintiff served as counsel. If, in fact, it is plaintiff's position that Mr. Orian became a personal guarantor for the services rendered to Global by the sole act of signing the rather ambiguous signature block with the printed phrase "and personally," then this raises an issue of unclear and misleading terms in the fee agreement, and gives rise to a new cause of action. The language of the agreement is devoid of appropriate language to create a surety and is insufficient and ineffective as a matter of law to create a surety relationship. Further there was no discussion, agreement, or meeting of the minds between the parties that plaintiff intended to make Mr. Orian a personal guarantor. As such, defendant would also amend the Counterclaim by adding a claim for Breach of Fiduciary Duty, based on the same facts already asserted. There would be essentially no new substantive facts needed to assert this additional theory of liability. The added claim reads as follows:

> Defendants reallege and incorporate by reference the preceding paragraphs.
>
> Global Horizons retained Plaintiff as counsel for Defendant to provide legal services in representing Defendant in an administrative action initiated by the U.S. Department of Labor. Plaintiff agreed to provide legal representation, and thereafter commenced to render services.
> Arising from this client-attorney relationship, Plaintiff owed to Defendants a fiduciary duty.
> Plaintiff breached its fiduciary duty by misleading Defendants as to the fee arrangement, overcharging for services rendered, charging for services never

> performed, and failing to provide the value of the services for which payment was received.
> Plaintiff also breached its fiduciary duty by failing to obtain from Defendants informed consent regarding Plaintiff's representation of potentially conflicting interests.
> Defendants have suffered and continue to suffer damages in an amount to be determined at trial arising from Plaintiff's acts and omissions.

Defendants met and conferred with Plaintiff prior to the original filing of this motion. The motion was withdrawn and is being re-filed with the same substantive changes set forth originally and objected to, as well as one additional cause of action based on statements made by Plaintiff at the October 29, 2007 Status Conference. Based on Plaintiff's previously filed opposition to this motion as well as plaintiffs expressed at the status conference on October 29, 2007, of its vehement opposition, further meet and confer attempts would be fruitless.

## MEMORANDUM

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party. "[L]eave shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id*. at 230. The court noted that a party ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. Although a court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id*. "[U]nless a substantial reason exists to deny leave to amend, the discretion of the

district court is not broad enough to permit denial." *Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1999).

Defendants seek to amend their Answer and Counterclaim to correct certain key factual allegations. The allegations Defendants wish to correct involve (i) the citizenship status of Mr. Orian, (ii) the representation provided by BCR to Defendants in the DOL Proceeding (iii) and the addition of the cause of action for Breach of Fiduciary Duty. With respect to Mr. Orian's citizenship status, Mr. Orian is a citizen of Israel and a resident of California. In this regard, the current admission in paragraph 5 of Defendants' Answer is false. With respect to the allegations regarding BCR's representation of Defendants in the DOL Proceeding, Defendants' investigation has uncovered that certain current allegations of inadequate representation are false, and that additional allegations of inadequate representation should be added. These alterations do not alter the legal theories for Defendants' defenses or claims, and do not significantly expand upon the factual predicate for those defenses and claims.

Thus, the proposed factual amendments can only help, and not hurt, this case. By seeking to correct factual errors and omissions, the amendments will help clarify the scope of Defendants' factual allegations and defenses and therefore the issues in this case. Moreover, the proposed amendments will ensure that Mr. Orian's correct citizenship status is reflected in this public document. *See Vann v. Kempthorne*, 467 F. Supp. 2d 56, 72 (D.D.C. 2006) (granting leave to amend a complaint to add new defendants in absence of any evidence showing undue delay, bad faith, or prejudice); and *Boyd v. District of Columbia*, 465 F. Supp. 2d 1, 3-4 (D.D.C. 2006) (granting leave to amend a complaint to add new claims where no prejudice is shown because amended claims were raised four months before the close of discovery).

Finally, amending the counterclaim to insert Defendants' proposed additional facts will not prejudice Plaintiff in any way, nor will the addition of the claim for Breach of Fiduciary Duty.  Prejudice is the touchstone of the inquiry under rule 15(a).  *Eminence Capital, LLC v. Aspeon*, Inc. 316 F.3d 1048, 1052.  Breach of fiduciary duty and legal malpractice are closely related causes of action in both fact and law. *Belmar v. Garza*, 319 B.R. 748, 752 (Bankr. D.C. 2004). Defendants' original Counterclaim included a cause of action for Legal Malpractice. Because of this similarity, Defendants' proposed additional cause of action does not allege any additional facts except that Plaintiff failed to obtain from Defendants informed consent.  The crux of "the liberal concepts of notice pleading embodied in the Federal Rules" is to make the defendant aware of the facts. *Hanson v. Hoffmann,* 628 F.2d 42, 53 (D.C. Cir. 1980).  "Unless a defendant is prejudiced on the merits by a change in legal theory, a plaintiff is not bound by the legal theory on which he or she originally relied." *Id.* at 53 n.11.

## CONCLUSION

Based on the foregoing, Defendants respectfully request the Court grant leave to file its First Amended Answer Counterclaims and Jury Demand as proposed and attached hereto.

//

//

//

//

//

//

Dated:          December 21, 2007                    Respectfully submitted by ,

| | |
|---|---|
| Chrystal L. Bobbitt, Esq.<br>By:  /s/ Chrystal L. Bobbitt<br>Chrystal L. Bobbitt (CA Bar # 218544)<br><br>11111 Santa Monica Blvd. Suite 1440<br>Los Angeles, CA. 90025<br>P: 310.234.8475 x106<br>F: 310.234.0786<br>chrystal@gmpusa.com<br>*Lead Counsel for Defendants Mordechai Orian and Global Horizons, Inc.* | MESIROW & STRAVITZ, PLLC<br>By:    /s/ Eric N. Stravitz<br>Eric N. Stravitz  (D.C. Bar #438093)<br><br>1307 New Hampshire Avenue, NW<br>Suite 400<br>Washington, DC 20036<br>P:  (202) 463-0303<br>F: (202) 861-8858<br>Eric@metroDClaw.com<br>*Local Counsel for Defendants Mordechai Orian and Global Horizons, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    John Tremaine May:     jmay@jocs-law.com
    Eric N. Stravitz:          Eric@metroDClaw.com


Dated this 21st day of December, 2007


  /s/ Chrystal L. Bobbitt, Esq.
Chrystal L. Bobbitt
Pro Hac Vice Counsel

9