**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____ )
BERLINER, CORCORAN & ROWE, L.L.P.,    )
                                      )
                    *Plaintiff,*       )
                                      )
        v.                            )
                                      )
MORDECHAI ORIAN,                      ) Case No. 1:06-CV-01543
GLOBAL HORIZONS, INC.,                ) The Honorable Colleen Kollar-Kotelly
                                      )
                    *Defendants.*      )
_____)


<u>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AS TO
INDIVIDUAL LIABILITY OF MORDECHAI ORIAN, OR IN THE ALTERNATIVE
SUMMARY ADJUDICATION**</u>
**[Fed. R. Civ. P. 56]**


TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, Defendant Mordechai Orian will and hereby does move for summary judgment, or in the alternative summary adjudication, dismissing all counts of Plaintiff's complaint, or in the alternative dismissing all claims against Mr. Orian, and the Breach of Contract Claim against Global. Oral argument has not been requested and no hearing date has been set for this motion.

This Motion is made on the grounds that overwhelming and incontrovertible evidence shows that Mr. Orian was never a contemplated party to the contract, and that any purported agreement between Mr. Orian and Plaintiff is void as illegal and against public policy. These same violations of public policy also establish impropriety in the retainer agreement that supports dismissal of some or all of the claims against Global as well. Summary Judgment and or

1

Adjudication therefore is warranted as a matter of law, pursuant to Federal Rule of Civil

Procedure 56.

 This Motion is based upon this Notice of Motion; the Memorandum of Points and

Authorities attached hereto; the declarations submitted in support hereof; the records and files

herein; and on such further evidence and argument as may be presented in connection with the

Motion.

Dated: December 31st, 2007    Respectfully submitted,

               MESIROW & STRAVITZ, PLLC

By: /s/ Chrystal L. Bobbitt___    By: /s/ Eric N. Stravitz___
Chrystal L. Bobbitt, Esq. (CA Bar # 218544) Eric N. Stravitz  (D.C. Bar #438093)
11111 Santa Monica Blvd.      1307 New Hampshire Avenue, NW
Suite 1440           Suite 400
Los Angeles, CA. 90025      Washington, DC 20036
P: (310)234-8475 x106      P:  (202) 463-0303
F: (310)234-0786        F:  (202) 861-8858
chrystal@gmpusa.com       Eric@metroDClaw.com

*Lead Counsel, Pro hac vice for Defendants* *Local Counsel for Defendants Mordechai*
*Mordechai Orian and Global Horizons, Inc.* *Orian and Global Horizons, Inc.*

`

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ————————————————————— )<br>BERLINER, CORCORAN & ROWE, L.L.P., )<br> )<br>*Plaintiff*, )<br> )<br>v. )<br> )<br>MORDECHAI ORIAN, )<br>GLOBAL HORIZONS, INC., )<br> )<br>*Defendants*. )<br>————————————————————— ) | Case No. 1:06-CV-01543<br>The Honorable Colleen Kollar-Kotelly<br><br>Date:<br>Time:<br>Courtroom: |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION

Defendants Global and Mordechai Orian ("Mr. Orian"), submit this memorandum in support of his motion to for summary judgment as to all claims set forth in the complaint, or in the alternative, summary adjudication of all claims against Mr. Orian.

## I.    INTRODUCTION

Global Horizons, Inc. ("Global"), a California corporation, is a company that was at all material times to this action, engaged in labor contracting services. Mr. Orian is Global's President and Chief Strategic Officer. Global was in the business of providing local and foreign farm workers to its clients pursuant to the regulations and provisions of the H-2A Guest Worker Program. (See generally 20 C.F.R. § 655.110).

On or about November 15, 2005, Global signed a retainer agreement (attached hereto as Exhibit A) with Berliner, Corcoran & Rowe, L.L.P., ("BCR") for legal services related to the U.S. Department of Labor Determination ("DOL") and Notice of Prospective Denial of Temporary Alien Agricultural Labor Certification for Three Years ("Debarment Action"). The

Debarment Action of the U.S. DOL stems from the alleged wrongful labor contracting conduct of Global as a company.  BCR undertook to represent Global in the DOL proceedings, but terminated services prior to the conclusion of the case, which is currently ongoing.  BCR commenced the instant action against Global and Mr. Orian alleging monies owed for legal services rendered the DOL proceedings.  Global has countersued BCR for professional malpractice alleging negligent, improper, and inadequate representation.

## <u>SUMMARY OF THE ARUMENT</u>

The complaint is for payment of services pursuant to a written agreement.  Plaintiff's complaint alleges joint and several liability against Mr. Orian and Global Horizons.  However there is no legal theory that will support joint and several liability arising from a breach of contract unless there is privity between the Plaintiff and each of the alleged defendants.  There are only two options, under which privity could exist between Mr. Orian and BCR; either Mr. Orian is a separate and distinct client from Global, or Mr. Orian is a surety or guarantor for the debts of Global.  Neither dual representation of two distinct clients or guarantor liability were discussed or assented to at the time the agreement was entered into.  After the fees were incurred, and after commencement of this action, Plaintiff has inconsistently asserted both theories, claiming on the one hand that Global and Mr. Orian are two separate clients, and on the other hand asserting an alternative theory that Global is the client and that Mr. Orian is personally responsible for payment of services rendered to Global. (Ex. B).  To the extent that BCR has drafted the complaint claiming joint and several liability and attempts to construe the retainer agreement to impose liability against any party other than Global, Plaintiff cannot carry its burden to establish its claims.

In so much as the retainer agreement attempts to bind Mr. Orian as a personal guarantor, it violates the Statute of Frauds, which requires clarity and specificity in the creation of a suretyship. It is also violates multiple ethical and professional rules as well as fiduciary duties and is void as a matter of law as to Global and Mr. Orian. Additionally, under the dual representation theory, the agreement violates the rules of contract construction and again violates multiple rules or professional responsibility that render it void as to both Global and Mr. Orian.

## ARGUMENT

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *D.C. Hosp. Ass'n v. Dist. of Columbia*, 224 F.3d 776, 779 (D.C. Cir. 2000). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc*. 477, U.S. 242, 247-248 (1986). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but … must set forth specific facts showing that there is a genuine issue for trial." *Id* at 248.

There is no set of facts at issue that warrant a trial in this case. Plaintiff has asserted that Mr. Orian is liable both as a separate client and as a surety for Global. The issue before this Court is whether the retainer agreement, as construed by the Plaintiff, violates public policy, the statute of frauds, or professional rules of conduct, any of which would make it void as a matter of law, and Plaintiff would be entitled to no recovery. These are matters of law that are unsuitable for a jury trial and must be tried by the court.

**A.**    **If the Retainer Agreement was Intended to Represent Two Separate Clients, Global and Mr. Orian, then it Is Fatally Ambiguous and Fails to Communicate that Intent**

There is no clear intent expressed in the terms of the retainer agreement to regard Global and Mr. Orian as separate clients. There is at most, only a vague and ambiguous implication that

could be interpreted in different ways and does not meet the standard of clarity necessary to support a knowing and mutual assent. To the extent there is ambiguity, any ambiguity in a contract will be construed against the drafter of the contract. *Sagalyln v. Foundation for Preservation of Historig Georgetown,* 691 A.2d 107, 114 (D.C. 1997). More specifically, with respect to retainer agreements for legal representation, where a dispute stems from the terms of the agreement, the agreement should be construed against the person who drafted it. *Hamilton v. Ford Motor Co*., 636 F.2d 745, 748 (1980).

The Retainer Agreement is addressed to Mordechai Orian in his capacity as President and Chief Strategic Officer of Global Horizons. (Ex. A). The caption of the retainer letter identifies the subject of the representation by the title of the DOL action. The DOL case name includes Global Horizons and Mordechai Orian as the respondents. This, however, is nothing more than a case style and says nothing about the nature or term of representation between BCR and the prospective client. The letter is addressed to "Mr. Orian President and Strategic Officer of Global Horizons" and opens with Dear Mr. Orian: There is nothing to indicate that this letter agreement is addressed to two distinct clients. Rather it identifies Mr. Orian because he was the appropriate corporate officer with authority to bind Global to the agreement. The fact that the DOL action named Mr. Orian as a respondent for acts arising from labor contracts between Global and certain farmers is a separate matter. The complaint in the DOL action is not a contract, is not incorporated into the retainer agreement by reference, and does not express intent by Global or BCR to represent Mr. Orian as a separate and distinct client from Global. It is likewise not possible to bind a separate party to a contract by implication and innuendo, as that would improperly construe an ambiguity in favor of the drafter. There is no indication in the terms regarding fees that the representation agreement was for two separate clients. There is

only one retainer agreement.  There is no language in the body of the agreement that communicates a clear intent to treat Global and Mr. Orian as two separate clients, both of whom would generate fees for services rendered on their behalf.

The retainer agreement in this case was unilaterally drafted by BCR and is, perhaps purposely, ambiguous and unclear as to which parties were intended to be bound by its terms. (see Declaration of Mordechai Orian ("Orian Dec").  There are only two instances of possible indications of personal liability in the entire retainer agreement, the word "your" and the word "personally."  It is not clear whether "your" in the first paragraph of the second page, is referring to Mr. Orian as  an officer of Global or in his individual capacity.  The salutation on the first page indicates the former.  Further, the word "your" is used in a context that is not related to the terms of representation between the client and BCR, but only sets forth a procedure for handling possible future costs related to the retention of services from *other* professionals that might be needed to assist in the litigation.

Any possibility that the word "your" was intended to refer to Mr. Orian as a separate client, is contradicted by the use of the word "you" in the next paragraph.  The word "you," which appears in the third paragraph of the second page, clearly does not indicate Mr. Orian as being a separate client.  The use of the word "you" in this paragraph clearly refers to only one client, Global, and requests payment of one up front retainer of fee $20,000.  There is also no indication in the terms setting forth the fee arrangement on page 1 of the agreement that two clients that would be generating fees for services.

There was never any discussion between the parties of intent to create two separate clients. ("Orian Dec."); Statement of Undisputed Material Facts ("SOF") ¶2, 3, 8).

If it was contemplated that Mr. Orian would be a separate and additional client, then there should have been a separate retainer agreement, or at the very least a second retainer fee requested for anticipated hours of service to be rendered to Mr. Orian, but there is none.  This is consistent with Mr. Orian's understanding that Global is the only client and Global is responsible for payment.

The agreement does not define the term "your."  From a plain reading of the retainer agreement, Mr. Orian would have no reason to know that the term "your" was being used to refer to himself personally, as opposed to Mr. Orian in his capacity as President and Chief Strategic Officer ("CSO") of Global Horizons, Inc..  Mr. Orian, acted in his official capacity as a representative authorized to sign the retainer agreement because a human being was required to sign the agreement on behalf of Global.

It is not uncommon for an officer of a corporation to be named individually in a lawsuit as well as corporately. (Ex. D: District of Colombia Opinion No. 269, Inquiry No. 96-2-3, January 15, 1997).  As a matter of course, law firms represent both the corporation and the officers, while in fact the done is done exclusively for and on behalf of the corporation, but in most cases will representation of the corporation will incidentally benefit the officers of the corporation.  The law firms do not send separate invoices to the officers, nor do they conduct separate communications with the corporation and the officers.  It is also consistent with Mr. Orian's understanding of the retainer and routine dealings with other law firms, that representation of a corporate officer is incidental and implied whenever an attorney represents a corporation, but does not create a separate client or generate additional fees. (Orian Dec.; SOF ¶ 2, 4, 6, 7, 8)

In addition to the contract itself, the fact that both parties intended the retainer agreement to apply only to BCR and Global is further evidenced by the conduct of the parties during the representation.  All the invoices from BCR were sent to Global, at Global's headquarters and specifically stated that fees were for services rendered to Global, not Mr. Orian. (Ex. C caption reads FINAL BILL FOR PROFESSIONAL SERVICES RENDERED ON BEHALF OF GLOBAL HORIZONS, INC.).  All correspondence related to representation under the retainer agreement were sent to the attention of Mr. Orian as President and Chief Executive of Global. (Ex. A; Ex, C; SOF ¶6).  All payments to BCR for services were issued by Global, not Mr. Orian.  There is no indication in the final invoice that any services were ever performed for Mr. Orian as a separate client. (Ex. C).

It is clear based on the terms of the retainer agreement and the conduct of the parties during the period of representation that there was never an agreement for BCR to represent and bill for two separate clients.  Any such argument by BCR is an *ex post facto* attempt to exploit the ambiguities of the retainer agreement to create an additional source of recovery where there is no valid contractual basis.

The necessary elements of a valid contract include "competent parties, lawful subject matter, legal consideration, mutuality of assent and mutuality of obligation." *Henke v. U.S. Dep't of Commerce*, 83 F.3d 1445, 1450 (D.C. Cir 1996).  Here, the ambiguity and resulting confusion, especially when construed against the drafter, destroy any possibility of "mutuality of assent" between BCR and Mr. Orian and cannot be binding against Mr. Orian personally.

**B.      If the Retainer Agreement Purports to Represent Two Distinct Clients, it also Violates Multiple Rules of Professional Responsibility and on this Basis Is Unenforceable Against Mr. Orian and Global**

There is a presumed potential for conflict of interest when an attorney represents an organization and an individual employed by that organization, because the attorney representing an organization owes its duty to the corporation, not the employees or officers.  Rule 1.13 of the *District of Columbia Rules of Professional Conduct* ("Rules") addresses dual representation of a corporation and an officer and states as follows:

(a) **A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.**

(b) If a lawyer for an organization knows that an officer, employee, or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation, or a violation of law which reasonably might be imputed to the organization, and is likely to result in substantial injury to the organization, **the lawyer shall proceed as is reasonably necessary in the best interest of the organization.** Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) **In dealing with an organization's directors, officers, employees, members, shareholders, or other constituents, a lawyer shall explain the identity of the client when it is apparent that the organization's interests may be adverse to those of the constituents with whom the lawyer is dealing.**

(d) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders, or other constituents, subject to the provisions of Rule 1.7. *If the organization's consent to the dual representation is required by Rule 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders*. (emphasis added).

Section a of Rule 1.13 states as an absolute fact, that representation of an organization automatically and necessarily includes representations of the duly authorized agents through which the corporation acts.  The rule itself presumes the officers of the organization to be

identical with and in-severable from the corporation itself.  This is also consistent with Mr.

Orian's understanding, that the representation was to Global and only benefits him incidentally

as an officer and involved no additional work on the part of BCR. (Orian Dec.).  Rule 1.13

makes it clear that an attorney who represents a corporation automatically represents the officers

in their corporate capacity, but that the duty of the attorney is to zealously represent the interests

of the corporation, not the officer.

Rules 1.7-1.9 govern conflict of interest with respect to legal representation.  Note 10 of

District of Columbia Rules of Professional Conduct Rule 1.8 specifically speaks to situations,

precisely like the instant case, wherein a third person will compensate the lawyer, in whole or in

part, such as where "a corporation [is] sued along with one or more of its employees."

According to Note 10, "Because third-party payers frequently have interests that differ from

those of the client . . . lawyers are prohibited from accepting or continuing such representations

unless the lawyer determines that there will be no interference with the lawyer's independent

professional judgment *and there is informed consent from the client*." (emphasis added; (see also

D.C. Ethics Opinion 269 (1997); attached hereto as Exhibit D).

"The underlying premise [of Rule 1.7(b)] is that disclosure and consent are required

before assuming a representation if there is any reason to doubt the lawyer's ability to provide

wholehearted and zealous representation." (D.C. Ethics Opinion 269 (1997).  Disclosure is

required where there "may be" an adversity between the interest of the corporation and

employee.  There "may be" an adversity when the corporation has not yet irretrievably

committed itself to a position in the matter, but where one such position might be adverse to the

employee.  (D.C. Ethics Opinion 269 (1997).  Global's interests and Mr. Orian's interests in the

underlying Debarment Action may very well have been adverse.  Mr. Orian was never counseled

regarding any adversity, nor did he consent to representation under the condition of a potential conflict. (Orian Dec.).

If BCR intended to represent Mr. Orian as a separate client, then there is an obvious potential conflict between Global and Mr. Orian, which could impair the zealous representation of Mr. Orian.  For example, Mr. Orian, as an individual would only be responsible for acts that he directly participated in and would not have *respondeat superior* liability for any actionable statements or acts of the employees of Global, and could deny liability for activities that he did not personally supervise or participate in.  Mr. Orian, as the president and chief strategic officer, would not necessarily be involved directly in many operational activities which in the underlying case were carried out by agents and employees of Global in locations where Mr. Orian was not physically present.  On the other hand, Global, as a corporation, could not deny responsibility for the actionable statements or acts of its employees.   If Mr. Orian was a separate client then he had interests that were not specifically defended by BCR and clearly had a potential conflict of interest in his personal defense, such that a conflict waiver would be necessary.

Here, according to the retainer agreement, BCR claims to have undertaken a conflicts check (although it fails to state how that conflicts check was performed or if it included a conflict assessment between Mr. Orian and Global).  However, even if such a conflict check was performed, neither Global nor Mr. Orian were advised of or consented to waive the potential conflict arising from dual representation as required by the Rules of Professional Responsibility. (Orian  Dec.).  The conflict of interest rules do not permit a lawyer to be the judge of whether a client should be kept in the dark about information that could compromise the lawyer's goal in pursuing the client's interests.  The lawyer has no right to make judgments about what is best for

clients who are not fully informed about the facts and their options. *In re Shay*, 749 A.2d 142 (D.C. 2000).

Further, any attempt to construe the agreement as representing two clients also violates, Rule 1.4(b), which states that "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."  The retainer agreement in this case is fails to explain the matter in such a way as to allow the client to make an informed decision as to whether dual representation was being undertaken or to the existence of the conflict.  There is only one retainer and it fails to clearly state that there are two separate clients being represented or that two separate clients will be liable for payment for services rendered to each client.

A lawyer is not entitled to recover fees for representation that violates ethical rules regarding conflict of interest.  The court in *In re Hager*, under authority of D.C. Bar R. XI, § 3(b), made disgorgement of fees a prerequisite for reinstatement of a lawyer who violated ethical rules relating to conflicts.  "A lawyer shall not represent a client with respect to a matter if: the lawyer's professional judgment on behalf of the client will be or reasonably may be adversely affected by the lawyer's . . . own financial, business, property, or personal interests."  While a client may consent to continued representation in such circumstances, such consent is contingent "upon full disclosure of the nature and existence of the possible conflict and the possible adverse consequences of such representation." Rule 1.7(c).

BCR's violation of Rules 1.4, 1.7, 1.8, and 1.13, of the District of Columbia Rules of Professional Conduct makes the retainer agreement illegal, void against public policy, and consequently unenforceable against both Mr. Orian and Global.  "An illegal contract, made in violation of a statutory prohibition designed for police or regulatory purposes, is void and

confers **no right** upon the wrongdoer." *Hartman v. Lubar*, 133 F.2d 44, 45 (1942) (emphasis added).  Moreover, an attorney is not entitled to fees for services rendered in violation of the rules of professional responsibility. *Goldstein v. Lees*, 46 Cal.App.3d 614, 618 (1975)   "It is the general rule. . . that where an attorney violates his or her ethical duties to the client, the attorney is not entitled to a fee for his or her services." *In re Hager*, 812 A.2d 904 (2002) citing *Cal Pak Delivery, Inc. v. United Parcel* Service, Inc., 52 Cal.App.4th 1, 60 (Cal.Ct.App.1997)**.** [1]

If, as Plaintiff asserts, the retainer agreement was intended to create representation of two clients without a clear expression of this intent, and without advice or consent to waive the potential conflict, then it is void as to both Global and Mr. Orian and all BCR's claims must be dismissed as a matter of law.

## C.     The Language of the Retainer Agreement Is Insufficient as a Matter of Law to Make Mr. Orian a Personal Guarantor of Global's Alleged Debts

Plaintiff has asserted that Mr. Orian is personally liable for the services provided to Global Horizons and claims that the retainer agreement establishes this liability. (Ex. B).  To the extent that Plaintiff seeks to use the retainer agreement to make Mr. Orian a personal guarantor of the debts of Global, it is unenforceable and void as against Washington D.C. code §28-3503 and case law.

A personal guarantee must be clearly stated in writing.  The *District of Columbia Code* specifically bars actions charging an individual to answer for the debt of another unless there is a written agreement. See D.C. Code § 28-3502.  The same holds true under case law - "A contract to answer for the debt or default of another is within the Statute of Frauds.  It cannot rest on

---

1 Given that there was no choice-of-law clause in the retainer agreement, it may be reasonable to be informed by both California and Washington D.C. law on this issue. The place of contracting and negotiating are unclear, given the electronic communication means available to both parties. So too the place of business of both parties is not helpful since one is California and the other Washington D.C.  However, the place of performance and the location of the subject matter both favor applying California law since the underlying matter on which the representation was undertaken was a California matter and subject to jurisdiction of a judicial body in California. *Coca Cola Bottling Co. of Elizabethtown, Inc. v. Coca Cola Co.*, 668 F. Supp 906, 918 (D. Del. 1987).

dubious implication but must be clearly expressed." *Keane v. Gartrell*, 334 F.2d 556,557 (D.C.Cir. 1964).

Plaintiff asserts that a guarantor duty is owed by Mr. Orian, but as a matter of law, the language of the contract is not sufficient to create such a duty. No where in the terms of the agreement does it indicate that Mr. Orian will be a guarantor or surety for the obligations of Global. The only language in the agreement purported to create this duty is an ambiguous phrase placed inconspicuously *after* all the terms of the agreement. It is located in the signature block, which states "and personally." This language on its face is not clear and is insufficient to create a surety relationship. BCR did not communicate intent to hold Mr. Orian personally at the time the agreement was entered and Mr. Orian did not knowingly agree to be a personal guarantor for Global's debts. (Orian Dec.). The Plaintiff, an attorney has drafted a retainer agreement that fails to clearly communicate his alleged intent and now asks the court to construe this latent ambiguity against the client in the attorney's favor. This is clearly against public policy and should not be allowed.

Further, any attempt to make Mr. Orian a personal guarantor of the debts of Global through the terms of the ambiguous retainer agreement violates the Rules of Professional Conduct. Rule 1.4(b) regarding Communications states: "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Rule 1.5(b) regarding Fees states: When the lawyer has not regularly represented the client, the basis or rate of the fee, the scope of the lawyer's representation, and the expenses for which the client will be responsible shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation. To the extent that the retainer agreement purports to create a guarantor duty on the part of Mr. Orian for the debts of Global, it

fails to communicate a material provision in the terms establishing the fee arrangement. Because the attempt to create a guarantor duty on the part of Mr. Orian violates the rules of professional conduct, it is void as a matter of law, and any claims against Mr. Orian must be dismissed.

Moreover, the manner of this attempt to create a surety duty on the Part of Mr. Orian in Global's retainer agreement in this deceptively ambiguous and misleading manner violates the fiduciary duty of loyalty and good faith and fair dealing as to Global, and the complaint should be dismissed as to all claims against Global and Mr. Orian.

**D.    BCR Is not Entitled to Recover any Fees Pursuant to the Agreement from Mr. Orian Because No Services Were Performed on His Behalf**

In the alternative, if *arguendo* the retainer agreement could possibly make Mr. Orian liable for a portion of legal fees to BCR, those fees can only be for services performed directly for the benefit of Mr. Orian, not Global. Based on the invoice, there is no evidence that any services were performed on behalf of Mr. Orian individually. The granting of BCR's request for joint and several liability against Global and Mr. Orian in its Complaint would contravene both legal standards for the calculation of damages and the D.C. Rules of Professional Responsibility.

The "court must ensure that the record adequately supports all items of damages claimed … lest the award become speculative . . . While damages are not required to be proven with mathematical certainty, there must be some reasonable basis on which to estimate damages." *Alpo Petfoods, Inc. v. Ralston Purina Co*., 913 F.2d 958, 969 (D.C. Cir. 1990). "It goes without saying that a lawyer who has undertaken to bill on an hourly basis is never justified in charging a client for hours not actually expended." . . . "Accordingly, when the client receives a statement, the client is entitled to expect that the amount billed will reflect attorneys fees for time actually expended on legal work." Thus, all clients, whether new or existing, whether receiving advice orally or in writing, are entitled to know the basis for the fee. Washington D.C. Bar Ethics

Opinion 267. Further, the Washington D.C. Rules of Professional Conduct, Rule 1.5 governing fees, provides that "A lawyer's fee shall be reasonable" taking into account "the time and labor required." There is no evidence that any additional work was required to defend Mr. Orian over and above the services rendered to defend Global.

Therefore, there can be no joint and several liability, and BCR must be limited in any potential recovery from Mr. Orian to work actually performed on behalf of Mr. Orian, not jointly and severally as BCR has plead. To allow otherwise would not only violate the Rules of Professional Responsibility, would also put BCR in the unfair and unjustified position of collecting double compensation from Mr. Orian and Global for the same services. As set forth above, the final invoice does not indicate that any services were performed on behalf of Mr. Orian individually.

**E.  If BCR Has Violated its Ethical and Fiduciary Duties to Global and Mr. Orian, it Is Not Entitled to Equitable Relief and its Claim of Quantum Meruit Must Be Dismissed**

In its Complaint, BCR claims that in the alternative, Mr. Orian and Global are responsible for the payment of legal fees under the doctrine of quantum meruit. Plaintiff is not entitled to recover on its claim for quantum meruit because plaintiff cannot present evidence to meet the elements of the claim and Plaintiff cannot recover in equity for violating ethical obligations owed to the client.

There are four elements of a claim in quantum meruit: (1) valuable services being rendered; (2) for the person sought to be charged; (3) which services were accepted by the person sought to be charged, used and enjoyed by him or her; and (4) under such circumstances as reasonably notified the person sought to be charged that the Plaintiff, in performing such

services, expected to be paid by him or her. . . . *In Re Rich*, D.C. App., 337 A.2d 764, 766 (1975).

BCR cannot show that elements (2), (3) or (4) existed in the instant case. First, as discussed above, the retainer agreement does not apply to Mr. Orian as BCR and Mr. Orian never intended the retainer agreement to include representation of Mr. Orian as an individual distinct from Global.

Second, as also discussed above, Mr. Orian did not benefit directly from BCR's claimed services. None of the work done by BCR on the Debarment Action was done for the benefit of Mr. Orian as an individual. The invoices specifically state that they are for services performed on behalf of Global, not Mr. Orian. Since there is no express agreement for dual representation, and no indication of additional services, any claim against Mr. Orian on quantum meruit grounds must fail.

Further, a lawyer who violates his ethical and professional duties to his client is not entitled to recover fees under quantum meruit, because a Plaintiff that seeks equitable relief must come with clean hands. As set forth above, an attorney who violates his ethical duties to his client is not entitled to recover fees at all, whether by contract or quantum meruit. See *In re Hager*, 812 A.2d 904 (2002) citing *Cal Pak Delivery, Inc. v. United Parcel* Service, Inc., 52 Cal.App.4th 1, 60 (Cal.Ct.App.1997). The patently ambiguous terms of the agreement denied Mr. Orian of the opportunity to purported intent of the drafter and make an informed decision about representation. Here, Plaintiff attempts to recover by equity fees that were not communicated and assented to by the client based on a latent ambiguity in the retainer agreement that Plaintiff drafted. Plaintiff's expressed intent to bind Global for services without a conflict waiver and to bind Mr. Orian with an ambiguous suretyship, outside the actual terms of the

agreement (in the signature block) is a manipulative violation of the duty of loyalty and fair

dealing and warrants dismissal of all Plaintiff's claims against Global as well as Mr. Orian.

## III.    CONCLUSION

Plaintiff has asserted inconsistent alternate theories of liability, neither of which is

cognizable under the law.  If the Court finds that the retainer agreement contains an improper

attempt to create dual representation of Global and Mr. Orian absent clear language indicating

dual representation and a waiver of conflict, then the agreement is void for violation of

Washington DC Rules of Professional Conduct 1.4, 1.7, 1.8 and 1.13, requiring dismissal of all

claims against Global and Mr. Orian.  If the Court finds that the retainer agreement attempts to

create a surety duty on the behalf of Mr. Orian, then it violates the statute of frauds, Rule 1.4 and

1.5, as well as breaching the duty of loyalty, and of good faith and fair dealing, requiring the

dismissal of all claims against Global and Mr. Orian.  In the alternative, the court should at a

minimum dismiss all claims against Mr. Orian as an individual defendant and dismiss the Breach

of Contract claim against Global.

Dated: December 31st, 2007                    Respectfully submitted,


                                              MESIROW & STRAVITZ, PLLC


By:   /s/ Chrystal L. Bobbitt___              By:   /s/ Eric N. Stravitz
Chrystal L. Bobbitt, Esq. (CA Bar # 218544)   Eric N. Stravitz  (D.C. Bar #438093)
11111 Santa Monica Blvd.                      1307 New Hampshire Avenue, NW
Suite 1440                                    Suite 400
Los Angeles, CA. 90025                        Washington, DC 20036
P: (310)234-8475 x106                         P:  (202) 463-0303
F: (310)234-0786                              F:  (202) 861-8858
chrystal@gmpusa.com                           Eric@metroDClaw.com

*Lead Counsel, Pro hac vice for Defendants*   *Local Counsel for Defendants Mordechai*
*Mordechai Orian and Global Horizons, Inc.*   *Orian and Global Horizons, Inc.*

`

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of December, 2007 I electronically filed the foregoing with the Clerk of the Court by using the CM/EF system which will send a notice of electronic filing to the following counsel or parties of records, except as otherwise noted:

| | | |
|---|---|---|
| **John Tremain May**<br>JORDAN, COYNE & SAVITS LLP<br>1100 Connecticut Avenue, NW<br>Room 600<br>Washington, DC 20036<br>(202) 496-2805<br>(202) 496-2800 (fax)<br>jmay@jocs-law.com<br>*LEAD ATTORNEY* | representing | **BERLINER CORCORAN &<br>ROWE LLP**<br>*(Counter Defendant)* |
| **Jason Aaron McClurg**<br>BERLINER CORCORAN & ROWE<br>L.L.P.<br>1101 17th Street,NW<br>Suite 1100<br>Washington, DC 20036<br>(202) 293-5555<br>jam@bcr-dc.com | representing | **BERLINER CORCORAN &<br>ROWE LLP**<br>*(Plaintiff)* |
| **Eric Neil Stravitz**<br>MESIROW & STRAVITZ, PLLC<br>1307 New Hampshire Avenue NW<br>Suite 400<br>Washington, DC 200036<br>(202) 463-0303<br>(202) 861-8858 (fax)<br>eric@metroDClaw.com | representing | **MORDECHAI ORIAN**<br>*(Defendant)* |

**Thomas Edward Wilson**
BERLINER, CORCORAN & ROWE,
L.L.P.
1101 17th Street, NW
Suite 1100                    representing    **BERLINER CORCORAN &**
Washington, DC 20036-4798                     **ROWE LLP**
(202) 293-5555                                *(Plaintiff)*
(202) 293-9035 (fax)
twilson@bcr-dc.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERLINER, CORCORAN & ROWE, L.L.P., | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| MORDECHAI ORIAN, | ) Case No. 1:06-CV-01543 |
| GLOBAL HORIZONS, INC., | ) The Honorable Colleen Kollar-Kotelly |
| | ) |
| *Defendants.* | ) |

## PROPOSED ORDER

Upon considering of Defendant's Motion for Summary Judgment as to Individual Liability of Mordechai Orian, and any opposition thereto, and with good cause being shown, it is, this _____ day of _____, 2008, hereby **GRANTED.**

Upon considering of Defendant's Motion for Summary Judgment as to the Liability of Global Horizons, Inc., and any opposition thereto, and with good cause being shown, it is, this _____ day of _____, 2008, hereby **GRANTED**

_____
Colleen Kollar-Kotelly
United States District Judge

Copies (via electronic filing) to all counsel