UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERLINER, CORCORAN & ROWE, L.L.P., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| MORDECHAI ORIAN, ) | Case No. 1:06-CV-01543 |
| GLOBAL HORIZONS, INC., ) | The Honorable Colleen Kollar-Kotelly |
| ) | |
| *Defendants.* ) | |

## DECLARATION OF MORDECHAI ORIAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO INDIVIDUAL LIABILITY OF MORDECHAI ORIAN

I, Mordechai Orian Declare and state as follows:

1. I am an adult resident of the State of California, and at all times material hereto, was the President and Chief Strategic Officer of Global Horizons, Inc. ("Global"). I make the following declaration on personal knowledge and if called to testify as to any of the matters set forth herein I could and would do so competently.

2. I signed the retainer agreement with Berliner, Corcoran & Rowe, L.L.P., ("BCR") on behalf of Global as its President. I did not understand the retainer agreement to be between myself personally and BCR. Because of my capacity as president and CSO of Global, I have been named personally in a number of law against Global and legal representation in those matters has always been covered, as a matter of course. In the cases that name Global and myself, I have never been charged separate or additional fees by any of the numerous law firms that Global has retained. It was my understanding that when an attorney represents a

1

corporation, it automatically represents the directing officers. The corporation can only act through its authorized agents, and would incidentally include the officers, but not directly or as a separate client. It was never discussed, nor was it understood or agreed that BCR would be representing myself and Global as two separate clients.

3. The retainer agreement was drafted by BCR alone. Global did not have any involvement in its drafting.

4. BCR never advised me to seek alternate counsel to interpret the terms of the retainer agreement or to evaluate a potential conflict of interest.

5. All BCR fees, including the initial retainer fee, were paid by Global from Global's funds. All invoices sent from BCR were sent to Global's headquarters, not to myself personally.

6. BCR never informed me about any potential conflicts of interest regarding their representation.

7. All correspondence from BCR addressed to me was addressed to me as President of Global.

8. I never agreed to be personally liable for services rendered to Global Horizons, nor was that ever discussed prior to receiving and signing the retainer agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated at Los Angeles, CA this 31st day of December, 2007.

_____
Mordechai Orian, Declarant