**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BERLINER, CORCORAN & ROWE, L.L.P., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MORDECHAI ORIAN, | ) | Case No. 1:06-CV-01543 |
| GLOBAL HORIZONS, INC., | ) | The Honorable Colleen Kollar-Kotelly |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO INDIVIDUAL LIABILITY OF MORDECHAI ORIAN, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

Defendant, Mordechai Orian ("Mr. Orian"), submits this reply memorandum in support of the motion for summary judgment and or summary adjudication.  Plaintiffs argue inconsistent theories, asserting on the one hand that Global and Mr. Orian are two separate clients, but then also arguing joint and several liability, making two independent persons liable for a singular obligation.  The theories are inconsistent and neither is supportable based on the language of the contract.  Plaintiffs acknowledge that Mr. Orian is not a personal guarantor of the debts of Global.  Plaintiffs also acknowledge that they performed no additional services on the part of Mr. Orian as a consequence of the dual representation of Global and Mr. Orian.  Thus in essence, plaintiffs want Mr. Orian to pay for services he never received and or to pay for services that were rendered to Global.

1

Global does not dispute that Mr. Orian and Global were both named in the underlying lawsuit by the DOL.  The issue is whether there were any actual services rendered to Mr. Orian, and the answer is No.  The second issue is whether there is any viable legal basis on which a jury could find that Mr. Orian is liable to plaintiffs for services rendered to Global, and the answer is also no.

A.   **Plaintiffs Claim that Global and Mr. Orian Are Separate Clients Requires that the MSJ be Granted Because by Plaintiff's Own Admission No Separate or Additional  Services Were Rendered to Mr. Orian as an Individual Client.**

First plaintiff claims that Global and Mr. Orian are two separate clients.  If they are two separate clients, then plaintiff is only entitled to collect fees for services separately rendered to these clients.  Plaintiffs rely exclusively on the fact that Mr. Orian was named as an individual respondent in the underlying case but fail to establish that any separate services were provided to Mr. Orian. There is nothing in the agreement to indicate that additional fees would be generated as the result of the fact that two clients would be represented.  It stands to reason that fees are to be generated from services, not by reason of theoretical additional representation if the additional representation does not require additional work.

Notwithstanding the designations made on pleadings, plaintiffs admit that they performed no additional services to Mr. Orian that were above and beyond those required for the defense of Global.  The fact is that plaintiff did not provide any additional services as a consequence of representing Mr. Orian and Global.  Plaintiffs did no more work than if they had represented only one client, Global.  Plaintiffs want to have their cake and eat it too.  They want Global and Mr. Orian to be two separate clients for the purpose of collecting fees.  But when it came to providing services, plaintiffs impliedly admit that they did not provide distinct or severable

2

services to two different clients.  Under the separate client theory, plaintiffs are only entitled to

payment from Mr. Orian for services actually rendered to Mr. Orian.

Plaintiffs argue that Mr. Orian is liable because he benefited from the services provided

to Global, but the real issue is what services were provided to Mr. Orian.  The potential for work

done on behalf of one client to incidentally benefit another client does not mean that one is

entitled to bill two different clients for the same work.  In every multi-defendant case, work done

for one defendant will incidentally benefit the other defendants.

Plaintiffs in fact did not independently defend the interests of Mr. Orian, as evidenced by

their failure to even consider potentially conflicting theories of defense applicable to the two

separate clients.  Plaintiffs admit that they did not advise Mr. Orian of any defenses or legal

theories that could be offered on his behalf as an individual other than the theories and defenses

that were offered on behalf of Global.  Plaintiffs did not perform any separate services for Mr.

Orian as an individual client.  If plaintiffs had in fact provided legal representation to Mr. Orian

as an individual client then the services, invoices, and the retainer agreement should have been

very different.  Efforts could have been made to dismiss Mr. Orian as an individual respondent,

but that did not occur.  Mr. Orian, as a separate client, should have been provided a separate

retainer agreement and should have been billed separately, or at least some distinction made as to

what services were being provided to which client.  The invoices indicate that services were

rendered to Global only, not Mr. Orian.  None of the indicia of separate representation are

present in this case.

Plaintiffs incorrectly claim that the motion does not point to any actual potential conflict

between Global and Mr. Orian, and that no waiver of conflict was needed.  The rule requires the

3

lawyer who intends to represent two clients to anticipate potential conflicts.  It also requires

disclosure of the potential conflict and waiver at the outset, not in retrospect.  The fact that there

was no independent assessment of the defenses and theories applicable to Mr. Orian is an

indication that Mr. Orian and Global were not treated as two separate clients being independently

represented.

This again raises the ethical issue offered preemptively in the motion, relating to

representation of multiple parties in the same action.  Since plaintiffs purport to represent two

separate clients, they had a duty to determine if there was a potential conflict of interest between

Global and Mr. Orian.  Plaintiffs state that Mr. Orian never informed them of a potential conflict

of interest and that none existed.  This is an interesting twist, the lawyer, blaming the client for

not advising the lawyer of the potential legal theories that could be offered in his defense.  The

facts giving rise to a potential conflict were obvious from the beginning.  .

Plaintiffs admit that both Mr. Orian and Global were named in the underlying complaint

and that both faced similar exposure.  Yet incredulously argue that there was no potential for

conflict of interest.  Whenever there are codefendants in a civil or criminal action, there is a

potential for conflict because statements by one may implicate the other.  There were offensive

and defensive considerations that should have been made in this situation in terms of challenging

individual liability and holding the prosecutor to his burden to prove every element against each

defendant.  Proving liability against one defendant does not automatically establish the liability

of the other, unless they are tried under a conspiracy theory (where one is liable for the acts of

the other), which is not the case here.  In any case where two parties are alleged to have

participated in the same or similar culpable acts, there is always a potential that one party could

shield or limit its liability by shifting responsibility to the other. Based on these facts alone, the

potential for a conflict of interest should have been readily apparent to plaintiffs at the outset.

Moreover, Mr. Orian, as an individual does not have respondeat superior liability for the acts and

omissions of Global's employees, especially those who disobey orders or act outside the scope of

their authority. The potential conflict was obvious and did in fact exist in the underlying case.

Specifically, the penalties at issue in the underlying case involved allegations of fraud or

misrepresentation in the H-2A applications process. Liability for misrepresentations in the

application process requires "willful and fraudulent conduct". Penalties for such violations

require specific intent. *See* generally 20 CFR §655.108, 655.110. These are not strict liability or

general intent provisions, such that mere negligent violation could make both parties liable. The

DOL, as the prosecutor in the underlying action would have to show conduct and mental state by

each individual respondent in order to get a finding of actual liability against Mr. Orian and

Global. Plaintiffs pushed to settle this case, without ever truly assessing the relative positions of

both clients.

Plaintiffs were fully aware of the potential exposure of both Mr. Orian and Global, yet

never inquired, discussed or even considered any potential theories that could be advanced on

behalf of Mr. Orian that would be adverse to Global. If, in fact, as plaintiff claims, they intended

to represent the separate legal interests of Global and Mr. Orian, then it was plaintiff's duty to

advise both Global and Mr. Orian of the legal defenses and theories available to Mr. Orian that

are different from the defenses and theories available to Global and to obtain informed consent

prior to commencing to represent Mr. Orian and Global in the same action. Plaintiffs never

advised, nor did they obtain a waiver of the potential conflict. This further substantiates the position that Global and Mr. Orian were regarded as separate clients in name only.

For practical purposes, Global and Mr. Orian were treated as one client and all the services were provided to Global, not Mr. Orian. Plaintiffs, both then and even now, regarded Global and Mr. Orian as having one unitary interest and never considered any other interest besides Global's.

The possibility that services provided to Global also benefited Mr. Orian will not support individual liability against Mr. Orian. It goes without saying that a corporate officer will incidentally benefit from services rendered to the corporation. However, plaintiffs are seeking compensation for services, so the issue is what services were provided to Mr. Orian.

If plaintiffs did no additional work for Mr. Orian, then the only direct services were to Global. Unless there are separate services to Mr. Orian, he cannot be liable for services rendered to Global absent specific language making Mr. Orian a guarantor for the debt of Global. Plaintiffs admit that there is no guarantor language in the contract. Plaintiffs cite no legal authority whatsoever to support its position that Mr. Orian can be jointly and severally liable for services if Mr. Orian is not a guarantor. Further, as a separate client, Mr. Orian cannot be liable if no services were performed on his behalf. Plaintiffs failed to identify any services that were rendered to Mr. Orian, separate and apart from services rendered to Global. Since no distinguishable services were provided to Mr. Orian as a separate client, Mr. Orian has no liability in this action.

**B.**         <u>Plaintiffs' Claim that Mr. Orian is Jointly and Severally Liable for Services Rendered to Global Also Requires Granting the MSJ Because Accepting this Theory Necessarily Permits Plaintiffs to Double Bill Two Clients for the Same Service</u>

Plaintiffs' other argument that Global and Mr. Orian are jointly and severally liable is deeply flawed and again speaks to plaintiffs flagrant ethical violations. Under this theory, plaintiffs seek payment from two clients when they actually only provided services to one. Plaintiffs cite no law supporting this theory that they are entitled to fees from one client for services provided to another.

Plaintiffs cite no legal authority that would allow joint and several liability in a legal services agreement. In theory, much of the work any lawyer does for one client may benefit another current or future client, whether directly or indirectly. However, it does not create joint and several liability. The ability to modify a document created for one client to suit the needs of another client allows the lawyer to save time when similar documents are needed. Experience gained in one case allows a lawyer to work more effectively and efficiently for another client.

If a lawyer spends 10 hours drafting the motion for client A and then spends only 5 hours drafting a similar motion for client B, because he is able to cut and paste portions from the other motion, obviously client B will benefit. The time spent on client A's motion (and billed to client A) allowed the lawyer to draft client B's motion in substantially less time. Client B benefits by getting a similar motion for half the price. But the lawyer cannot bill client B for 10 hours, the time it took him to draft the first motion, because he can only bill client B for time he actually spent drafting the client B's motion. To do otherwise is classic double billing and is prohibited by professional rules of conduct. The intrinsic limiting factor of hourly billing is that one can

only bill so many hours in a day.  If an attorney works one hour for client A, he cannot bill that same hour to client B.

Similarly here, plaintiffs attempt to make two clients liable for the same service. Plaintiffs claim that Mr. Orian is responsible for paying for services rendered to Global.  Thus by plaintiffs own admission, they are attempting to "double bill" two clients for the same service. Under no circumstance can a lawyer bill one client for work performed on behalf of another client.  *See In re Romansky*, 825 A.2d 311, 318 (Disctrict of Columbia C.A. 2003)   It is an act of dishonesty in violation of Rule 8.4(c), to bill one client for work performed on behalf of another client.

There is no clear language in the agreement that creates joint and several liability. However, if as plaintiffs contend, it was their intent from the beginning to make Mr. Orian jointly and severally liable for services rendered to Global, then the agreement itself is in violation of the rules of ethics.  Plaintiffs claim that Mr. Orian consented to be personally (jointly and severally) liable with Global based on the words "and personally" under the signature block that is not set forth among the terms of the agreement.  Ethical rules regarding fee arrangements and honesty to the client are duties of professional responsibility.  There is no provision in the code that would allow a client to waive the attorneys' duty to provide truthful accounts of its billing.  It would be an absolute violation of public policy to uphold provisions in a retainer agreement that waive the lawyer's duty of fair and truthful billing to the client.  The act of presenting Mr. Orian with a retainer agreement that waives his right to truthful and fair billing would be a violation of professional rules.  Attempting to bill two clients for the same work, or the same period of time is dishonest on its face. *See Archer v. State of Texas*, 548 S. W.2d 71, 74

(Texas Civ. App. 1977).  But to then compound the violation by attempting to gain consent from

the client to cheat the client is even more unethical.  The only way to make Mr. Orian liable for

services rendered to Global would be to have a separate agreement that makes Mr. Orian a

guarantor, and there is none.   To the extent that the agreement attempts to gain consent from one

client to double bill for services rendered to another client, it is again a manipulative breach of

fiduciary duty and an ethical violation that would render the agreement void.

   For all the reasons stated above the summary judgment should be granted and plaintiffs'

claims dismissed in their entirety.

Dated: January 8, 2008           Respectfully submitted,

                 MESIROW & STRAVITZ, PLLC

By:   /s/ Chrystal L. Bobbitt___      By:   /s/ Eric N. Stravitz
Chrystal L. Bobbitt, Esq. (CA Bar # 218544)    Eric N. Stravitz  (D.C. Bar #438093)
11111 Santa Monica Blvd.        1307 New Hampshire Avenue, NW
Suite 1440             Suite 400
Los Angeles, CA. 90025         Washington, DC 20036
P: (310)234-8475 x106         P:  (202) 463-0303
F: (310)234-0786          F:  (202) 861-8858
chrystal@gmpusa.com         Eric@metroDClaw.com

*Lead Counsel, Pro hac vice for Defendants*    *Local Counsel for Defendants Mordechai*
*Mordechai Orian and Global Horizons, Inc.*    *Orian and Global Horizons, Inc.*

`

**<u>CERTIFICATE OF SERVICE</u>**

   I  HEREBY  CERTIFY  that  on  this  8th  day  of  January,  2008,  I  electronically  filed  the

foregoing with the Clerk of the Court by using the CM/EF system which will send a notice of

electronic filing to the following counsel or parties of records, except as otherwise noted:

9

**John Tremain May**
JORDAN, COYNE & SAVITS LLP
1100 Connecticut Avenue, NW
Room 600
Washington, DC 20036                    representing
(202) 496-2805
(202) 496-2800 (fax)
jmay@jocs-law.com
*LEAD ATTORNEY*

**BERLINER CORCORAN &
ROWE LLP**
*(Counter Defendant)*


**Jason Aaron McClurg**
BERLINER CORCORAN & ROWE
L.L.P.
1101 17th Street,NW
Suite 1100                              representing
Washington, DC 20036
(202) 293-5555
jam@bcr-dc.com

**BERLINER CORCORAN &
ROWE LLP**
*(Plaintiff)*


**Eric Neil Stravitz**
MESIROW & STRAVITZ, PLLC
1307 New Hampshire Avenue NW
Suite 400
Washington, DC 200036                   representing
(202) 463-0303
(202) 861-8858 (fax)
eric@metroDClaw.com

**MORDECHAI ORIAN**
*(Defendant)*


**Thomas Edward Wilson**
BERLINER, CORCORAN & ROWE,
L.L.P.
1101 17th Street, NW
Suite 1100                              representing
Washington, DC 20036-4798
(202) 293-5555
(202) 293-9035 (fax)
twilson@bcr-dc.com

**BERLINER CORCORAN &
ROWE LLP**
*(Plaintiff)*