UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BERLINER CORCORAN & ROWE, LLP, | : | |
| *Plaintiff,* | : | |
| v. | : | |
| MORDECHAI ORIAN, et al., | : | Civil Action No. 06-01543(CKK) |
| *Defendants.* | : | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Defendants' request to obtain a Confidentiality Agreement in order to protect certain attorney-client communications, as described more fully below, that have been or will be subject to discovery requests in this action, the Parties hereby Stipulate to the entry of the following Protective Order:

### DESIGNATION OF PROTECTED MATERIAL

1.      This Order provides for the confidential treatment of documents containing attorney-client and work product privileged communications between Defendants Global Horizons, Inc. and Orian [hereinafter "Defendants"] and the counsel representing them in consolidated administrative proceedings commenced against each of the Defendants in the United States Department of Labor, titled, *In the Matter of Global Horizons, Inc., and Mordechai Orian*, Case Nos. 2005-TLC-00006 and 2005-TAE-00001 [hereinafter the "Administrative Proceedings"]. Such documents shall be referred to collectively as "Privileged Material" when properly designated by the Defendants as set forth below, subject to any challenge to such designation by Plaintiff.

2. Material which may be designated Privileged Material includes all documents, tangible things, electronic information, testimony or other information produced or made available in the course of discovery in this action, including: (a) documents produced in response to requests for the production of documents or subpoenas; (b) responses to requests for admissions; (c) responses to interrogatories, including documents used in preparing such responses; (d) transcripts of depositions, trial testimony and excerpts thereof, including exhibits thereto; and (e) other responses or affidavits in connection with discovery requests, motions, or other filings in this action.

3. In Order to qualify as Privileged Material and to obtain confidential treatment under this Stipulated Protective Order, Defendants must designate a document or a portion thereof as Privileged Material by placing the words "CONFIDENTIAL: Privileged Material in U.S.D.D.C., Civ. No. 06-01543 (CKK)" on the face of the document and on each internal page that Defendants contend contains Privileged Material. The Defendants shall make such designations at the time it first produces or otherwise disseminates such document to the Plaintiff, but documents that are merely made available for inspection in response to a request for production need not be so marked. However, Defendants shall mark those documents that Defendants contend contain Privileged Material if the documents are then copied for production to Plaintiff.

(a) With regard to affidavits, statements and responses to interrogatories or requests for admissions, the designation of "CONFIDENTIAL: Privileged Material in U.S.D.D.C., Civ. No. 06-01543 (CKK)" shall be placed by Defendants on each page of any affidavit or set of responses to interrogatories or requests for admissions that are or

contain information deemed by the Defendants to be entitled to treatment as Privileged Material.

   (b) With regard to depositions, if Defendants wish to designate transcripts or portions of a deposition transcript, including exhibits, that are or contain Privileged Material, Defendant must state on the record in the course of the deposition that the testimony should be designated as Privileged Material. If any deposition transcript or portion thereof, including exhibits, is designated as Privileged Material, Defendants shall cause the reporter to place the designation of "CONFIDENTIAL: Privileged Material in U.S.D.D.C., Civ. No. 06-01543 (CKK)" on the original and each copy of the transcript, and the transcript shall identify the pages of the deposition and/or the exhibits designated as Privileged Material.

   If a transcript or a portion thereof that is or contains Privileged Material (either testimony or exhibits) is filed with the Court, it shall be filed electronically with the Court in accordance with the requirements of Local Rules 5.1(j), which address the requirements for the e-filing of documents under seal with the Court unless otherwise agreed or directed by the Court.

   If all or part of a videotaped deposition is designated as Privileged Material, Defendants shall cause both the transcript and the videocassette or other videotape container to be labeled with the designation described above.

   (c) Defendants may also designate briefs, affidavits and other documents containing Privileged Material, by placing the designation of "CONFIDENTIAL: Privileged Material in U.S.D.D.C., Civ. No. 06-01543 (CKK)" on the face thereof and on

each internal page containing Privileged Material, and such documents shall be filed electronically with the Court in accordance with the requirements Local Rules 5.1(j), and Section II.H of the Civil Filing Procedures, which address the requirements for the e-filing of documents under seal with the Court.

## INADVERTENT PRODUCTION WITHOUT A DESIGNATION AS PRIVILEGED MATERIAL

4.  In the event a Defendant inadvertently produces documents that it considers to be or contain Privileged Material, without having designated the documents as such, Defendant may make such designation as follows:

(a) Within thirty days of discovery of the inadvertent production, the producer must give written notice to all parties that it claims that the documents are or contain Privileged Material. Upon such notice, Plaintiff and all parties who have received a copy of such documents shall, at their election, mark them with the designation of "CONFIDENTIAL: Privileged Material in U.S.D.D.C., Civ. No. 06-01543 (CKK)" or return them to Defendants for marking. If written notice is not provided within the deadline set forth in this paragraph, Defendants must seek consent of Plaintiff or leave of Court in order to obtain a designation of Privileged Material for inadvertently produced material.

(b) If written notice is provided within the deadline set forth in subparagraph 4(a), all parties shall thereafter treat the designated information or documents as Protected Material subject to this Order. Otherwise, Parties shall treat the materials as Protected Material until the response from Plaintiff to the request for consent and or until resolution of Defendants' motion or other appropriate action taken to obtain leave of

Court to designate the materials as privileged.

## USE AND DISCLOSURE OF PRIVILEGED MATERIAL

5.      Privileged Material shall be used or disclosed solely in connection with this action and in accordance with the provisions of this Order.

6.      Except upon the prior written consent of the Defendants, parties to whom Privileged Material is disclosed shall treat all such Privileged Material as confidential. Privileged Material shall not be disclosed to any persons other than the following, to whom it may be disclosed only in connection with this action:

(a)     Counsel to the parties having responsibility for this action or the settlement thereof, and their partners, associates, paralegals, and support staff;

(b)     A party's officers, directors, in-house counsel, employees, former employees and agents who are required by such party to work directly in connection with this litigation;

(c)     Experts or consultants (including their employees, associates and support staff) retained by a party in connection with this action;

(d)     Deponents and witnesses, but only during or in discussion of possible examination of such persons, and in connection with preparation therefor, and court reporters and their personnel, in accordance with paragraph 3(b) and other procedures as may be agreed upon among the parties;

(e)     This Court, in accordance with the provisions of paragraph 3, above..

All of the persons identified in subparagraphs 6(a)-(d) shall, prior to obtaining access to Privileged Material, (i) be informed of the existence and terms of this Order, (ii) be

instructed that they are bound by its terms, and (iii) agree to be bound by its terms.

7. Except upon the prior written consent of the Defendants, the Court and its personnel shall treat all documents designated as Privileged Material as confidential pursuant to this Order.

8. If Plaintiff disputes any Defendant's designation of any document as Privileged Material, Plaintiff shall serve a written notice of objection to such designation upon counsel for Defendants. Such notice shall identify specifically the documents as to which Plaintiff objects. Counsel for Defendants shall contact counsel for Plaintiff in an attempt to resolve by agreement, the question of whether, or on what terms, the document is entitled to treatment as Privileged Material. If the Parties are unable to agree as to whether the Defendants should have designated the documents as Privileged Material, Defendants must, within 10 days of receiving Plaintiff's objection, seek a Protective Order pursuant to Fed. R. Civ. P. 26(c), otherwise, the objection shall be deemed conceded and the documents must be recopied by Defendants without the written designation. In the event a Motion for Protective Order is timely filed by Defendants, the designated documents identified in the Motion shall continue to be treated as Privileged Material and subject to the terms of this Order until the Court acts on the Motion.

9. Plaintiff may, at any time, request permission to disclose Privileged Material to a person other than those permitted by Paragraph 6 by serving a written request upon counsel for the Defendants, identifying the documents that Plaintiff wishes to disclose, the person to whom Plaintiff wishes to disclose the documents, and the reason for the proposed disclosure. If consent is withheld, or the party seeking to make disclosure and the Defendants are unable to agree on the terms and conditions of disclosure, the party seeking to make disclosure may submit the

matter to the Court for resolution, and the designated documents proposed to be disclosed shall continue to be treated as Privileged Material subject to the terms of this Order until the Court acts on the motion.

10.  By entering into this Stipulated Protective Order, Defendants hereby withdraw their objection to producing any documents or responding to any discovery requests on the ground that the response would require the disclosure of privileged communications between Defendants and any of their counsel, including but not limited to current and all successor counsel, in connection with the representation of Defendants in the Administrative Proceedings. On the other hand, nothing in this Stipulated Protective Order shall operate to require the production of documents that are otherwise privileged or protected from discovery.

11.  Defendants' designation of documents as Privileged Material, their failure to designate documents as Privileged Material, or Plaintiff's failure to object to Defendants' designation of documents as Privileged Material shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

### EFFECT AND DURATION OF ORDER

12.  This Order shall survive the termination of this action and shall continue in full force and effect thereafter.  Upon the termination of this action and the expiration of any and all appeals there from, all persons or entities that have received Privileged Material shall, if requested by the producing party, agree to: (a) return to counsel for the Defendants all such Privileged Material, including all copies of such information, or (b) destroy all Privileged Material and copies thereof and certify to counsel for the Defendants that they have destroyed all

unreturned Privileged Material. As an alternative to returning or destroying all or part of such Privileged Material, counsel of record shall have the right to maintain a set of correspondence, pleadings, depositions and trial transcripts and exhibits so long as such materials are kept in conformity with this Order. Where a party has provided Privileged Material to a retained expert or consultant or any other person or entity, it shall be the responsibility and obligation of both the party and the person or entity to whom the Privileged Material was provided to return or destroy the Privileged Material. This paragraph does not apply to the copies of Privileged Material that have been submitted to and are in the possession of the Court.

The Court will retain jurisdiction after the termination of this action to enforce the terms of this Order.

13.     In the event that disclosure of any Privileged Material is sought by a third party not affiliated with plaintiffs or defendants in this action pursuant to a lawful subpoena, Court Order, demand by governmental authority or other legal process, Plaintiff prior to disclosing such information, shall, within two business days of receipt, notify the Defendants' counsel by overnight mail or facsimile and telephone of the request for disclosure. The Plaintiff shall object to disclosure of any Privileged Material on the grounds that it has custody, but not control of the material and that the requested material is protected pursuant to this confidentiality agreement. Plaintiff shall direct any further communications regarding the protected material to Defendants. Defendants may, within the time limits allowed by the governing authority for doing so, seek to prevent disclosure by filing a motion for protective order or seeking other appropriate manner of relief. In the event a Motion is timely filed by Defendants, the Privileged Material shall not be disclosed before the Motion has been acted upon. Plaintiff shall within two business days of

receipt, notify Defendants' counsel by facsimile, or overnight mail, and telephone of such motions or efforts to compel or enforce a demand or request for Protected Material. Plaintiff shall be permitted to disclose information in two circumstances. First, if Defendants decline or fail to take appropriate action within the governing time frame, based on the mechanism of enforcement being used, disclosure shall be permitted if it is necessary to avoid sanctions for failure to comply. The potential that an order to compel disclosure could be sought or granted, alone, is not a sanction, and is not sufficient reason to disclose Protected Material. Disclosure can only be made to avoid the imposition of actual sanctions that are either monetary or punitive in nature. Second, Plaintiff shall be permitted to disclose when ordered to do so by a valid Court Order. A mere request or demand for Privileged Material is not sufficient to excuse violation of this agreement without having taken reasonable steps to protect the confidentiality of the Protected Material or having allowed defendants a fair opportunity to protect the confidentiality of the Protected Material.

14.     This Order may be modified or amended by agreement of all parties, subject to approval by the Court, or by order of the Court for good cause shown.

15.     This Order shall not act as a shield for any person or entity to refuse to disclose any information that it is, by law or rule, obligated to disclose.

16.     The requirements of this Order shall apply only to documents produced after the date that this Order is entered and properly designated as described herein, with the exception of documents previously designated as Confidential by Defendants. In addition, this Stipulated Protective Order shall not apply to documents already in the possession of Plaintiff, or obtained by Plaintiff from sources other than Defendants that do not contain the required designation,

"CONFIDENTIAL: Privileged Material in U.S.D.D.C., Civ. No. 06-01543 (CKK)" even if such documents appear to be copies of documents produced by Defendants that contain the required designation.

17. This Order shall not preclude the use or disclosure of any Privileged Material in connection with motions filed in this action, during the trial of this action or on appeal, subject to the right of any party to seek a further order governing use of Privileged Material.

This Confidentiality Stipulation is approved by the parties pursuant to the following authorized signatures of counsel:

**BERLINER, CORCORAN & ROWE, L.L.P**

/s/ Thomas Wilson
Thomas E. Wilson #132704
1101 17t Street, N.W., Suite 1100
Washington, D.C. 20036
(202) 293-5555 – (202) 293-9035 (fax)

*Plaintiff, Pro Se*

/s/ Chrystal Bobbitt
Chrystal L. Bobbitt (CA Bar No. 218544)
11111 Santa Monica Blvd., Suite 1440
Los Angeles, CA 90025
Tel: (310)234-8475
Fax: (310)234-0786

*Attorneys for Defendants Mordechai Orian and Global Horizons, Inc.*

**JORDAN COYNE & SAVITS, L.L.P.**

/s/ John Tremaine
John Tremain May #294199
1100 Connecticut Ave., N.W., Suite 600
Washington, D.C. 20036
(202) 496-2805 – (202) 496-2800 (fax)

*Attorneys for Berliner, Corcoran & Rowe, L.L.P. in defense of the Counterclaims*

**MESIROW & STRAVITZ, PLLC**

/s/ Eric Stravitz
Eric N. Stravitz (DC Bar #438093)
1307 New Hampshire Avenue, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 463-0303
Fax: (202) 861-8858

*Attorneys for Defendants Mordechai Orian and Global Horizons, Inc.*

STIPULATION APPROVED AND ORDER ENTERED BY THE COURT, this 24th day of February, 2007.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge