UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERLINER, CORCORAN & ROWE, LLP, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil No. 06-01543 (CKK) ) |
| MORDECHAI ORIAN AND GLOBAL HORIZONS, INC., | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OF POINTS AND AUHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENA DUCES TECUM DATED APRIL 9, 2008**

**I.    INTRODUCTION**

Siff & Lake, LLP, and its partner, Monte B. Lake, respectfully request that the Court enter an Order permitting it to appear for the purpose of presenting this motion to the Court and declaring that it has complied with a subpoena served upon it for records relating to a former client. In the alternative, if the Court would prefer Siff & Lake to follow a different procedure, it asks that it be given until June 6, 2008 to do so.

**II.    STATEMENT OF FACTS**

In 2005-2006, the firm of McGuiness, Norris & Williams ("MNW") represented Global in a debarment proceeding before the United States Department of Labor. Although he did not work on the matter directly, Monte B. Lake, then a partner at McGuiness, was the head of the firm's litigation group. When he withdrew from the partnership of MNW, Mr. Lake formed the partnership of Siff & Lake, LLP. Global is not a client of Siff & Lake.

On or about April 10, 2008, Mr. Lake was served with a subpoena *duces tecum* seeking documents related to MNW's representation of Global in the debarment matter. After obtaining a short enlargement of time in which to respond, potentially responsive documents were gathered. During this time, Global indicated that it wished to assert the attorney-client privilege and any other applicable privilege as to the documents. The documents were then delivered to Global on May 3, 2008 so that it could assert any such privilege in compliance with the Protective Order that accompanied the subpoena sent to Mr. Lake.

### III.    ARGUMENT

Siff & Lake finds itself subject to conflicting obligations arising from the subpoena and from the D.C. Rules of Professional Conduct. It is therefore seeking the guidance of the Court through this motion as to the proper course of conduct in accordance with the Federal Rule of Civil Procedure 26(c).

As attorneys subject to the District of Columbia Rules of Professional Conduct, Siff & Lake has a duty to "hold inviolate" client confidences and secrets. *See* Rule 1.6(a); D.C. Bar Ethics Opinion No. 324. This obligation continues after the termination of representation. *Id.* Although this obligation has exceptions, none apply here. Global, the former client, has not consented to the disclosure and the Protective Order entered in this matter only reaches evidentiary issues. At the same time, Siff & Lake recognizes its obligation to facilitate discovery, consistently with its ethical obligations, in this matter as officers of the Court.

To comply with both sets of duties, Siff & Lake searched for documents potentially responsive to the subpoena and provided them to Global so that it could assert or choose not to assert any evidentiary privilege and, in effect, authorize disclosure of the documents and any possible secrets or confidences that they may contain. Siff & Lake believes that this complies

with the subpoena and asks this Court to enter an order explicitly approving this procedure. In the alternative, should the Court prefer that Siff & Lake follow another procedure, Siff & Lake will comply with the Court's alternative Order.

Dated: May 6, 2008                    Respectfully submitted,

/s/ Monte B. Lake
Monte B. Lake
Wendel V. Hall
Siff & Lake, LLP
1020 Sixteenth Street, N.W., Suite 200
Washington, D.C. 20036
(202) 457-7770 (p)
(202) 457-7776 (fax)
mbl@scllaw.com
wvh@scllaw.com