UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BERLINER, CORCORAN & ROWE, LLP　　:
　　　　　　　　　　　　　　　　　　　　:
　　*Plaintiff-*　　　　　　　　　　　　:
　　*Counterclaim Defendant*,　　　　　:
　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　:　　Case No.: 1:06-CV-01543(CKK)
　　　　　　　　　　　　　　　　　　　　:
MORDECHAI ORIAN, et al.　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　*Defendants -*　　　　　　　　　　　:
　　*Counterclaimants*.　　　　　　　　:

**RESPONSE OF PLAINTIFF TO MOTION FOR PROTECTIVE ORDER
REGARDING SUBPOENA DUCES TECUM DATED APRIL 10, 2008**

Plaintiff, *pro se* and by counsel, hereby responds to the Motion For Protective Order filed by Monte Lake and Siff & Lake, LLP in connection with a Subpoena served on Monte B. Lake dated April 9, 2008. At the outset, the Court should understand that the issue raised by the Motion does not relate to Mr. Lake's willingness or ability to comply with the Subpoena, but with Defendants' desire to control the documents to be produced by Mr. Lake. To explain this situation fully it is necessary to explain why these documents have been requested.

As the Court knows, this case involves a suit for fees by Plaintiff against Defendants Orian and Global in connection with Plaintiff's representation of Defendants in proceedings commenced in the United States Department of Labor, titled, *In the Matter of Global Horizons, Inc., and Mordechai Orian*, Case Nos. 2005-TLC-00006 and 2005-TAE-00001 [hereinafter the "Administrative Proceedings"]. Global and Orian have asserted counterclaims against Plaintiff alleging malpractice in connection with Plaintiff's representation of Global and Orian in the Administrative Proceedings.

Plaintiff was not the first law firm to represent Orian and Global in those proceedings. Initially, Orian and Global were represented by the law firm of McGuiness, Norris & Williams, LLP [MN&W] with two attorneys, Mark Baker and Natalie Brouwer, being primarily involved in that representation. MN&W withdrew from those proceedings and was replaced by Plaintiff. As described more fully below, Plaintiff seeks whatever documents that firm retained in connection with its representation of Global and Orian in the Administrative Proceedings. Investigation revealed that, although MN&W has since disbanded, the files relevant to the Administrative Proceedings remain in the custody of Mr. Lake at his firm, Siff & Lake, LLP.

The Subpoena at issue here is part of a long-running effort by Plaintiff to obtain communications between Defendants and other counsel who represented them in the Administrative Proceedings. Such information is crucial to Plaintiff's defense of Defendants' counterclaims. Mr. Lake's Motion asks for court approval to allow Siff & Lake to produce the documents requested by this Subpoena not to Plaintiff, but to Defendants. Siff & Lake apparently has been contacted by Defendants, their former clients, who have asked that the documents be handled in this matter. As described below, there is no reason why the documents could not have been produced directly to Plaintiff.

The insinuation by Defendants of themselves in the middle of the production of these documents represents yet another imposition by Defendants of a delay in Plaintiff's attempts to obtain discovery in this matter, attempts that began in December 2006 when Plaintiff initially served document requests on each Defendant. Until earlier this year, Defendants objected to producing any documents containing privileged communications between Defendants and their other counsel in connection with the defense of the Administrative Proceedings. At a status

conference on January 11, 2008, Defendants finally agreed to withdraw that objection in the face of the possibility that the Court would order one or both of the Defendants to post a bond to extend the long-running stay in this matter. The parties then entered into a Stipulated Protective Order, filed on February 25, 2008. On March 7, 2008, the parties filed a Joint Discovery Plan, in which Defendants agreed to produce, by April 7, 2008, documents previously withheld from production because of attorney-client privilege or work product doctrine.

Anticipating that Defendants might not produce all of the correspondence with their former attorneys consistent with Plaintiff's long-standing discovery demands, Plaintiff served Subpoenas and notices of document depositions on Defendants' former attorneys in an attempt to obtain all such correspondence. The Subpoenas and notices of document depositions were served on counsel for the Defendants on April 9, 2008, and the Subpoenas themselves were served on April 10, 2008 to, among others, Mr. Lake.[1] On April 10, 2008, Plaintiff also communicated to counsel for Defendants the proposed procedures for handling these document depositions. These proposed procedures stated, in part:

> When the documents are produced, BCR will select the documents it wants copied. BCR will hire a copy service to number the original documents selected by BCR and make a copy of those numbered original documents. BCR will receive the copy and the originals will be returned to you or the subpoenaed party, as agreed between you and the subpoenaed party. You may then review the original numbered documents to determine whether you wish to designate any of them as Confidential under the Stipulated Protective Order.
>
> Your review will not impede our ability to review the numbered, copied documents as we prepare for depositions. Any documents designated by you as confidential will be handled as required by

---

[1] Note that Mr. Lake agreed in advance to accept service of the Subpoena.

the Stipulated Protective Order.

In anticipation of receiving these documents in a timely fashion, Plaintiff subsequently served notices of testimonial depositions on seven (7) witnesses, including a notice of deposition for Mark Baker, one of the attorneys who worked for MN&W in the representation of Defendants in the Administrative Proceedings.  Mr. Baker's deposition was set for May 19, 2008.[2]

The Motion for a Protective Order makes clear that Mr. Lake could have produced the requested documents to Plaintiff by now, had it not been for the interposition of a request by Defendants to review the documents to assert "the attorney-client privilege and any other applicable privilege as to the documents."[3]  Counsel for Plaintiff has requested that counsel for Defendants provide a date certain by which these documents will be produced to Plaintiff.  To date, no assurance has been given as to when, if ever, these documents will be provided.  The Court should also be aware that a similar Subpoena sent to Jackson & Lewis, LLP in Los Angeles, California, which succeeded Plaintiff as counsel to Global and Orian in the Administrative Proceedings, has resulted in the same request by Defendants.  Plaintiff understands that Jackson & Lewis is also shipping its responsive documents to Defendants for their review before they are produced to Plaintiff.

---

[2] Plaintiff agreed to postpone Mr. Baker's deposition, in part, because counsel for Defendants requested a postponement due to scheduling conflicts.  There is no point in rescheduling the deposition, however, until Plaintiff can have an opportunity to review the MN&W documents.  As described below, there is no deadline now for the production of those documents by Defendants.

[3] Initially, Mr. Lake contacted counsel for Plaintiff to requests an extension of time.  Counsel for Plaintiff granted a fifteen day extension on the return date.  This issue is now moot, as Mr. Lake has had sufficient time to gather the documents and produce them to Defendants.

In the meantime, Plaintiff is also waiting for supplementation of interrogatory responses that Defendants have left unanswered since December 2006. On May 2, 2008, a letter was faxed to counsel for Defendants listing eight (8) separate interrogatories that require supplementation now that Defendants had withdrawn their attorney-client privilege objection.

When the parties entered into their Joint Discovery Plan, it was anticipated by Plaintiff that all privileged documents would be produced by April 7, 2008, thereby facilitating the movement forward of discovery as contemplated by the Join Discovery Plan. At this point, there is no way to tell if all such documents have yet been produced. Plaintiff cannot possibly go forward with depositions until it has had an opportunity to receive and review the previously withheld privileged communications. Defendants have no basis for intercepting these documents. Pursuant to the Stipulated Protective Order, Defendants could easily notify Plaintiff of the documents that Defendants contend should be treated as confidential under the Protective Order. There is certainly no basis for allowing Defendants to sift through the documents, before Plaintiff is granted access to them, so that Defendants can determine which documents should be produced and which should be withheld. All documents requested should be produced.

Accordingly, Plaintiff respectfully requests that the Court order Mr. Lake to produce to Plaintiff forthwith all documents that are responsive to the document Subpoena.

\*         \*         \*

Respectfully submitted,

BERLINER, CORCORAN & ROWE, L.L.P.

By: /s/ Thomas E. Wilson
    Thomas E. Wilson #132704
    Jason A. McClurg #491172
    1101 17th Street, N.W., Suite 1100
    Washington, DC 20036-4798
    (202) 293-5555 – (202) 293-9035 (fax)
    twilson@bcr-dc.com
    Plaintiff, *Pro Se*

JORDAN COYNE & SAVITS, L.L.P.

By: /s/ John Tremain May
    John Tremain May #294199
    1100 Connecticut Ave., N.W., Suite 600
    Washington, D.C.  20036
    (202) 496-2805 –  (202) 496-2800 (fax)
    jmay@jocs-law.com
    Attorneys for Berliner, Corcoran & Rowe,
    L.L.P. in defense of the Counterclaim