UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BERLINER, CORCORAN & ROWE, LLP | : | |
| | : | |
| *Plaintiff-* | : | |
| *Counterclaim Defendant*, | : | |
| | : | |
| v. | : | Case No.: 1:06-CV-01543(CKK) |
| | : | |
| MORDECHAI ORIAN, et al. | : | |
| | : | |
| *Defendants -* | : | |
| *Counterclaimants*. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
EX-PARTE MOTION TO STAY DISCOVERY PENDING THE
COURT'S RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT
AND TO EXTEND TIME TO FILE DEFENDANTS' RULE 26(a)(2)(B) STATEMENT**

Plaintiff, Berliner, Corcoran & Rowe, LLP [BCR], *pro se* and by counsel, hereby opposes the Defendants' Motion to Stay Discovery Pending the Court's Ruling on Defendants' Motion for Summary Judgment and to Extend Time to File Defendants' 26(a)(2)(B) Statement. The instant Motion serves as yet another attempt by Defendants to forestall the discovery process in this case, and comes after BCR had assumed the log jam concerning discovery had finally been broken.[1] Instead, Defendants again seek to be protected from the "expense, burden and harassment of extensive discovery." In reality, Defendants seek to be protected from the necessity of paying their bills and proving their counter-claims.

---

[1] The log jam disappeared shortly after the Court suggested that Defendant Orian be required to post a bond while the stay in this matter remained in place. If the Court is inclined to grant the relief sought by Defendants in this Motion, BCR requests that the Court revisit the concept of requiring Defendants to post a bond.

BCR notes that Defendants ask for an expedited hearing of this matter as though this issue has just come up.  The referenced Motion for Summary Judgment (which is the asserted justification for another delay in conducting discovery) was filed on December 31, 2007.  The deadline for naming experts that is the subject of this Motion was agreed to by Defendants in the Joint Discovery Plan filed by all parties on March 7, 2008.  If there truly had been a need to suspend discovery because of the pending Motion, Defendants could have raised that point when the parties prepared the Joint Discovery Plan.  Instead, faced with the prospect with having to go forward with depositions and the need to produce even more documentation, Defendants have interposed yet another excuse for derailing the already painfully slow progress of this case.

Although BCR has noticed a number of depositions in this case, all of these depositions have had to be postponed because of a lack of response to subpoenas previously served.  Defendants have already put Plaintiff in a difficult position in terms of completing discovery within the agreed-upon deadlines.  Plaintiff anticipated conducting substantial discovery in May and June.  Defendants' dilatory tactics have rendered impossible BCR's plans for accomplishing discovery in accordance with the Joint Discovery Plan.  In addition, counsel for BCR on the Counterclaim begins a three to four week trial on July 14, 2008, thus making most of July and the early part of August unavailable for depositions.  In short, Defendants' actions have already created a de facto stay.  BCR therefore requests that, regardless of the ruling on this Motion, the Court schedule a further status conference to address these issues.

Although Defendants request to stay all discovery, they are particularly eager to avoid having to provide their expert witness reports on June 2, 2008, as required by the Joint Discovery Plan.  None of the reasons offered by Defendants justifies this delay.

First, Defendants claim that they should not be required to provide their expert witness information because discovery is not yet concluded. There is no question that discovery is not yet concluded. Indeed, discovery has barely begun as a result of Defendants' serial delays in producing all documentation related to this case. As explained below, that does not mean that Defendants should be exempt from producing the information necessary to prove their case.

Second, Defendants apparently noticed for the first time that the Department of Labor proceedings (the underlying case) have not yet been concluded. The conclusion of the DOL proceedings may affect the issue of causation relating to Defendants' Counterclaim in this case. Indeed, BCR submits that Defendants cannot prove injury until the underlying case has been concluded. Nevertheless, that fact does not prevent Defendants from disclosing the expert testimony that will allegedly support Defendants' claims that BCR breached the standard of care. Without such testimony, Defendants cannot establish a claim for legal malpractice claim and their Counterclaim would have to be dismissed. Having filed a Counterclaim alleging a breach of the standard of care, Defendants purportedly had a good faith basis to believe that they would be able to secure expert testimony to support that allegation. Defendants have had ample time to prepare that expert testimony in the form of the expert report required by Fed. R. Civ. P. 26(a)(2)(B). Keeping in mind that Defendants served their initial Counterclaim on October 6, 2006, it is not too soon to require Defendants to provide that information.

Third, Defendants claim that their outstanding Motion for Summary Judgment may somehow make this case moot. That Motion is directed to Defendant Orian's personal liability. Thus, even if Defendant Orian's argument were successful, Global Horizons would still have to litigate BCR's claim for unpaid legal fees. Defendants' argument that the written retainer

agreement used by BCR is void as a matter of law or public policy is too insubstantial to justify yet again bringing this case to a grinding halt.  BCR opposed that Motion with a detailed recitation of facts demonstrating conclusively that, in fact, Defendant Orian is liable for payment of BCR's invoices and that it is otherwise premature to grant Defendants' Motion for Summary Judgment.  Having prematurely raised this issue, Defendants now use the slimmest of justifications to halt all further discovery, with no resumption in sight.

The Court has previously suggested that, even if there are procedural impediments to conducting all the discovery that may ultimately be required, the parties should make an attempt to conduct that discovery that can be conducted.  There is no question that the parties can conduct discovery on the issue of Defendants' obligation to pay BCR's invoices and Defendants' assertion that BCR committed malpractice in the representation of Defendants.  At the conclusion of that discovery, the need to determine whether there is any causative element to Defendant's counter-claim may indeed be *moot*.

For the foregoing reasons, BCR respectfully requests that Defendants' Motion be DENIED.

    Respectfully submitted,

    BERLINER, CORCORAN & ROWE, L.L.P.

    By:  /s/ Thomas E. Wilson
        Thomas E. Wilson #132704
        Jason A. McClurg #491172
        1101 17th Street, N.W., Suite 1100
        Washington, DC 20036-4798
        (202) 293-5555
        Plaintiff, *Pro Se*

JORDAN COYNE & SAVITS, L.L.P.

By:   /s/ John Tremain May
    John Tremain May #294199
    1100 Connecticut Ave., N.W., Suite 600
    Washington, D.C. 20036
    (202) 496-2805 – (202) 496-2800 (fax)
    jmay@jocs-law.com
    Attorneys for Berliner, Corcoran & Rowe,
    L.L.P. in defense of the Counterclaim