UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BERLINER CORCORAN & ROWE LLP,

    Plaintiff,

    v.

MORDECHAI ORIAN, *et al.*

    Defendants.

Civil Action No. 06-1543 (CKK)

**MEMORANDUM OPINION**
(July 2, 2008)

This case arises out of a dispute over attorneys' fees. Plaintiff Berliner Corcoran & Rowe LLP ("BCR") represented Defendants Global Horizons, Inc. ("Global Horizons") and Mordechai Orian ("Orian") (collectively, "Global") in a matter still pending before the Department of Labor ("DOL"). BCR alleges that Global failed to pay a portion of BCR's attorney's fees in the DOL proceedings, and Global has counterclaimed alleging that BCR committed legal malpractice (among several other claims). Prior to the conclusion of discovery in this case, Global filed a [48] Motion for Summary Judgment, or in the alternative, Summary Adjudication on December 31, 2007, and BCR filed a [52] Cross-Motion for Summary Judgment on January 25, 2008.[1] After a thorough review of the Parties' submissions,[2] including the attachments thereto, applicable case law, statutory authority, and the record of the case as a whole, the Court shall deny the Parties' Motions without prejudice because they involve factual disputes as to which the

---

[1] Although BCR filed its Cross-Motion under seal, the Court has determined that this Memorandum Opinion does not include any facts that require sealing.

[2] Global also filed a Reply on February 9, 2008.

Parties have not yet completed discovery, with two exceptions. First, the Court shall deny with prejudice BCR's claim that Orian is individually liable for BCR's fees, as a matter of law, based on the language of the Parties' Retainer Agreement. Second, the Court shall deny with prejudice Global's claim that the Retainer Agreement violates District of Columbia Rule of Professional Responsibility 1.13, making it unenforceable as a matter of law. Accordingly, the Court shall deny-in-part and deny-without-prejudice-in-part Defendants' [48] Motion for Summary Judgment, or in the alternative, Summary Adjudication, and deny-in-part and deny-without-prejudice-in-part Plaintiff's [52] Cross-Motion for Summary Judgment, for the reasons that follow.

## I. BACKGROUND

The Parties agree on almost none of the material facts underlying their Motions. On November 15, 2005, Orian signed a retainer agreement sent as a letter by BCR to provide legal services in a DOL matter (the "Retainer Agreement" or the "Agreement"). *See* Defs.' Mot., Ex. A (11/14/05 Retainer Agreement).[3] Although the Agreement contemplates BCR's representation of both Global Horizons and Orian as clients, the Agreement does not specify whether Orian is a client in his individual or corporate capacity. Global claims that Orian executed the Agreement on behalf of Global Horizons in his capacity as President and Chief Strategic Officer of Global Horizons, and that he did not sign the agreement in his individual capacity. *See* Defs.' Stmt. of Material Facts ("Defs.' Stmt.") ¶ 1. BCR claims that Orian executed the agreement as an agent of Global Horizons, and on his own behalf as an individual client. *See* Pl.'s Stmt. of Material

---

[3] BCR also attaches a copy of the Agreement to its Motion. *See* Pl.'s Mot., Ex. 4 at 1-2 (11/14/05 Retainer Agreement). For ease of reference, the Court shall cite directly to the Agreement.

Facts ("Pl.'s Stmt.") ¶ 1.

The Parties identify different portions of the Agreement to support their arguments. On the one hand, Global emphasizes that the Retainer Agreement is addressed to Orian as "President & Chief Strategic Officer" of Global Horizons. *See* Agreement at 1. On the other hand, BCR emphasizes that Orian signed the Agreement over a signature block that reads, "President of Global Horizons Inc. and Personally." *Id.* at 2. Other provisions of the Agreement are subject to the Parties' conflicting interpretations. For example, the Agreement expressly relates to the DOL proceedings, naming both Global Horizons and Orian:

> Global Horizons Inc. ("Global") – U.S. Department of Labor ("DOL") Determination and Notice of Prospective Denial of Temporary Alien Agricultural Labor Certification for Three Years of Global and Mordechai Orian (File Number 1280844)

*Id.* Although the Parties do not dispute that Orian was named in the DOL proceedings, they dispute whether he has been named as an individual or as a corporate officer of Global Horizons. *See* Defs.' Mot. at 6; Pl.'s Mot. at 3. Similarly, the Agreement uses the word "you" in various places, and in one instance refers to "your or Global's interests." *See* Agreement at 1-2. Global argues that the word "you" refers to Orian in a corporate capacity, *see* Defs.' Mot. at 7, and BCR argues to the contrary, *see* Pl.'s Mot. at 8.

Finally, both Parties bring to bear certain facts outside the four corners of the Retainer Agreement to support their respective positions. Global argues that BCR never informed Orian that BCR considered him an individual client, *see* Defs.' Stmt. ¶¶ 2-3, 5, and BCR argues that it was "discussed and agreed" that Orian "would be personally liable" for BCR's fees, Pls.' Stmt. ¶¶ 2-3, 5. Global argues that BCR's invoices indicated that BCR performed services for Global

Horizons only, *see* Defs.' Stmt. ¶¶ 6-7, 11, and BCR argues that it performed work on behalf of both Global and Orian, *see* Pl.'s Stmt. ¶¶ 6-7, 11. Global argues that BCR failed to inform Orian that there "may be a potential conflict of interest in BCR's representation if it represented both Mr. Orian personally, and Global Horizons," Defs.' Stmt. ¶ 4, and BCR denies there was ever an actual or potential conflict, *see* Pl.'s Stmt. ¶ 4.

## II.  LEGAL STANDARD

A party is entitled to summary judgment if the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). Under the summary judgment standard, the moving party bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party, in response to the motion, must "go beyond the pleadings and by [his] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted).

Although a court should draw all inferences from the supporting records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To be material, the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a

reasonable trier-of-fact could find for the nonmoving party. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987); *Liberty Lobby*, 477 U.S. at 251 (the court must determine "whether the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law"). "If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted). "Mere allegations or denials in the adverse party's pleadings are insufficient to defeat an otherwise proper motion for summary judgment." *Williams v. Callaghan*, 938 F. Supp. 46, 49 (D.D.C. 1996). The adverse party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, while the movant bears the initial responsibility of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, the burden shifts to the non-movant to "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (citing Fed. R. Civ. P. 56(e)) (emphasis in original).

Summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quoting *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)). Under Federal Rule of Civil Procedure 56(f), a court "may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." *Strang v. United States Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989); *Londrigan v. Fed. Bureau of Investigation*, 670 F.2d 1164, 1175 (D.C. Cir. 1981). "[T]he

purpose of Rule 56(f) is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Dickens v. Whole Foods Market Group, Inc.*, Civ. No. 01-1054, 2003 WL 21486821, at *2 n.5 (D.D.C. Mar. 18, 2003) (citing *Celotex Corp.*, 477 U.S. at 326, 106 S. Ct. 2548). The district court has discretion to determine whether to permit additional discovery before the motion for summary judgment is resolved. *Stella v. Mineta*, 284 F.3d 135, 147 (D.C. Cir. 2002).

### III.  DISCUSSION

Although most of the Parties' claims rely on factual arguments as to which the Parties have not yet completed discovery, two of their claims may be decided as a matter of law: (1) whether Orian may be held individually liable for BCR's attorneys' fees based solely on the language contained in the Parties' Retainer Agreement, and (2) whether the Retainer Agreement is unenforceable pursuant to District of Columbia Rule of Professional Responsibility 1.13. The Court shall consider each claim in turn.

*A.    Individual Liability of Mordechai Orian*

As noted above, Orian signed the Retainer Agreement with a signature block that read "President of Global Horizons Inc. and Personally." *See* Agreement at 2. BCR argues that "the words 'and Personally' are unambiguous and, as a matter of law, bind Mr. Orian to the [Retainer Agreement]." Pl.'s Mot. at 7. The Court disagrees.

Neither Party conducts a choice-of-law analysis as to which jurisdiction's law governs the Retainer Agreement, although Global indicates in a footnote that either California or Washington D.C. is the proper forum. *See* Defs.' Mot. n. 1. In any event, the Parties do not cite any

controlling decisions from these two jurisdictions, or any other decisions that address whether a signature block may be deemed dispositive as BCR is arguing. Based on the Court's review of decisions reaching this issue, the Court finds that a signature block is unquestionably probative of the capacity in which a person is acting when he or she signs an agreement, but it is not dispositive. *See, e.g.*, *Whitmore v. La-Van Hawkins*, No. 99-1443, 2000 U.S. App. LEXIS 14670 at * 4, *9-*10 (4th Cir. June 27, 2000) (Unpublished Table Decision) (finding that the lack of a signature line for one of the defendants was not dispositive because the first paragraph in the contract stated that the defendant was contracting in his individual capacity); *Needham v. Legge*, 70 Va. Cir. 337, 339 (Va. Cir. Ct. 2006) (finding that the parties' failure to include the word "trustee" on the signature line of a deed of trust was not dispositive because the granting clause made it clear that the signatories were acting in their capacities as trustees). An agreement may be considered ambiguous where certain portions of the agreement conflict with, or fail to corroborate, the information contained in the signature block. *See, e.g.*, *Whitemore*, 2000 U.S. App. LEXIS 14670 *10 (finding a contract to be ambiguous where "[t]he parties dispute whether [the court] should give effect to the opening paragraph or the lack of a signature"); *Kellam v. Berkshire-Hudson Capital XI, LLC*, No. 06-178 (E.D. Va. Aug. 18, 2006) (holding that the plaintiffs were "entitled to discovery to determine whether [the defendant] intended to be bound in his personal and/or corporate capacity" where the agreement contained certain personal guarantees by the defendant but where the defendant signed the agreement "only in a corporate capacity with no signature blocks provided for signing in a personally capacity").[4]

---

[4] The Court's citation to the Fourth Circuit's unpublished decision in *Whitemore v. La-Van Hawkins* is based on the persuasiveness of its reasoning and not its precedential authority. *See* D.C. Cir. R. 32.1(b)(2) ("Unpublished dispositions of other courts of appeals . . . may be

In the present case, the Retainer Agreement contains a signature block with the words "and Personally," but the Agreement itself does not contain a provision specifying that BCR represents Orian in his individual capacity – in effect, BCR is arguing that the signature clause *is* the term in the contract creating this relationship. The signature block, however, conflicts with the language referring to Orian as "President & Chief Strategic Officer" of Global Horizons in the Agreement's address. *See* Agreement at 1. The other relevant provisions of the Agreement (i.e., the use of the word "you" or reference to Orian in the DOL proceedings) are subject to differing interpretations that cannot be resolved solely by examining the four corners of the Agreement. Accordingly, the Court finds that the Agreement is ambiguous with respect to whether BCR was retained to provide legal services to Orian in his individual capacity.

The three cases cited by BCR in support of its argument do not compel a different conclusion. BCR cites two cases for the proposition that "officers are not personally liable on contracts entered into by them acting in their official capacity unless the contract shows that the officer clearly intended to assume personal liability." Pl.'s Mot. at 7 (quoting *Dixie Tank & Bridge Co. v. County of Orange*, 264 F.2d 738, 743 n.5 (9th Cir. 1959)); *Walford v. McNeill*, 100 F.2d 112, 115 (D.C. Cir. 1938). Because these two cases fail to reach the instant question of whether the language in a signature block is dispositive of a party's intentions–particularly where conflicting language in the contract exists–these cases are irrelevant for present purposes. The

---

cited when the binding (i.e., the res judicata or law of the case) or preclusive effect of the disposition is relevant. Otherwise, unpublished opinions by other courts of appeals entered before January 1, 2007, may be cited only under the circumstances and for the purposes permitted by the court issuing the disposition . . . ."); Fourth Cir. Local R. 32.1 (allowing citation of unpublished Fourth Circuit dispositions that have "precedential value in relation to a material issue in a case and [] there is no published opinion that would serve as well").

third case cited by BCR, *Ravich, Koster, Tobin, Oleckna, Reitman & Greenstein, P.C. v. Gourvitz,* is inapposite. 671 A.2d 613 (N.J. App. Ct. 1996). In that case, the defendant argued that he was not obligated to pay a referral fee to the plaintiff despite a written agreement between the two parties. *Id.* at 615. The New Jersey Court of Appeals held that the defendant had to honor his obligations under the referral agreement even though the New Jersey Supreme Court announced a decision to the state's bar that would prohibit such referral fees. *Id.* at 616. The court found that the agreement unambiguously required the defendant to pay the referral fees because both parties had relied on the acceptance of such referral fees at the time the agreement was signed. *Id.* The court did not address the questions raised in the present case concerning whether the defendant bound himself personally or in a representative capacity, nor whether an agreement's signature block is dispositive of the capacity in which a person operates.

BCR is on much firmer ground when it argues that "even if the agreement is somewhat ambiguous, then a dispute exists as to Mr. Orian's understanding of the meaning of the term 'personally.'" Pl.'s Mot. at 9. In fact, both Parties make arguments concerning the Parties' intentions and the circumstances surrounding the execution of the Retainer Agreement and BCR's subsequent representation in the DOL proceedings. Because the Parties have not completed discovery with respect to these matters, however, the Court shall not reach these arguments at this stage of the proceedings.[5] Accordingly, the Court shall deny with prejudice BCR's claim that Orian is individually liable under the Retainer Agreement as a matter of law, but shall deny without prejudice the Parties' other claims concerning Orian's individual liability

---

[5] Except for the Retainer Agreement attached to the Parties' Motions, the Court has not relied on any of the Parties' other exhibits to issue its rulings in this Opinion.

under the Agreement. To be clear, the Court is *not* holding that Orian cannot be held individually liable under the Agreement; the Court is only holding that Orian is not liable as a matter of law given the ambiguity of the language in the Retainer Agreement.

      B.      *Enforceability of the Retainer Agreement*

Global argues that the Parties' Retainer Agreement is unenforceable because it violates four sections of the District of Columbia Rules of Professional Conduct ("Rules"): Rule 1.4 (communications between attorney and client), Rule 1.7 (general rules related to conflicts of interest), Rule 1.8 (specific rules related to conflicts of interest), and Rule 1.13 (organization as a client). *See* Defs.' Mot. at 10-14. The Court finds that Global's Motion as it pertains to Rules 1.4, 1.7, and 1.8 requires consideration of factual disputes as to which the Parties have not yet completed discovery. The Court finds that Global's arguments concerning Rule 1.13, however, may be resolved as a matter of law.

Global argues that there is a "presumed potential conflict of interest" under Rule 1.13 when an attorney represents both an organization and an individual employed by the organization because "the attorney representing an organization owes its duty to the corporation, not the employees or officers" of the corporation. Defs.' Mot. at 10. Although Global's argument is cursory and not particularly clear, Global appears to be arguing that the Retainer Agreement is unenforceable because BCR cannot, consistent with Rule 1.13, represent both Global Horizons and Orian in his individual capacity. The Court finds Global's argument devoid of merit because the Rule states precisely the opposite:

> A lawyer representing an organization *may* also represent any of its directors, officers, employees, members, shareholders, or other constituents, subject to the provisions of Rule 1.7 [relating to conflicts of interest].

Rule 1.13(d) (emphasis added). Thus, far from creating a "presumed" conflict of interest, the rule expressly permits representation of both a company and its officers.[6] Accordingly, the Court shall deny with prejudice Global's claim that Rule 1.13 presumes a conflict of interest such that the Parties' Retainer Agreement is unenforceable, but shall deny without prejudice Global's other claims based on Rules 1.4, 1.7, and 1.8.

### IV. CONCLUSION

For the reasons set forth above, the Court shall deny-in-part and deny-without-prejudice-in-part Defendants' [48] Motion for Summary Judgment, or in the alternative, Summary Adjudication, and deny-in-part and deny-without-prejudice-in-part Plaintiff's [52] Cross-Motion for Summary Judgment. An appropriate Order accompanies this Memorandum Opinion.

Date: July 2, 2008

                                                            /s/
                                                 COLLEEN KOLLAR-KOTELLY
                                                 United States District Judge

---

[6] Although Global correctly explains that the other provisions of Rule 1.13 require an attorney to act in the best interests of an organization, those provisions apply in instances where an attorney represents only the organization. In such instances, the lawyer must act in the best interests of the organization, *see* Rule 1.13(b), and must "explain the identity of the client when it is apparent that the organization's interests may be adverse to those of the constituents [i.e., company employees or officers] with whom the lawyer is dealing," Rule 1.13(c).