UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BERLINER CORCORAN & ROWE LLP,

    Plaintiff,

    v.

MORDECHAI ORIAN, *et al.*

    Defendants.

Civil Action No. 06-1543 (CKK)

**ORDER**
(July 2, 2008)

On May 20, 2008, Defendants filed a consolidated [62] Motion to Stay Discovery pending resolution of the Parties' Cross-Motions for Summary Judgment and a Motion for an Extension of Time to file their expert reports.[1]  Plaintiffs filed an Opposition on June 2, 2008. Because the Court resolved the Parties' Cross-Motions for Summary Judgment on July 2, 2008, s*ee* [65] Order and [66] Mem. Op., the Court shall deny-as-moot Defendants' Motion to Stay Discovery.  For the reasons set forth below, the Court shall deny-without-prejudice Defendants' Motion for an Extension of Time to file their expert reports.

Defendants argue that the Court should grant an extension of time to file expert reports for three reasons: (1) the Court's ruling on the Parties' Cross-Motions for Summary Judgment may render the need for experts moot; (2) the Parties have not completed discovery; and (3) the underlying administrative proceedings that gave rise to Defendants' legal malpractice counterclaim have not yet reached a conclusion.  *See* Defs.' Mot. at 2.  Defendants' first reason does not provide a basis for the requested extension because the Court resolved the Parties' Cross-Motions on July 2, 2008.  *See* [65] Order and [66] Mem. Op. (July 1, 2008).  Defendants'

---

[1] The Motion also requested an expedited ruling.

second reason is unpersuasive because the discovery schedule was jointly proposed by the Parties on March 7, 2008, s*ee* [56] Status Report at 1 (Mar. 7, 2008), and adopted by the Court on March 10, 2008, *see* Min. Order dated March 10, 2008.  The schedule expressly provided that Defendants would identify their experts no later than June 1, 2008, and that discovery would close September 1, 2008.  Defendants have not identified any developments or changes that would require modification of the schedule–as to which they expressly agreed–that specifically required their identification of experts prior the close of discovery.

Defendants' third reason is too cursory to form a basis for the requested relief.  Defendants argue that resolution of the underlying administrative proceedings is necessary before their expert may ascertain damages supporting their legal malpractice counterclaim, but Defendants fail to describe their underlying theory of liability and damages.[2]  Defendants similarly fail to explain why their expert could not submit a timely report and supplement it as necessary and appropriate.  In the absence of more specific arguments, the Court cannot find that an extension for submitting expert reports is warranted.

Accordingly, it is, this 2nd day of July, 2008, hereby

**ORDERED** that Defendants' [62] Motion for a Stay is denied-as-moot and Motion for an Extension of Time is denied-without-prejudice.

**SO ORDERED.**

    /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[2] For example, Defendants' Motion appears to suggest that damages are entirely dependent on the outcome of the underlying administrative proceedings (i.e., if the result is favorable for Defendants in those proceedings, there would be no malpractice liability as to Plaintiffs).