UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERLINER CORCORAN & ROWE LLP, <br><br> Plaintiff, <br><br> v. <br><br> MORDECHAI ORIAN, *et al.*, <br><br> Defendants. | Civil Action No. 06-1543 (CKK) |

**MEMORANDUM OPINION**
(October 13, 2009)

On August 17, 2009, the Court issued a Memorandum Opinion resolving this case and allowing the parties to confer and propose placing portions of the opinion under seal pursuant to *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Plaintiffs did not propose any redactions, but Defendants proposed several redactions on the basis of attorney-client privilege. On August 27, 2009, the Court issued an order giving Defendants an opportunity to file a brief supporting their proposed redactions, which they did on September 3, 2009. The Court, having considered Defendants' brief and the applicable legal authorities, concludes that there is a public need for the redacted information and that the attorney-client privilege is either inapplicable to or has been waived with respect to their proposed redactions. Therefore, the Court shall release an unsealed, unredacted version of the Memorandum Opinion on the public docket.

**BACKGROUND**

This case involved a dispute over attorneys' fees.[1] Plaintiff Berliner Corcoran & Rowe

---

[1] A more complete factual and procedural background is provided in the Court's August 17, 2009 Memorandum Opinion.

LLP ("BCR") represented Defendants Global Horizons, Inc. ("Global") and Mordechai Orian ("Orian") as legal counsel in two administrative proceedings before the Department of Labor ("DOL") for which Defendants did not pay a portion of BCR's attorneys' fees. BCR's Complaint asserted three claims for relief: (1) breach of contract; (2) failure to pay accounts stated; and (3) quantum meruit. Defendants filed an Answer with Counterclaims, which was later amended, with seven counterclaims: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) promissory estoppel; (4) fraud and misrepresentation; (5) unjust enrichment; (6) legal malpractice; and (7) breach of fiduciary duty. After extensive discovery and one round of summary judgment briefing, the parties filed a second round of motions for summary judgment.

Defendants moved for summary judgment on all counts of Plaintiff's Complaint. In support of this motion, Defendants filed a brief and several supporting exhibits under seal, including a declaration from Defendant Orian and correspondence between BCR and Defendants regarding fees. *See* Def.'s Mot. for Summ. J. BCR filed a motion for summary judgment under seal with dozens of supporting exhibits, including correspondence between BCR and Defendants regarding BCR's representation and payment for its services. *See* Pl.'s Mot. for Reconsideration & Summ. J. BCR also filed under seal a motion for summary judgment on Defendants' counterclaims. The parties filed oppositions and reply briefs under seal. On August 17, 2009, the Court issued a Memorandum Opinion and Order granting BCR's motions for summary judgment and denying Defendants' motions for summary judgment. The Court's Memorandum Opinion was filed under seal and cited several exhibits that had been filed under seal by the parties. The Court permitted the parties to propose redactions to the unsealed opinion, and only

Defendants proposed redactions, invoking the attorney-client privilege.

**LEGAL ANALYSIS AND DISCUSSION**

When determining whether to unseal court records, courts in this Circuit must begin with a "strong presumption in favor of access to judicial proceedings." *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). In *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), the D.C. Circuit

> identified six factors that might act to overcome this presumption: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents at issue; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard*, 650 F.2d at 317-22). The Court shall address each of these factors in turn.

**1.      The Need for Public Access**

Public access to judicial records is "fundamental to a democratic state" and "serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." *Hubbard*, 650 F.2d at 315 & n.79; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (recognizing a common law right to view court documents). The generalized need for public access reaches its apex when a matter has reached the adjudication stage. *United States ex rel. Schweizer v. Oce, N.V.*, 577 F. Supp. 2d 169, 172 (D.D.C. 2008) (citing *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny.")). "[T]here is a 'need for public access' in those instances where 'the documents at issue [are] . . . specifically referred to in the trial judge's public decision.'" *Nat'l*

*Children's Ctr.*, 98 F.3d at 1409 (quoting *Hubbard*, 650 F.2d at 318). Because the Court specifically relies in its Memorandum Opinion on the evidence that Defendants propose to redact, there is a generalized public need to access that information. Therefore, the Court finds this factor weighs in favor of unsealing.

**2.   Previous Public Access to the Documents At Issue**

The citations that Defendants seek to redact from the Memorandum Opinion were filed under seal, and there is no indication in the record that there has ever been public access to those documents. "Determining whether, when and under what conditions the public has already had access to court records in a given case cannot of course guide decision concerning whether, when and under what conditions the public *should have access* as an original matter." *Hubbard*, 650 F.2d at 318 (emphasis added). Accordingly, there is no previous public access to weigh in favor of unsealing. *Id.* at 318-19.

**3.   Objections to Unsealing**

Defendants are the only parties who object to unsealing the full Memorandum Opinion.[2] Defendants object on the basis of the attorney-client privilege, which they claim will be vitiated by the publication of certain communications between them and Plaintiff, their former counsel. While the fact that a party objects may be a significant factor for the court to consider when deciding whether to unseal a record, *see Hubbard*, 650 F.2d at 319, a party's objection is only

---

[2] Defendants contend that Plaintiff "ha[s] objected to the disclosure of the sealed evidence" because it filed the initial motion to seal. *See* Defs./Counter-Cls.' Br. Re Redaction of Sealed Evid. Cited in Memo. Op. at 4. However, Plaintiff made clear in the last Joint Status Report that it takes no position with respect to Defendants' proposed redactions and that it "does not have an affirmative obligation to redact a document filed by any entity other than Plaintiff BCR, such as this Court." Joint Status Report (Aug. 24, 2009) at 1.

cognizable if the attorney-client privilege actually applies to the contested documents and the privilege has not been waived. *United States ex rel. Schweizer v. Oce, N.V.*, 577 F. Supp. 2d 169, 174 (D.D.C. 2008). Accordingly, the Court must determine whether Defendants' proposed redactions cover materials protected by the attorney-client privilege and, if so, if that privilege has been waived. Because this a diversity case in which state law applies, state law will also determine the scope of the privilege and its waiver. *See* Fed. R. Evid. 501. This Court has already determined that District of Columbia law applies to this case. *See* Aug. 17, 2009 Mem. Op. at 15-16.[3]

The party asserting the privilege has the burden of proving that it applies. *Jones v. United States*, 828 A.2d 169, 175 (D.C. 2003). The attorney-client privilege applies only in the following circumstances:

> (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Id.* (*quoting* 8 WIGMORE, EVIDENCE § 2290 (McNaughton rev. 1961)). The purpose of the privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Wender v. United Servs. Auto. Ass'n*, 434 A.2d 1372, 1373 (D.C. 1981). "But the privilege should be narrowly construed to protect only the purposes which it serves." *Adams v. Franklin*,

---

[3] Defendants argue that California privilege law applies. *See* Defs./Counter-Cls.' Br. Re Redaction of Sealed Evid. Cited in Memo. Op. at 5. However, under the law of the case doctrine, the Court's prior decision regarding choice of law is binding here. *See LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) ("[T]he *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*.")

924 A.2d 993 (D.C. 2007) (citing *Wender*, 434 A.2d at 1374).

Many of the statements Defendants propose to redact are communications between BCR and Defendants regarding Defendants' promises to pay outstanding legal bills. *See* Aug. 17, 2009 Memo. Op. at 8-10, 31. Although District of Columbia courts do not appear to have addressed this issue, the weight of authority holds that communications relating solely to the payment of attorneys' fees are not covered by the attorney-client privilege unless they reveal confidences about the nature of legal services rendered. *See Montgomery County v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) (holding that attorney fee agreement letter is not privileged); *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999) ("Typically, the attorney-client privilege does not extend to billing records and expense reports."); *Lefcourt v. United States*, 125 F.3d 79, 86 (2d Cir. 1997) ("As a general rule, a client's identity and fee information are not privileged."); *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (holding that billing correspondence is not protected unless it "also reveal[s] the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law"). To the extent that the statements at issue pertain solely to the timing of payments and promises to pay and do not implicate the nature of services provided or other confidential information, they are not subject to the attorney-client privilege.

The remaining statements Defendants propose to redact relate to the substance of Plaintiff's representation of Defendants and are presumably subject to the attorney-client privilege. However, clients are deemed to waive the privilege when they place privileged information at issue through some affirmative act for their own benefit. *Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 151 (D.C. Cir. 1997) ("Under the common-law doctrine of

implied waiver, the attorney-client privilege is waived when the client places otherwise privileged matters in controversy.") (applying D.C. law); *Wender*, 434 A.2d at 1374 (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)); *see also* 1 MCCORMICK ON EVIDENCE § 91.1 (Kenneth S. Broun ed., 6th ed. 2006) ("The weight of authority seems to support the view that when client and attorney become embroiled in a controversy between themselves, as in an action by the attorney for compensation or by the client for damages for the attorney's negligence, the seal is removed from the attorney's lips."). Defendants put the issue of Plaintiff's representation before this Court when they filed their counterclaims for breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, fraud and misrepresentation, unjust enrichment, legal malpractice, and breach of fiduciary duty. *See* Def.'s Am. Countercls. The statements which Defendants seek to redact are directly related to these claims. Therefore, Defendants have waived the attorney-client privilege with respect to these communications.

Because the attorney-client privilege either does not apply or has been waived with respect to the communications that Defendants object to unsealing, their objections do not weigh against unsealing the Memorandum Opinion in full.

**4.    Strength of Property and Privacy Interests Asserted**

Defendants do not assert any property or privacy interests in the proposed redactions beyond their attorney-client privilege assertions. Accordingly, this factor does not weigh in favor or against unsealing the record. *See Oce*, 577 F. Supp. 2d at 176.

**5.    Possibility of Prejudice**

The possibility that disclosure of the sealed information may prejudice a party is a factor that may weigh against unsealing the record. *Hubbard*, 650 F.2d at 320-21. Here, however, the

possibility of prejudice is minimal.  The statements that Defendants propose to redact do not reveal any substantive information that is not already discernable from the other, public portions of the Memorandum Opinion.  Although Defendants might be embarrassed by the public disclosure of formerly confidential communications, they have not identified any legal prejudice they would suffer if the redactions are not made.  *Compare Hubbard*, 650 F.2d at 320-21 (citing possibility of prejudice that a sensational disclosure might have on defendants who have yet to be put on trial).  Therefore, this factor does not weigh in favor of or against unsealing.

**6.     Purposes for Sealed Materials' Introduction**

The parties filed exhibits under seal for the purpose of proving their cases to the Court at the summary judgment stage.  As such, the parties explicitly intended the Court to rely on these materials in adjudicating their dispute.  The Court's citation to these records is therefore consistent with the purpose for which they were introduced.  This factor thus weighs in favor of unsealing the Memorandum Opinion.

## CONCLUSION

Having weighed the six *Hubbard* factors, the Court concludes that two factors strongly favor unsealing, while no factors counsel against.  Thus, in accordance with the "strong presumption in favor of public access to judicial proceedings," *Johnson*, 951 F.2d at 1277, the Court shall order that its August 17, 2009 Memorandum Opinion be released on the public docket in unsealed, unredacted form.  An appropriate order accompanies this Memorandum Opinion.

  /s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge